UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## 05 - 11803 MLW

|  |  |
|---|---|
| ) |  |
| SHENIA DANCY-STEWART as Administratrix ) | Civil Action |
| of the Estate of EVELINE BARROS-CEPEDA, ) | Docket No. |
| MARIA DaROSA and LUIS CARVALHO ) |  |
| Plaintiffs ) | MAGISTRATE JUDGE Dein |
| ) |  |
| v. ) |  |
| ) | **COMPLAINT AND** |
| THOMAS TAYLOR, Jr., and the ) | **JURY TRIAL DEMAND** |
| CITY OF BOSTON ) | RECEIPT # |
| Defendants ) | AMOUNT $ 250 |
| ) | SUMMONS ISSUED Yes |
| ) | LOCAL RULE 4.1 |
|  | WAIVER FORM |
|  | MCF ISSUED |
|  | BY DPTY. CLK. Tom |
|  | DATE 9/1/05 |

### INTRODUCTION

1.      This is an action for monetary damages brought pursuant to 42 U.S.C. §§1983 and

1988 and the Fourth Amendment to the United States Constitution against Thomas Taylor, Jr.,

(hereinafter, "Officer Taylor"), a police officer of the City of Boston, in his individual capacity

and against the City of Boston. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 and on

the pendent jurisdiction of this Court to entertain claims arising under state law.

2..      It is alleged that Officer Taylor shot and killed Eveline Barros-Cepeda without legal

cause or excuse and made an unreasonable seizure of her person and the person of Luis Carvalho

and Maria DaRosa, violating their rights under the Fourth Amendments to the United States

Constitution and Article XIV of the Massachusetts Declaration of Rights. It is further alleged

that these violations were committed as a result of policies and customs of the City of Boston.

### PARTIES

3.      Eveline Barros-Cepeda, (hereinafter, Ms. Barros-Cepeda) was a black Cape Verdian

who, at all times material to this complaint, lived in Dorchester, Massachusetts with her mother, Domingas DePina.. Ms. Barros-Cepeda was only twenty-five years old when she was shot and killed by Defendant Officer Taylor. She left behind her husband, Carlos Cepeda and her two year old son, Nazee Barros-Cepeda. Domingas DePina, her mother, sought to be and was subsequently appointed legal guardian of Nazee Barros-Cepeda. She has been caring for him since he lost his mother.

4.      Plaintiff, Shenia Dancy-Stewart, (hereinafter, "Ms. Dancy-Stewart") is the Administratrix of the Estate of Ms. Barros-Cepeda by appointment of the Suffolk Probate & Family Court.

5.      Plaintiff, Maria DaRosa (hereinafter, "Ms. DaRosa") is a black, Cape Verdian and, at all times material to this complaint, a resident of Dorchester, Massachusetts.

6       Plaintiff, Luis Carvalho (hereinafter, "Mr. Carvalho") is a black, Cape Verdian, and, at all times material to this complaint, a resident of Dorchester, Massachusetts.

7       Defendant, Thomas Taylor, Jr., (hereinafter, "Officer Taylor") is and was, at all times material to this complaint, a duly appointed and acting police officer of the police department of the City of Boston, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston..

8       Defendant, City of Boston, is a municipal corporation, duly organized under the laws of the Commonwealth of Massachusetts and located in Suffolk County. The City of Boston is the public employer of Defendant Officer Taylor.

## FACTUAL ALLEGATIONS

9       On September 8, 2002, at around 12:30 A.M., Ms. Barros-Cepeda, Ms. DaRosa and Mr. Carvalho were passengers in the rear seat of a motor vehicle being operated on Dunkel Street

2

towards Fayston Street in Dorchester, Massachusetts.

10.    At that same time, Officer Taylor was on foot at the intersection of Dunkel and Fayston Street.

11.    When the motor vehicle turned onto Fayston Street, Defendant Officer Taylor temporarily lost sight of a fellow police officer who had been standing across the street from him. Without first doing anything to verify that the other police officer had been or was being injured by the motor vehicle, Defendant Officer Taylor drew his service revolver and shot at least three bullets in the general direction of the vehicle and its operator.

12.    Defendant Officer Taylor's firing at the operator and the motor vehicle under the circumstances violated the then-existing policies of the City of Boston police department on the use of deadly force.

13.    There was no threat to Defendant Officer Taylor's life or safety from either the vehicle or its occupants.

14.    Defendant Officer Taylor had no knowledge of and did not observe anything that would lead him to believe that anyone the vehicle was armed or dangerous.

15.    Defendant Officer Taylor had no prior knowledge and did not observe anything that would lead him to believe that anyone in the vehicle had been or was presently involved in any criminal wrongdoing.

16.    Defendant Officer Taylor knew or should have known that he had little or no likelihood of hitting the driver or otherwise bringing the vehicle to a stop by shooting at it and a strong likelihood of causing injury or death to its passengers, bystanders and building residents.

17.    One bullet passed through both the vehicle and Ms. Barros-Cepeda's body but did not immediately kill her. She was subsequently pronounced dead at the hospital. A copy of the

3

death certificate is annexed hereto as "Exhibit A".

18..    While Defendant Officer Taylor's bullets were striking and passing through the motor vehicle, Mr. Carvalho and Ms. DaRosa opened the rear passenger doors and jumped out while it was moving rather than risk being killed or seriously injured by gunfire.

19.    As a direct and proximate result of the acts of Defendant Officer Taylor, Ms. Barros-Cepeda suffered the following injuries and damages:

a) Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure of her person;

b) Loss of her life;

c) Physical pain and suffering and emotional trauma and suffering.

d) Funeral expenses.

18.    As a direct and proximate result of the said acts of Defendant Officer Taylor, Mr. Carvalho and Ms.DaRosa suffered the following injuries and damages:

a) Violation of their constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure of their person;

b) Physical pain and suffering and emotional trauma and suffering requiring the expenditure of money for treatment.

19.    Nazee Barros-Cepeda has suffered the untimely end of his relationship with his mother, with the corresponding loss of her love, care, affection, nurturing, companionship guidance, advice, assistance and financial and emotional support.

20.    Carlos Cepeda has suffered the untimely end of his relationship with his spouse, with the corresponding loss of her services, affection, assistance, society, companionship, comfort, advice and guidance.

4

21.    The actions of Defendant Officer Taylor violated the following clearly established and well settled federal constitutional rights of Ms. Barros-Cepeda; Mr. Carvalho and Ms. DaRosa:

a)  Freedom from the unreasonable seizure of their person.

### COUNT I  42 U.S.C. §1983 - WRONGFUL DEATH – Officer Taylor

22    Paragraphs 1–21 are incorporated herein by reference as though fully set forth.

23.    Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and for funeral expenses under 42 U.S.C. §1983.

### COUNT II  42 U.S.C. §1983 - SURVIVAL ACTION – Officer Taylor

24.    Paragraphs 1–13 are incorporated herein by reference as though fully set forth.

25.    Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

26.    Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

27.    Plaintiff, Ms. Dancy-Stewart, claims damages against Officer Taylor for the conscious pain and suffering and necessary medical expenses incurred by Eveline Barros-Cepeda, under 42 U.S.C. §1983.

### COUNT III  42 U.S.C. §1983 – UNREASONABLE SEIZURE – Officer Taylor

28.    Paragraphs 1–27 are incorporated herein by reference as though fully set forth.

29.    Plaintiffs Mr. Carvalho and Ms. DaRosa claim damages against defendant Officer Taylor for their physical pain and emotional trauma and for expenses they incurred for medical

5

treatment they received as a result thereof.

## COUNT IV   42 U.S.C. §1983 – MUNICIPAL LIABILITY – City of Boston

30.     Paragraphs 1–29 are incorporated herein by reference as though fully set forth.

31.     Prior to September 8, 2002, the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston, which caused the violation of Barros-Cepeda's Carvalho's and DaRosa's rights.

32.     It was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them.

33.     It was the policy and/or custom of the City of Boston to inadequately supervise and train its police officers, including the Defendant Taylor, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

34.     As a result of the policies and customs, police officers of the City of Boston, including the Defendant Taylor, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35.     A Suffolk County Grand Jury returned no indictment against Defendant Officer Taylor for the unjustified, unlawful killing of Ms. Barros-Cepeda and he was neither disciplined nor ordered to receive additional training in the discharge of firearms. In fact, in a press conference following the Grand Jury investigation, Suffolk County District Attorney Daniel Conley blamed

6

the "unfortunate" death of Ms. Barros-Cepeda on the operator of the motor vehicle. Shortly

thereafter, however, Boston Police Commissioner Paul Evans announced a change in the policy

of the Boston Police Department regarding the discharge of firearms at moving vehicles.

36.      The aforementioned policies and customs demonstrated a deliberate indifference on the

part of policymakers of the City of Boston to the constitutional rights of persons within the City,

and were the cause of the violations of Ms.Barros-Cepeda, Mr. Carvalho and Ms.DaRosa alleged

herein.

**CONT V – VIOLATION OF M.G.L. c.12, §11I  - WRONGFUL DEATH – Officer Taylor**

37.      Paragraphs 1 - 36 are incorporated herein by reference as though fully set forth.

38.      Defendant Officer Taylor interfered or attempted to interfere by threats, intimidation or

coercion with Ms. Barros-Cepeda's exercise and enjoyment of rights secured under the

Constitution and laws of both the Commonwealth of Massachusetts and United States.

39.      Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the

Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services,

protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and

for funeral expenses under M.G.L. c. 12 §11I.

**CONT VI – VIOLATION OF M.G.L. c.12, §11I – SURVIVAL ACTION – Officer Taylor**

40.      Paragraphs 1–39 are incorporated herein by reference as though fully set forth.

41.      .Defendant Officer Taylor interfered or attempted to interfere by threats, intimidation or

coercion with Ms. Barros-Cepeda's exercise and enjoyment of rights secured under the

Constitution and laws of both the Commonwealth of Massachusetts and United States.

42.      Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur

expenses for the medical treatment she received prior to her death.

43.     Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the

Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

44.     Plaintiff, Ms. Dancy-Stewart, claims damages for the conscious pain and suffering and

necessary medical expenses incurred by Ms. Barros-Cepeda under M.G.L c. 12, §11I.

## COUNT VII   VIOLATION OF M.G.L. c.12, §11I – Officer Taylor

45.     Paragraphs 1–44 are incorporated herein by reference as though fully set forth.

46.     .Defendant Officer Taylor interfered or attempted to interfere by threats, intimidation or

coercion with the exercise and enjoyment of rights secured under the Constitution and laws of

both the Commonwealth of Massachusetts and United States to Ms. DaRosa and Mr. Carvalho.

47.     Plaintiffs, Mr. Carvalho and Ms. DaRosa claim damages against defendant Officer

Taylor for their physical pain and emotional trauma and for expenses they incurred for medical

treatment they received as a result thereof under M.G.L c. 12, §11I.

## COUNT VIII – VIOLATION OF M.G.L. c.229 – WRONGFUL DEATH – Officer Taylor

48.     Paragraphs 1–47 are incorporated herein by reference as though fully set forth.

49.     Defendant Officer Taylor's shooting at the moving vehicle was deliberate, wanton and

reckless and in total disregard for the lives and safety of any of the passengers.

50.     As a direct and proximate result thereof, Ms. Barros-Cepeda suffered the loss of her life.

51.     Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the

Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services,

protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and

for funeral expenses.

8

**COUNT IX – VIOLATION OF M.G.L. c.229 – WRONGFUL DEATH – City of Boston**

52.    Paragraphs 1–51 are incorporated herein by reference as though fully set forth.

53.    Defendant Officer Taylor's shooting at the moving vehicle was negligent.

54.    As a direct and proximate result thereof, Ms. Barros-Cepeda, suffered the loss of her life.

55.    At the time of the shooting, defendant Officer Taylor was an employee of the City of Boston police department and was acting during the course and within the scope of his employment.

56.    Plaintiff, Ms. Dancy-Stewart, claims damages against defendant City of Boston for the Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and for funeral expenses.

57.    Ms. Dancy-Stewart served notice of the claim of the Estate of Ms. Barros-Cepeda on the defendant City of Boston by certified mail on or around September 1, 2002, pursuant to M.G.L. c.258. A copy of this letter is annexed hereto as "Exhibit B".

58.    More than six months have passed since the notice of claim was served on the Defendant City of Boston.

**COUNT X – VIOLATION OF M.G.L. c.229 – WRONGFUL DEATH – City of Boston**

59.    Paragraphs 1–58 are incorporated herein by reference as though fully set forth.

60.    Prior to September 8, 2002, the City of Boston inadequately and improperly investigated citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them.

9

61.    Prior to September 8, 2002, the City of Boston inadequately supervised and trained its police officers, including the Defendant Officer Taylor, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

62.    As a direct and proximate result thereof, police officers of the City of Boston, including the Defendant Officer Taylor, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

63.    Plaintiff, Ms. Dancy-Stewart, claims damages against defendant City of Boston for the Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and for funeral expenses.

64.    Ms. Dancy-Stewart served notice of the claim of the Estate of Ms. Barros-Cepeda on the defendant City of Boston by certified mail on or around September 1, 2002, pursuant to M.G.L. c.258. A copy of this letter is annexed hereto as "Exhibit B".

65.    More than six months have passed since the notice of claim was served on the Defendant City of Boston.

## COUNT XI  SURVIVAL ACTION – City of Boston

66.    Paragraphs 1–65 are incorporated herein by reference as though fully set forth.

.67.    Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

68    Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the

10

Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

69.    Plaintiff, Ms. Dancy-Stewart, claims damages against the defendant City of Boston for the conscious pain and suffering and necessary medical expenses incurred by Ms. Barros-Cepeda.

### COUNT XII    SURVIVAL ACTION – Officer Taylor

70.    Paragraphs 1–69 are incorporated herein by reference as though fully set forth.

.71.    Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

72.    Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

73.    Plaintiff, Ms. Dancy-Stewart, claims damages against the defendant Officer Taylor for the conscious pain and suffering and necessary medical expenses incurred by Ms. Barros-Cepeda.

### COUNT XIII – GROSS NEGLIGENCE - Officer Taylor

74.    Paragraphs 1–73 are incorporated herein by reference as though fully set forth.

75.    Defendant Officer Taylor's conduct was deliberate, willful, wanton and reckless and was the direct and proximate cause of the injuries suffered by plaintiffs Mr. Carvalho and Ms. DaRosa.

76    Plaintiffs, Mr. Carvalho and Ms. DaRosa claim damages against defendant Officer Taylor for their physical pain and emotional trauma and for expenses they incurred for medical treatment they received as a result thereof.

### COUNT XIV – GROSS NEGLIGENCE – City of Boston

11

77. Paragraphs 1–76 are incorporated herein by reference as though fully set forth.

78. Defendant Officer Taylor's conduct was negligent and was the proximate cause of the injuries suffered by plaintiffs Mr. Carvalho and Ms. DaRosa.

79. At the time of the shooting, defendant Officer Taylor was an employee of the City of Boston police department and was acting during the course and within the scope of his employment.

80, Plaintiffs, Mr. Carvalho and Ms. DaRosa claim damages against defendant City of Boston for their physical pain and emotional trauma and for expenses they incurred for medical treatment they received as a result thereof.

## COUNT XV – NEGLIGENCE – City of Boston

81. Paragraphs 1–80 are incorporated herein by reference as though fully set forth.

82 Prior to September 8, 2002, the City of Boston inadequately and improperly investigated citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them.

83. Prior to September 8, 2002, the City of Boston inadequately supervise and trained its police officers, including the Defendant Officer Taylor, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

84 As a direct and proximate result, police officers of the City of Boston, including the Defendant Officer Taylor, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be

12

tolerated.

85,     Plaintiffs, Mr. Carvalho and Ms. DaRosa claim damages against Defendant City of

Boston for their physical pain and emotional trauma and for expenses they incurred for medical

treatment they received as a result thereof.

### COUNT XVI – INFLICTION OF EMOTIONAL DISTRESS – Officer Taylor

86.     Paragraphs 1–85 are incorporated herein by reference as though fully set forth.

87.     Defendant Officer Taylor's conduct was negligent and/or extreme, outrageous and

intolerable in a civilized society.

88.     As a direct and proximate result thereof, plaintiffs, Mr. Carvalho and Ms. DaRosa

suffered severe emotional distress and mental anguish and were otherwise greatly damaged.

### PRAYER FOR RELIEF

The Plaintiffs pray that this Honorable Court:

a)     Enter judgment in their favor on each and every count of this Complaint, and,

b)     Award them compensatory damages, and;

c)     Award punitive damages against defendant Officer Taylor: and;

d)     Award them the costs of this action, including reasonable attorney fees pursuant to 42

U.S.C. §1988 and M.G.L. c. 12, §111, and,

e)     Award costs and interest, and;

f)     Award such other and further relief as this Court may deem appropriate.

### THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

13

Respectfully submitted,
For the Plaintiff Shenia Dancy-Stewart, Adminstratratrix

Andrew Stockwell-Alpert
11 Beacon Street – Suite 1210
Boston, MA 02108
(617) 720-4244
B.B.O. #481190

Adelio DeMiranda
DeMiranda & Pires, L.L.C.
1212 Hancock Street
Quincy, MA 02169
(617) 479-8222
B.B.O. #120210

William Keefe
390 Centre Street
Jamaica Plain, MA 02130
(617) 983-9200
B.B.O. #556817

Rudolph F. Miller
One McKinley Square
Boston, MA 02109
(617) 723-9500
B.B.O. #

James E. McCall
4 Longfellow Place – Suite 3703
Boston, MA 02114
(617) 720-2900
B.B.O. #327365

For the Plaintiffs,
Luis Carvalho and Maria DaRosa

Manuel R. Pires
DeMiranda & Pires, L.L.C.
1212 Hancock Street
Quincy, MA 02169
(617) 479-8222
B.B.O. #563967

14

REGISTRY DIVISION OF THE CITY OF BOSTON

COUNTY OF SUFFOLK (COMMONWEALTH OF MASSACHUSETTS, UNITED STATES OF AMERICA)

Certificate R N° 73350

*I, the undersigned, hereby certify that I hold the office of ...........*
*City Register of the City of Boston and I certify the following facts appear on the*
*records of Births, Marriages and Deaths kept in said City as required by law.*

005475

The Commonwealth of Massachusetts
REGISTRY OF VITAL RECORDS AND STATISTICS
CERTIFICATE OF DEATH

EVERLINE    BARROS    CEPEDA    SEPTEMBER 8, 2002

BOSTON    SUFFOLK    BOSTON MEDICAL CENTER

25    F    BLACK    CEPEDA

MARCH 22, 1971, PRAIA, CAPE VERDE

DOMINGOS DEFINA    CARLOS

75 WAYLAND STREET BOSTON SUFFOLK MASSACHUSETTS    CAPE VERDE

MARIA DEFINA    HOMEMAKER

75 WAYLAND STREET BOSTON MA 02124    DOMINGOS DEFINA    MOTHER

FLOYD A WILLIAMS III    490 COLUMBIA RD BOSTON MA 02125

FAIRVIEW CEMETERY    BOSTON MASSACHUSETTS

SEPT 14, 2002    FLOYD A WILLIAMS FH    5649

SHOT BY PERSON(S)

GUNSHOT WOUND TO CHEST

SEPTEMBER 8, 2002    ADOPT 1:28AM

QUINCY STREET AND DACIA STREET
BOSTON, MA

FRANK EVANGELISTA, M.D., 720 ALBANY STREET, BOSTON, MA 02118

SEP 11 2002

REGISTERED BY CONSTANCE BOSTON
209549

WITNESS my hand and the SEAL of the CITY REGISTRAR

on this................Day of ....... A.D.

City Registrar

Re: Chapter 314 of the Acts of 1892, "the certificates or attestations

East Boston.............
South Boston............
Roxbury...................
Dorchester...............

ANNEXED
1637
1804
1868
1870

I further hereby certify that by annexation, the Records of the following named cities and towns are in the custody of the City Registrar of Boston:—



# Shenia Dancy-Stewart & Associates, P.C.
## Attorneys At Law

925 Washington Street
Suite 6
Dorchester, MA 02124
Tel: (617) 288-5454
Fax:(617) 287-2819

Ten Malcolm X Boulevard
Second Level
Boston, MA 02119
Tel: (617) 516-3002
Fax:(617) 287-2819

September 1, 2004

7003 1680 0001 8766 9048

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
*ARTICLE NO. 7003 1680 0001 8766 9048*
Mayor Thomas M. Menino
City of Boston
One City Hall Square
Boston, MA 02201

Re:   *M.G.L.c. 258 Notice of Claim*
      *Estate of Evelyn Barros-Cepeda*

Dear Mayor Menino:

This office has been appointed Temporary Administrator of the Estate of Evelyn Barros-Cepeda.
You are herby notified, pursuant to the provisions of M.G.L.c. 258, §2, of a claim arising out of
the following incident.

On September 8, 2002, a police officer employed with the City of Boston Police Department
fired shots into a motor vehicle that was traveling in Dorchester. A totally innocent passenger,
Evelyn Barros-Cepeda, who was seated in the rear of the vehicle was killed as a result of that
shooting. She is survived by her husband, Carlos Cepeda, and her minor child, Nazee Barros-
Cepeda, the sole heirs of her estate.

The police office who fired the shots was grossly negligent in doing so and the City of Boston
was separately negligent in its training and supervision of their police officers with regard to the
discharge of weapons. The wrongful death of Ms. Barros-Cepeda was the direct and proximate
result of that negligence of the police officer and the City of Boston.

Mayor Thomas M. Menino
September 1, 2004
Page 2

Be advised that the Estate of Ms. Barros-Cepeda intends to pursue further legal action unless a
satisfactory settlement is reached. Feel free to contact this office in this regard at your first
convenience.

Sincerely yours,

Shenia M. Dancy-Stewart, Esq.

SMDS:kd



**Shenia Dancy-Stewart & Associates, P.C.**
**Attorneys At Law**
925 Washington Street
Suite 6
Dorchester, MA 02124

7003 1680 0001 8766 9048

Mayor Thomas M. Menino
City of Boston
One City Hall Square
Boston, MA 02201

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee |
| | B. Received by ( Printed Name ) C. Date of Delivery |
| 1. Article Addressed to:<br><br>Mayor Thomas Menino<br>City of Boston<br>One City Hall Square<br>Boston, MA  02201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 1680 0001 8766 9048 |

PS Form 3811, February 2004          Domestic Return Receipt

**ANDREW STOCKWELL-ALPERT**

ATTORNEY AT LAW

109 STATE STREET

BOSTON, MASSACHUSETTS 02109

(617) 720-4244

September 1, 2004

The Honorable Thomas M. Menino
Mayor of the City of Boston
City Hall
Fifth Floor
Boston, MA 02108

RE;    M.G.L. c. 258 NOTICE OF CLAIM
       CERTIFIED MAIL – RETURN RECEIPT No. 70031010000464933258

Dear Mayor Menino,

This office and the office of DeMiranda & Pires, L.L.C. represent Maria DaRosa. You are hereby
notified, pursuant to the provisions of M.G.L. c. 258, s.2 of a claim arising out of the following
incident.

On September 8, 2002, a police officer employed with the City of Boston Police Department
fired shots into a motor vehicle that was traveling in Dorchester. One passenger, Evelyn Barros-
Cepeda, was killed as a result of that shooting. In fear for her life and safety, Maria DaRosa,
who was seated in the back, fled from the vehicle while it was still in motion. As a result, she
suffered serious bodily injury and mental anguish. The police officer who fired the shots was
grossly negligent in doing so and the City of Boston was separately negligent in its training and
supervision of their police officers with regard to the discharge of weapons. The injuries suffered
by Ms. DaRosa were the direct and proximate result of that negligence of the police officer and
the City of Boston.

Be advised that Ms. DaRosa intends to pursue further legal action unless a satisfactory settlement
is reached Feel free to contact this office in this regard at your first convenience.

Very truly yours,

Andrew Stockwell-Alpert

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas M. Menino
Mayor of the City of Boston
City Hall - Fifth Floor
Boston, MA. 02108

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )    Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

CITY CLERK
RECEIVED OFFICE
2004 SEP ... PH 2:4...
... MA

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7003 1010 0004 6493 3258

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540



Entered By: RosemarT                                    Correspondence #: 24227

# Correspondence

Subject   Claims Vs City (City Clerk)                Date Received:    9/3/2004

Name:  MARIA DAROSA                                   Constituent?  Yes
   TITLE

Affiliation  ANDREW STOCKWELL-ALPERT

Address:  109 STATE ST
          BOSTON, MA  02109

   TONE  Complaint

Routed To:  ROSARIA SALERNO

Reply:                          Reply Date:

Comment  ATTY ANDREW STOCKWELL-ALPERT


How Received: Correspondence

**ANDREW STOCKWELL-ALPERT**

ATTORNEY AT LAW

109 STATE STREET

BOSTON, MASSACHUSETTS 02109

(617) 720-4244

September 1, 2004

The Honorable Thomas M. Menino
Mayor of the City of Boston
City Hall
Fifth Floor
Boston, MA 02108

RE;    M.G.L. c. 258 NOTICE OF CLAIM
       CERTIFIED MAIL – RETURN RECEIPT No. 70031010000464933241

Dear Mayor Menino,

This office and the office of DeMiranda & Pires, L.L.C. represent Luis Carvalho. You are hereby notified, pursuant to the provisions of M.G.L. c. 258, s.2 of a claim arising out of the following incident.

On September 8, 2002, a police officer employed with the City of Boston Police Department fired shots into a motor vehicle that was traveling in Dorchester. One passenger, Evelyn Barros-Cepeda, was killed as a result of that shooting. In fear for his life and safety, Luis Carvalho, who was seated in the back, fled from the vehicle while it was still in motion. As a result, he suffered serious bodily injury and mental anguish. The police officer who fired the shots was grossly negligent in doing so and the City of Boston was separately negligent in its training and supervision of their police officers with regard to the discharge of weapons. The injuries suffered by Mr. Carvalho were the direct and proximate result of that negligence of the police officer and the City of Boston.

Be advised that Mr. Carvahho intends to pursue further legal action unless a satisfactory settlement is reached  Feel free to contact this office in this regard at your first convenience.

Very truly yours,

Andrew Stockwell-Alpert

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas M. Menino
Mayor of the City of Boston
City Hall - Fifth Floor
Boston, MA. 02108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1010 0004 6493 3241

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540




Entered By: Rosemari

Correspondence #: 24228

# Correspondence

**Subject**  Claims Vs City (City Clerk)

**Date Received:**    9/3/2004

**Name:**  LUIS CARVALHO

**Constituent?**  Yes

   **TITLE**

**Affiliation**  ANDREW STOCKWELL-ALPERT

**Address:**  109 STATE ST
        BOSTON, MA 02109

   **TONE**  Complaint

**Routed To:**   ROSARIA SALERNO

**Reply:**                              **Reply Date:**

**Comment**  ATTY ANDREW STOCKWELL-ALPERT

**How Received: Correspondence**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) _Sheria Dancy - Stewart as Administratrix_
_of The estate of Eveline Barros-Cepeda V. Thomas Taylor_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ____    I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓    II.      195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                      740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ____    III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                      315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                      380, 385, 450, 891.

   ____    IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                      690, 810, 861-865, 870, 871, 875, 900.

   ____    V.      150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
      _no related cases_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                        YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                        YES ☐     NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                        YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                        YES ☐     NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                        YES ☒     NO ☐

       A.     If yes, in which division do all of the non-governmental parties reside?

                Eastern Division ☒          Central Division ☐          Western Division ☐

       B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

                Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                        YES ☐     NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Andrew Stockwell-Alpert et al_
ADDRESS _11 Beacon Street - Suite 1210_
TELEPHONE NO. _617 720-4244_

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Shenia Dancy - Stewart as Administratrix of the estate of Evecure Barros - Cepeda maria DaRosa and Luis Carvalho

**DEFENDANTS** City of Boston and Thomas Taylor

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Andrew Stockwell-Alpert
11 Beacon St. Boston Ma 617 720-4244

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☑ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 8 1983
Brief description of cause:
Unlawful unreasonable seizure - police shooting killing civilian

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
none
(See instructions):
JUDGE
DOCKET NUMBER

DATE 9/1/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE