## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO.** 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of
EVELINE BARROS-CEPEDA, MARIA
DaROSA, and LUIS CARVALHO,
　　　Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
　　　Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT THOMAS TAYLOR'S MOTION TO DISMISS ALL COUNTS
## OF PLAINTIFFS' COMPLAINT

## I. INTRODUCTION

The Defendant, Thomas Taylor, ("Officer Taylor") files this Motion to Dismiss all

claims  asserted against him by the Plaintiffs, Shenia Dancy-Stewart on behalf of the estate

of Eveline Barros-Cepeda ("Plaintiff Dancy-Stewart"),  Maria DaRosa ("Plaintiff DeRosa"),

and Luis Carvalho (Plaintiff Carvalho") (collectively, "Plaintiffs" ).  The Plaintiffs'

Complaint alleges the following claims against Officer Taylor:

1.　Wrongful Death under 42 U.S.C. § 1983 (Count I) (brought by Plaintiff Dancy-
　　Stewart") ;

2.　Survival Action under 42 U.S.C. § 1983 (Count II) (brought by Plaintiff Dancy-
　　Stewart) ;

3.　Unreasonable Seizure under  42 U.S.C. § 1983 (Count III) (brought by Plaintiffs
　　DeRosa and Carvalho);

4.　Wrongful Death under G. L. c. 12, § 11I (Count V) (brought by Plaintiff Dancy-
　　Stewart) ;

5.　Survival Action under G. L. c. 12, § 11I (Count VI) (brought by Plaintiff Dancy-
　　Stewart);

1

6.    Violation of G. L. c. 12, § 11I (Count VII) (brought by Plaintiff Dancy-Stewart);

7.    Violation of G.L. c. 229 (Count VIII) (brought by Plaintiff Dancy-Stewart);

8.    Survival action (Count XII) (brought by Plaintiff Dancy-Stewart);

9.    Gross negligence under G.L. c. 258 (Count XIII) (brought by Plaintiffs DeRosa and Carvalho); and

10.   Infliction of Emotional Distress under G.L. c. 258 (Count XV) (brought by Plaintiffs DeRosa and Carvalho) .

Each claim arises from the alleged conduct of Boston police officer, Officer Taylor, in response to pursuing a fleeing vehicle driven by Brima Wurie Jr. on September 8, 2002. After Mr. Wurie failed to stop for a red-light, failed to stop for a police officer, and struck a uniformed police officer with his motor vehicle, a back seat passenger in the vehicle driven by Mr. Wuire was fatally shot, Eveline Barros-Cepeda.  The decedent and Plaintiffs DeRosa and Carvalho were allegedly passengers in the fleeing vehicle driven by Wurie.

Officer Taylor seeks dismissal of all Counts Plaintiffs bring against him because they have failed to state actionable claims entitling them to relief.

## II. <u>APPLICABLE STANDARD</u>

The standards governing motions to dismiss are well-established. A motion to dismiss is to be allowed when a plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>McLain v. Real Estate Board of New Orleans, Inc.</u>, 444 U.S. 232, 246 (1980); <u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir. 1998); <u>Williams v. Astra USA, Inc.</u>, 68 F. Supp. 2d 29 (D. Mass. 1999).   In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  <u>Cooperman v. Individual, Inc.</u>, 171 F.3d 43, 46 (1st Cir. 1999).  This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation.  <u>Correa-Martinez v. Arrillaya-Belendez</u>, 903 F.2d 49,

52 (1st Cir. 1990). Within this analytical framework, the Plaintiffs have failed to plead facts sufficient to state a claim against Officer Taylor, and accordingly, Officer Taylor's Motion to Dismiss should be granted.

## III. <u>ARGUMENT</u>

### A. PLAINTIFFS' ALLEGATIONS IN COUNT VIII THAT OFFICER TAYLOR VIOLATED THE MASSACHUSETTS WRONGFUL DEATH STATUTE, G.L. c. 229 § 2, FAILS BECAUSE OFFICER TAYLOR IS IMMUNE UNDER THE MASSACHUSETTS TORT CLAIMS ACT.

Count VIII of Plaintiff's Complaint alleges that Officer Taylor violated G. L. c. 229, § 2, the Massachusetts Wrongful Death Statute. That statute provides "that a person who by negligence causes the death of a person, or by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted..." G. L. c. 229 § 2.[1] The statute also provides that an individual is liable for the "negligence or the willful, wanton or reckless act of his agents or servants" while acting within the scope of his employment as he/she would be held liable for his/her own acts. <u>Id.</u>

Because Count VIII alleges that Officer Taylor was negligent, the Plaintiff's claim is barred. As alleged, Plaintiff's cause of action is governed by G. L. 258, the "Massachusetts Tort Claims Act" ("Tort Claims Act"). The Tort Claims Act abrogated the doctrine of

---

[1] Additionally, the statute provides that an individual may be held liable for damages in the amount of:

> the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in <u>section one</u>, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered; (2) the reasonable funeral and burial expenses of the decedent; (3) punitive damages in an amount of not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant; except that (1) the liability of an employer to a person in his employment shall not be governed by this section.

sovereign immunity, but only to the extent provided in the statute.  The Act provides the exclusive remedy for injuries allegedly caused by the negligent acts or omissions of municipal employees.  G.L. c. 258, §§1, 2.  Section 2 of the Act specifically immunizes a public employee from negligence claims by stating that the "[p]ublic employer shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of ... employment..."  The Act, therefore, establishes that Officer Taylor, a public employee, is indemnified from liability for all negligent acts occurring within the scope of his employment.  See Alex v. Boston Water & Sewer Comm'n., 45 Mass. App. Ct. 914 (1998).  Accordingly, the City of Boston is the sole entity answerable for any alleged negligence by Officer Taylor.  See Monahan et al. v. Town of Methuen et al., 408 Mass. 381, 391 (1990).  Thus, Officer Taylor, in his capacity as an individual "public employee", is not a proper defendant for Plaintiff's claims of alleged negligence.  Taplin v. Town of Chatham, 390 Mass. 1, 2-3 (1983).  Accordingly, Claim VIII should be dismissed.

### B.    DISMISSAL OF COUNT XIII'S GROSS NEGLIGENCE CLAIM BROUGHT BY PLAINTIFFS DEROSA AND CARAVALHO IS ALSO WARRANTED BECAUSE OFFICER TAYLOR IS IMMUNE FROM SUCH CLAIMS UNDER THE MASSACHUSETTS TORT CLAIMS ACT.

Plaintiffs DeRosa and Caravalho's claims of gross negligence are not actionable against Officer Taylor.   As a public employee, Officer Taylor is immunized under G.L. c. 258 for acts constituting gross negligence as well as for those constituting ordinary negligence that occurred in the scope of employment.  See McNamara v. Honeyman, 406 Mass. 43, 46 (1989).  In McNamara, the Supreme Judicial Court explicitly addressed the question "whether G.L. c. 258 immunizes an employee from gross negligence," and answered it affirmatively as follows: "Two sections of c. 258 come under review in resolving this issue. Section 2 renders the public employer but not the public employee liable 'for

4

injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission.'  Section 10, which provides for exemptions from operation of § 2, among others, states in pertinent part that a public employee shall not be immune from 'any claim arising out of an intentional tort....' It is silent as to gross negligence, and hence we conclude that a public employee is immune from a claim arising out of gross negligence because such a claim qualifies as a 'negligent or wrongful act or omission' under § 2." Id. at 46.    The <u>McNamara</u> court decided that it is not material whether a public employee defendant's conduct constitutes gross negligence or merely ordinary negligence for purposes of immunity under G.L. c. 258.  Id. at 46.  Accordingly, Plaintiffs' gross negligence claim in Count VIII against Officer Taylor is barred and must be dismissed.

**B. PLAINTIFFS' CLAIM OF INFLICTION OF EMOTIONAL DISTRESS IN COUNT XV MUST ALSO BE DISMISSED BECAUSE OFFICER TAYLOR IS IMMUNE UNDER THE MASSACHUSETTS TORT CLAIMS ACT.**

Plaintiffs DeRosa and Caravalho's claim for intentional infliction of emotional distress in Count XV is also barred because as pled, this claim does not allege that Officer Taylor's conduct was intentional, but rather alleges that Officer Taylor's conduct was "negligent and/or extreme, outrageous and intolerable in a civilized society." See Plaintiff's Complaint, Count XVI.  As discussed <u>supra</u> in *Section A* of this *Memorandum*, Officer Taylor, as a public employee, is immune from any claims of negligence.

Even if this Court construed Plaintiffs' claim as one alleging intentional conduct, the Plaintiffs have failed to satisfy the stringent standards required for an actionable intentional infliction of emotional distress claim. To establish this claim, the Plaintiffs bear the heavy burden of demonstrating that: "(1) that the [defendant] intended to inflict emotional distress or that [he] knew or should have known that emotional distress was the likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the actions of the defendant[] w[as] the cause of the plaintiff's distress; and (4) that the

emotional distress sustained by the plaintiff was severe." Haddad v. Gonzalez, 410 Mass. 855, 871 (1991).

This issue is ripe for consideration on a motion to dismiss because "[i]t is for the court to decide whether the defendant's conduct may be reasonably regarded as so extreme as to permit recovery." Orell v. UMass Mem. Med. Ctr., 203 F. Supp. 2d 52, 70 (D. Mass. 2002); see Caputo v. Boston Edison Co., 924 F.2d 11, 14 (1st Cir. 1991). The standard for making a claim of intentional infliction of emotional distress is very high in order to "avoid[] litigation in situations where only bad manners and mere hurt feelings are involved." Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1979).

Here, Plaintiffs have failed to make the requisite allegations that Officer Taylor's alleged actions meet the threshold requirement of extreme and outrageous conduct. Officer Taylor's alleged actions do not rise to the level of conduct that is "utterly intolerable in a civilized society." Agis, 371 Mass. at 145. Conduct is extreme and outrageous if it goes "beyond all possible bounds of decency and is utterly intolerable in a civilized community." Agis, supra at 319. "'Outrageous does not encompass 'workaday insults, annoyances, or even threats and petty oppressions, 'but rather a 'high order of reckless ruthlessness or deliberate malevolence." Id. "[P]laintiff must establish more than 'tortious or even criminal intent' or that the employer has 'intended to inflict emotional distress, or even that [their] conduct has been characterized by malice or a degree of aggravation." Id. As many other courts have recognized, "[p]laintiffs encounter[] extreme difficulty to satisfy the 'outrageous requirement of the second prong." Bennett, supra.

Here, Plaintiffs' conclusory allegations are insufficient to sustain a claim of severe and extreme emotional distress. Compare Simon v. Solomon, 385 Mass. 91, 93 (plaintiff suffered distress so severe that she was unable to care for children and sought psychiatric counseling); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996). Nowhere in

Plaintiff's' Complaint do they allege that they have suffered such an extreme level of distress.

Plaintiffs' failure to make these requisite allegations require dismissal of their emotional distress claim, even under liberal pleading standards. Both this Court and the First Circuit have concluded that dismissal of a plaintiff's intentional infliction of emotional distress claim was proper on a motion to dismiss. See Ornell, supra at 70 (dismissing plaintiff's claim because after assuming facts alleged are true, court concluded that they do not constitute behavior that is "utterly intolerable in a civilized society" and because plaintiff failed to allege that she "suffered distress so severe that no reasonable person could be expected to endure it"); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (affirming dismissal of claim of intentional infliction of emotional distress under Massachusetts law because "the conduct complained of does not as a matter of law amount to extreme and outrageous behavior beyond all possible bounds of decency and which are utterly intolerable in a civilized community" and because plaintiff never even attempted to plead severe distress). Accordingly, Officer Taylor requests that this Court dismiss Count XV of Plaintiffs' Complaint.

**C. PLAINTIFFS FAIL TO STATE ACTIONABLE CLAIMS AGAINST OFFICER TAYLOR IN COUNTS I & III BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE THE REQUISITE CONSTITUTIONAL VIOLATION TO SUSTAIN CLAIMS UNDER 42 U.S.C. § 1983.**

Plaintiff Dancy-Stewart asserts a claim on behalf of the decedent in Count I alleging that Officer Taylor violated the decedent's rights under 42 U.S.C. § 1983. In similar fashion, Plaintiffs DeRosa and Caravalho claim in Count III that Officer Taylor violated their constitutional rights under 42 U.S.C. § 1983. Officer Taylor cannot be held individually liable in a Section 1983 action unless it is alleged that the decedent and Plaintiffs DeRosa and Caravalho suffered a deprivation of their constitutional or federal

statutory rights and that Officer Taylor's *actions* caused such deprivation.   Here, Plaintiffs have failed to sufficiently allege a deprivation of civil rights for which Officer Taylor can be held responsible.

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137 (1979). At the outset, to state a viable claim under Section 1983, a plaintiff must allege the deprivation of a right secured by the Constitution and therefore, the threshold inquiry in any § 1983 suit requires determining whether the plaintiff has been deprived of a right "secured by the Constitution and laws."  Id. "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of *their own actions*." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999), citing Malley v. Briggs, 475 U.S. 335, 341 (1986); Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999) (emphasis added). A public official is liable under a civil rights statute providing liability for deprivation of rights under color of law only if *he causes* the plaintiff to be subjected to deprivation of his constitutional rights. See id., 42 U.S.C.A. § 1983 (emphasis added).

In their Complaint, Plaintiffs allege that Officer Taylor's actions violated the decedent's and Plaintiffs DeRosa and Caravalho's rights under the Fourth Amendment of the Constitution.   For this alleged constitutional violation, Plaintiffs fail to state facts necessary to state a claim for which relief may be granted.   The Fourth Amendment guarantees citizens the right to be secure in their persons … against unreasonable … seizures.  Graham v. Connor, 490 U.S. 386, 394 (1989).  In Plaintiffs' claims, there are not sufficient facts pled alleging that Officer Taylor's conduct resulted in an unreasonable search and seizure of the decedent or Plaintiffs DeRosa and Caravalho, passengers in the fleeing moving motor vehicle pursued by Officer Taylor.   Moreover, as the Complaint

essentially alleges, Officer Taylor's alleged actions were directed at Wurie, the operator of the fleeing moving vehicle, and not at the vehicle's passengers.  Such actions do not constitute a seizure within the meaning of the Fourth Amendment.  See Landol-Rivera v. Cruz, 906 F.2d 791 (1st. Cir. 2000).  Moreover, an officer shooting at a moving vehicle does not constitute a constitutional violation per se.  See Tennesee v. Garner, 471 U.S. 1 (1985); Landol-Rivera v. Cruz Cosme et al, 906 F.2d 791 (1st Cir. 1990).  Here, Officer Taylor made a split-second decision to discharge his firearm as a means to best protect public safety and only after the operator of the Plaintiffs' vehicle failed to stop for a police officer and struck a uniformed police officer with his motor vehicle.  The Plaintiffs, therefore, cannot establish a constitutional violation in Officer Taylor's alleged conduct.

The First Circuit's decision in Landol-Rivera v. Cruz, 906 F.2d 791 (1st. Cir. 2000) is particularly illustrative on this point.  In that case, the First Circuit explicitly recognized that the view a law enforcement officer "seizes" an individual by a shooting "is a mistaken view of the law. . . ." Landol-Rivera v. Cruz, 906 F.2d 791 (1st. Cir. 2000) (omitting citations and internal quotations). In Landol, the plaintiff had been taken hostage by a would-be robber in the robber's fleeing motor vehicle and when officers shot at the vehicle in an attempt to stop the fleeing robber, the plaintiff was inadvertently shot.  See id.  After trial, the defendant officers appealed and argued that the plaintiff was not seized because he had not been the object of the officers' actions as their intent was to seize the fleeing suspect and not to restrain the plaintiff.  See id.  The First Circuit agreed and concluded that "[a] closer look at the caselaw" reveals that the hostage did not have a viable Fourth Amendment claim because he was not seized within the meaning of the Fourth Amendment.  See id.

In reaching this decision, the First Circuit was guided by the Supreme Court's decision in <u>Brower v. County of Inyo</u>, 489 U.S. 593 (1989)[2] which held that, "[v]iolation of the Fourth Amendment requires an *intentional* acquisition of physical control." <u>Id.</u> (emphasis added). The <u>Brower</u> Court expounded upon this principle as follows:

> [A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement ..., nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement ..., *but only when there is a governmental termination of freedom of movement through means intentionally applied.*

<u>Id.</u>(emphasis added). In <u>Landol</u>, the First Circuit reiterated these principles and reasoned that the <u>Brower</u> Court "had carefully distinguished between police action directed toward producing a particular result--in Fourth Amendment parlance, 'an intentional acquisition of physical control'--and police action that simply causes a particular result." <u>Id.</u> at 795 (citations omitted). That is, the <u>Landol</u> court explained, "[u]nless the restraint of liberty at issue resulted from an attempt to gain control of the individual . . . there has been no Fourth Amendment seizure." <u>Id.</u> Additionally, the First Circuit "reject[ed] the notion that the 'intention' requirement is met by the deliberateness with which a given action is taken." <u>Id.</u>

Within this analytical framework, the <u>Landol</u> court reversed the jury verdict against the defendant officers and held that "[a] police officer's deliberate decision to shoot at a car containing a robber and a hostage for the purpose of stopping the robber's flight does not result in the sort of willful detention of the hostage that the Fourth Amendment was designed to govern." <u>Id.</u> The First Circuit also emphasized the Supreme Court's recognition that "[t]he writs of assistance that were the principal grievance against which the Fourth

---

[2] <u>Brower</u> involved a case in which a fleeing suspect was killed when his car crashed into a police roadblock. The plaintiffs, his heirs, alleged that the roadblock had been intentionally constructed so as to be likely to kill him.

Amendment was directed ... did not involve unintended consequences of government action," as the Fourth Amendment "addresses 'misuse of power,' ... not the accidental effects of otherwise lawful government conduct." Id. (citation omitted). Emphatically, the First Circuit also stated that "[w]e fail to see how injury to an innocent bystander properly may be characterized as 'an *intentional* acquisition of physical control." Id. at 795 n.8 (citation omitted; emphasis in original).

Given the Supreme Court's and the First Circuit's principles enunciated in Brower and Landol, respectively, this Court must conclude that no Fourth Amendment claim is viable for any of the Plaintiffs. Here, neither of the Plaintiffs were "the direct object of police intervention." In fact, the Plaintiffs have essentially alleged that it was the driver, Mr. Wurie, who was the direct object of police intervention. Accordingly, "no Fourth Amendment seizure occurred here because [neither of the three plaintiffs] was . . . the object of the police bullet[s] . . . ." Landol, supra at 795 (omitting citations). Any "errant bullet[s] did not in these circumstances transform the police action into a seizure." Id. Plaintiffs have simply set forth bald assertions regarding the harm the decedent and Plaintiffs DeRosa and Caravalho have allegedly suffered. They have not pled any set of facts that would entitle him to relief. Therefore, Plaintiffs' claims pursuant to 42 U.S.C. § 1983 must fail as a matter of law, and should be dismissed.

**D. PLAINTIFFS FAIL TO STATE ACTIONABLE CLAIMS AGAINST OFFICER TAYLOR IN COUNTS V AND VII BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGED THE REQUISITE CONSTITUTIONAL VIOLATION TO SUSTAIN CLAIMS UNDER G. L. C. 12, § 11I.**

In Counts V and VII, Plaintiffs allege that Officer Taylor violated the decedent's and Plaintiffs DeRosa and Caravalho's rights under the Massachusetts Civil Rights Statute ("MCRA"), G. L. C. 12, § 11I. In the same failure as discussed supra in *Section D of this Memorandum*, these claims are not viable because Plaintiffs fail to identify a secured right

that was interfered with in violation of the MCRA.  To prevail under the MCRA, the plaintiff "must prove that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion. "  Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989).

Instead of alleging these elements,  the Complaint simply restates, in a conclusory fashion, that Officer Taylor has interfered with their constitutional or statutory rights. Such conclusory allegations fail to state a claim under the MCRA.  See Hobson v. McLean Hosp. Corp., 402 Mass. 413, 417-18 (1988) (dismissing claim under MCRA because plaintiff failed to identify what rights were at issue, and made "conclusory allegations, amounting to a summarization of G.L. c. 12, §§ 11H-11I" (citation omitted)).  Similarly, here, as discussed supra, the Plaintiffs have merely summarized G.L. c. 12, § 11I and have failed to establish a constitutional violation in Officer Taylor's alleged conduct.  Plaintiffs' mere assertion that Officer Taylor's discharge of his firearm was unconstitutional is not sufficient.  Moreover, an officer's shooting at a moving vehicle does not constitute a constitutional violation per se. See Tennesee v. Garner, 471 U.S. 1 (1985); Landol-Rivera v. Cruz Cosme et al, 906 F.2d 791 (1st Cir. 1990).  Moreover, Plaintiffs have not established that any "seizure" occurred within the meaning of the Fourth Amendment.  Plaintiffs have simply set forth bald assertions regarding the harm they have allegedly suffered.  They have not pled any set of facts warranting relief.  Accordingly, their claims must be dismissed.

### E. PLAINTIFFS FAIL TO STATE ACTIONABLE SURVIVAL CLAIMS AGAINST OFFICER TAYLOR IN COUNTS II, VI & XII BECAUSE THEY DO NOT ADVANCE VIABLE THEORIES OF LIABLITY, BUT ADDITIONAL THEORIES OF DAMAGES.

Counts II, VI and XII should be dismissed because they fail to state viable causes of action. In Count II, for example, Plaintiff Dancy-Stewart alleges that "Ms. Barros-Cepada was forced to endure great conscious pain and suffering and to incur expenses for medical treatment she received prior to death." Counts VI and XII are framed in identical fashion, with the exception of their reference to G.L. c. 12, § 11I in lieu of 42 U.S.C. § 1983. While Plaintiffs caption their claims as "Survival Actions," they are not actionable because they consist primarily as claims for the decedent's and Plaintiffs DeRosa and Caravalho's alleged pain and suffering. A claim for pain and suffering is a species of damages, rather than an additional theory of liability and does not in of itself entitle them to relief. Cf. Acevedo-Garcia v. Monroig 351 F.3d 547, 571 -572 ( 1st Cir. 2003). Moreover, these claims are duplicative of Counts I, III and V in which Plaintiffs have already alleged claims under § 1983 and G.L. c. 12, § 11I.

## IV. CONCLUSION

For the reasons stated above, the Defendant, Thomas Taylor, respectfully requests that all counts against him be dismissed with prejudice.

13

**DEFENDANTS REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

Respectfully submitted,
DEFENDANT THOMAS TAYLOR,

Merita A. Hopkins
Corporation Counsel

By his attorneys:

/s/ Helen G. Litsas
Kate Cook BBO# 650698
Helen Litsas BBO#644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Cook)
(617) 635-4023 (Litsas)

**CERTIFICATE OF SERVICE**

I, Helen G. Litsas, hereby certify that on January 23, 2005, I served The Defendant Thomas Taylor's Motion to Dismiss and Accompanying Memorandum of Law in Support Thereof by mailing a copy, postage prepaid, to the following:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, MA 02108

January 23, 2005            /s/ Helen G. Litsas
Date                        Helen G. Litsas

14