**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-11803-MLW**

|  |  |
|---|---|
| **SHENIA DANCY-STEWART as** | ) |
| **Administratrix of the Estate of** | ) |
| **EVELINE BARROS-CEPEDA, MARIA** | ) |
| **DaROSA, and LUIS CARVALHO,** | ) |
| **Plaintiffs** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **THOMAS TAYLOR, Jr. and the** | ) |
| **CITY OF BOSTON** | ) |
| **Defendants** | ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT THOMAS TAYLOR'S MOTION TO DISMISS

### I.    INTRODUCTION

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth

Amendment to the United States Constitution, Article XIV of the Massachusetts

Declaration of Rights, M.G.L. c. 229, and M.G.L. c. 258 ("The Massachusetts Tort

Claims Act" or "the Act"). Defendant Thomas Taylor, Jr., a police officer of the City of

Boston, shot and killed Eveline Barros-Cepeda, a twenty-five year old wife and mother,

without legal cause or excuse. He made an unreasonable seizure of her person and the

person of Plaintiffs Luis Carvalho and Maria DaRosa. These violations were committed

as a result of policies and customs of the City of Boston.

On September 8, 2002, at approximately 12:30 A.M., Barros-Cepeda, DaRosa,

and Carvalho were rear seat passengers in a motor vehicle being operated on Dunkel

Street in Dorchester, Massachusetts. When the operator of the motor vehicle turned onto

Fayston Street, Officer Taylor, who was on foot at the intersection of Dunkel and Fayston Streets, lost sight of a fellow police officer who had been standing across the street. Without taking any action to verify that his fellow police officer had been or was being injured by the motor vehicle, Officer Taylor drew his service revolver and fired at least three bullets in the general direction of the motor vehicle. Officer Taylor had no knowledge of and did not observe anything that would lead him to believe that anyone in the motor vehicle was armed or dangerous, or that anyone in the motor vehicle had been or was presently involved in any criminal wrongdoing. There was no threat to Officer Taylor's own life or personal safety from either the vehicle or its occupants.

While Officer Taylor's bullets were striking and passing through the moving motor vehicle, Carvalho and DaRosa opened the rear doors and jumped out to avoid being killed or seriously injured by the gunfire. One of the bullets passed through both the motor vehicle and Barros-Cepeda's body. She was subsequently pronounced dead at the hospital; the cause of death identified as a gunshot wound to her chest.

## II.    STANDARD OF REVIEW

It is proper to dismiss a complaint under Fed.R.Civ.P. 12(b)(6) "only if the plaintiff[s'] factual averments hold out no hope of recovery on any theory adumbrated in [their] complaint." Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004), quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003). The Court's "task is not to decide whether the plaintiff[s] ultimately will prevail but, rather, whether [they are] entitled to undertake discovery in furtherance of the pleaded claim[s]." Id. Further, the Court "must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in plaintiff[s'] favor." Rivera Sanchez v. Autoridad

2

De Energia Electrica, 360 F.Supp.2d 302, 307 (D.P.R. 2005). "The correct standard for assessing the sufficiency of the instant complaint, therefore, is whether, accepting the factual allegations in the complaint as true and construing them in the light most favorable to plaintiff, the complaint shows any set of facts which could entitle plaintiff to relief." McGrath v. MacDonald, 853 F.Supp. 1, 3 (1994), citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1998). Applying this standard to the instant case, the Court must deny Defendant Thomas Taylor's motion to dismiss Counts VIII, XVI, I, III, V, VII, II, VI, and XII of the Plaintiffs' complaint.

## III.    ARGUMENT

### A.    THE PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THE REQUISITE CONSTITUTIONAL VIOLATION TO SUSTAIN THEIR CLAIMS UNDER 42 U.S.C. 1983

Monroe v. Pape, 365 U.S. 167 (1961) and its progeny make clear that a police officer who, acting under the color of state law, commits an act directly resulting in a constitutional deprivation, is liable for damages under 42 U.S.C. § 1983. Here, the Plaintiffs have alleged sufficient facts to state a claim for which relief may be granted. Without probable cause to believe criminal activity was afoot, without fear for his life or safety, and without knowledge of whether his fellow officer had been or was being injured by the Plaintiffs' motor vehicle, Defendant Officer Taylor drew his service revolver and deliberately fired at least three bullets at the vehicle and its operator for the purpose of effecting a stop.[1]  In terminating the plaintiffs' "freedom of movement through means intentionally applied," Officer Taylor effected a seizure under the Fourth

---

[1]  Contrary to the Defendant's assertion in his motion to dismiss, the complaint does not "essentially allege" that Officer Taylor's actions were directed solely at the operator of the motor vehicle.

3

Amendment. Brower v. County of Inyo, 489 U.S. 593, 597 (1989). See also Fisher v. City of Memphis, 234 F.3d 312, 317-319 (6th Cir. 2000) (police officer who shot at driver of moving car, intending to stop car, ruled to have "effectively seiz[ed] everyone inside").

Tennessee v. Garner, supra ("Garner") and Landol-Rivera v. Cruz, 906 F.2d 791 (1st Cir. 1990) ("Cruz"), relied upon by Defendant Taylor, are distinguishable and not dispositive. In Garner, supra at 11, the Supreme Court held that "[w]here the officer has probable cause to believe that [a fleeing] suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." Nothing in the complaint at issue here alleges that Officer Taylor's conduct was intended to prevent the escape of a fleeing suspect, or that anyone in the vehicle posed a threat of serious physical harm to him or to others. Defendant Taylor attempts to introduce additional facts in his motion to analogize this case to the facts in Garner, but this Court must limit its focus to the facts alleged in the complaint.[2] Rivera Sanchez v. Autoridad De Energia Electrica, 360 F. Supp. 2d 302, 309 (D. P.R. 2005).

In Cruz, supra at 795, the First Circuit ruled that "[a] police officer's deliberate decision to shoot at a car containing a robber and a hostage for the purpose of stopping the robber's flight does not result in the sort of willful detention of the hostage that the Fourth Amendment was designed to govern." Again, the instant case is inapposite.

---

[2] The Defendants in the instant case have attempted to sway this Court with the addition of facts not alleged in the complaint on more than one occasion. The Court should ignore this effort to "spin" the facts of this case, as it must accept as true all well-pleaded factual claims in the Plaintiffs' complaint and must limit its review to those allegations contained in the complaint. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).

4

Officer Taylor had no probable cause to believe that anyone in the vehicle had been or was presently involved in any criminal wrongdoing and no probable cause to fear for his life or the lives of others. Cf. Cruz, supra at 793 (quoting trial court's opinion that stated "there [was] no question of fact, whatsoever, as to whether the defendant police officers had probable cause to believe that the suspect posed a threat of serious physical harm to the officers or to others"). Nor did Officer Taylor, in sharp contrast to the officers in Cruz, have access to any information that could reasonably lead him to conclude that one person in the motor vehicle was a criminal suspect, while the others in the vehicle were innocent bystanders and unintended objects of the seizure. The facts alleged in the complaint simply do not support a finding that the Plaintiffs, as opposed to the driver of the motor vehicle, were not the intended objects of the shooting by which they were injured. Contrast Rucker v. Harford County, 946 F.2d 278 (4th Cir. 1991) (no fourth amendment violation where police unintentionally injured an innocent bystander in trying to apprehend fleeing suspect). Neither Garner nor Cruz, nor any of the cases in which the undisputed evidence was that the police injured innocent bystanders while attempting to seize fleeing suspects, is directly on point. Moreover, this Court should not rely on these opinions or the additional facts alleged by the Defendants to dismiss the Plaintiffs' action at this early stage in the proceedings. Accordingly, the Plaintiffs respectfully request that this Court deny the motion to dismiss Counts I and III of the complaint.

## B. PLAINTIFFS' SURVIVAL CLAIMS ARE ACTIONABLE

Count II sets forth a § 1983 claim for pecuniary losses associated with Eveline Barros-Cepeda's death under the survival laws of the Commonwealth. The language of 42 U.S.C. § 1983 does not address whether claims brought pursuant to the statute survive

the death of the party seeking damages. See Moor v. County of Almeeda, 411 U.S. 693, 702 n. 14 (1973). However, in Robertson v. Wegmann, 436 U.S. 584, 588-590 (1978), the Supreme Court held that the question of whether a § 1983 claim survives the death of a plaintiff is governed by the local state's survival statute. The Massachusetts survival statute provides for the survival of actions "for consequential damages arising out of injury to the person and consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such injury." See M.G.L. c. 228, § 1. Accordingly, Count II advances a viable theory of liability and is not duplicative of either Count I or Count III.

## IV. CONCLUSION

For the reasons stated above, the Plaintiffs respectfully request that this Court deny Defendant Thomas Taylor's motion to dismiss Counts I, II, and III of the Plaintiffs' complaint.

Respectfully submitted,

For the plaintiff SHENIA
DANCY-STEWART, as Administratrix
of the Estate of EVELINE BARROS-CEPEDA,

Andrew Stockwell-Alpert
BBO #481190
11 Beacon Street – Suite 1210
Boston, MA 02108
(617) 720-4244

For the plaintiffs LUIS CARVALHO
and MARIA DaROSA,

Manuel R. Pires
BBO #563967
DeMiranda & Pires, L.L.C.
1212 Hancock Street
Quincy, MA 02169
(617) 479-8222

6

## CERTIFICATE OF SERVICE

I, Andrew Stockwell-Alpert, hereby certify that on ___2/16___,
2006, I served The Plaintiffs' Memorandum of Law in Opposition to Defendant Thomas
Taylor's Motion to Dismiss All Counts of Plaintiffs' Complaint by mailing a copy,
postage prepaid, to the following:

Helen G. Litsas
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201

___2/16/06___
Date

Andrew Stockwell-Alpert

7