UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART, ET AL.  )
    Plaintiffs,              )
                              )
    v.                        )    C.V. No. 05-11803-MLW
                              )
THOMAS TAYLOR, Jr., ET AL.,   )
    Defendants.               )

ORDER

WOLF, C.J.                                              August 25, 2006

    For the reasons stated in detail in court on August 25, 2006, it is hereby ORDERED that:

    1.  With the parties' agreement, Counts V (wrongful death against defendant Thomas Taylor, Jr. ("Officer Taylor") in violation of M.G.L. c. 12, 11I); VI (survival action against Officer Taylor in violation of M.G.L. c. 12, §11I); VII (claim against Officer Taylor for violation of M.G.L. c. 12, §11I); IX (wrongful death against the City of Boston (the "City") in violation of M.G.L. c. 229); X (wrongful death against the City in violation of M.G.L. c. 229); and XV (negligence against the City) are DISMISSED.

    2.  Officer Taylor's Motion to Dismiss (Docket No. 16) is DENIED with respect to Counts I (wrongful death against Officer Taylor in violation of 42 U.S.C. §1983); II (survival action against Officer Taylor in violation of 42 U.S.C. §1983); III (unreasonable seizure against Officer Taylor in violation of 42 U.S.C. §1983); and XII (survival action against Officer Taylor).

    3.  Officer Taylor's Motion to Dismiss (Docket No. 16) is DENIED

in part and ALLOWED in part with respect to Counts VIII and XIII. More specifically, the motion concerning Count VIII, the wrongful death claim against Officer Taylor in violation of M.G.L. c. 229, is DENIED with regard to the allegation that the shooting was "deliberate" and ALLOWED with regard to the allegation that the shooting was "wanton" and "reckless."  Similarly, the motion concerning Count XIII, the gross negligence claim against Officer Taylor, is DENIED with regard to the allegation that the shooting was "deliberate" and "willful" and ALLOWED with regard to the allegation that the shooting was "wanton" and reckless."

    4.   Officer Taylor's Motion to Dismiss (Docket No. 16) is ALLOWED with respect to Count XVI (negligent infliction of emotional distress against Officer Taylor).

    5.   The City of Boston's Motion to Dismiss (Docket No. 7) is DENIED with respect to Counts IV (municipal liability under 42 U.S.C. §1983), see Atchinson v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996); XI (survival action against the City); and XIV (gross negligence against the City).

    6.   If there is a proper basis under Rule 11 of the Federal Rules of Civil Procedure, the plaintiffs may, by September 8, 2006, file an amended complaint that alleges intentional infliction of emotional distress.

    7.   The defendants shall respond to the Complaint or Amended Complaint by September 29, 2006.

    8.   The parties shall comply with the attached Scheduling

Order.

      /s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE

```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

SHENIA DANCY-STEWART et al
           Plaintiff(s)

    v.                            CIVIL ACTION
                                    NO.  05-11803-MLW

THOMAS TAYLOR, JR., et al
            Defendant(s)


### SCHEDULING ORDER

WOLF, D.J.


     This case is governed procedurally by the 1992 Amendments to the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"), which implement the District's Civil Justice Expense and Delay Reduction Plan. Counsel must, therefore, comply with the relevant Local Rules in the litigation of this case.

     It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16(f) that:

[X]  1.  DEFENDANTS shall respond to the Complaint or the Amended Complaint by SEPTEMBER 29, 2006 .


[X]  2.  Any Motion to Amend the pleadings, or any Motion to File additional pleadings, shall be filed by SEPTEMBER 8, 2006 and responses shall be filed as required by the applicable provisions of the Federal Rules of Civil Procedure.

[X]  3.  The parties shall by OCTOBER 18, 2006 make the automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1

[X]  4.  The parties shall by OCTOBER 18, 2006  make the disclosure authorized by Local Rule 26.1(B)(1) and (2).

[X]  5.  Counsel for the parties shall meet at least once to explore the possibility of settlement and report to the court by FEBRUARY 2, 2007 the status and prospects for settlement.

If the case is not settled, the parties shall report whether they wish to participate in mediation to be conducted by a magistrate judge or attorney on the Court's panel of mediators.

[X]  6.  Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by AUGUST 20, 2007 designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert.  Each other party shall by SEPTEMBER 28, 2007 designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[X]  7.  All discovery shall be complete by NOVEMBER 30, 2007.

[X]  8.  Counsel for the parties shall confer and, by DECEMBER 14, 2007 file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[X]  9.  A scheduling conference will be held on DECEMBER 19, 2007 at 3:00 PM and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a schedule for filing motions for summary judgment will be established at this conference.

[X]  10.  A final pretrial conference will be held on JANUARY 17, 2008  at 3:00 PM  and must be attended by trial counsel with full settlement authority or with their client.  Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

[X]  11.  Trial shall commence on JANUARY 28, 2008  .

All provisions and deadlines contained in this Order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record.  The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery.
        Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the Court or upon the request of counsel.

By the Court,
DENNIS P. O'LEARY

```
August 28, 2006                        /s/ Dennis O'Leary
Date                                   Deputy Clerk
```