UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA, MARIA DaROSA and LUIS CARVALHO<br>Plaintiffs<br><br>v.<br><br>THOMAS TAYLOR, Jr., and the CITY OF BOSTON<br>Defendants | Civil Action<br>Docket No. 05-11803MLW<br><br><br>**AMENDE COMPLAINT AND<br>JURY TRIAL DEMAND** |

## INTRODUCTION

1.      This is an action for monetary damages brought pursuant to 42 U.S.C. §§1983 and

1988 and the Fourth Amendment to the United States Constitution against Thomas Taylor, Jr.,

(hereinafter, "Officer Taylor"), a police officer of the City of Boston, in his individual capacity

and against the City of Boston. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 and on

the pendent jurisdiction of this Court to entertain claims arising under state law.

2..      It is alleged that Officer Taylor shot and killed Eveline Barros-Cepeda without legal

cause or excuse and made an unreasonable seizure of her person and the person of Luis Carvalho

and Maria DaRosa, violating their rights under the Fourth Amendments to the United States

Constitution and Article XIV of the Massachusetts Declaration of Rights.   It is further alleged

that these violations were committed as a result of policies and customs of the City of Boston.

## PARTIES

3.      Eveline Barros-Cepeda, (hereinafter, Ms. Barros-Cepeda) was a black Cape Verdian

who, at all times material to this complaint, lived in Dorchester, Massachusetts with her mother,

1

Domingas DePina.. Ms. Barros-Cepeda was only twenty-five years old when she was shot and killed by Defendant Officer Taylor. She left behind her husband, Carlos Cepeda and her two year old son, Nazee Barros-Cepeda. Domingas DePina, her mother, sought to be and was subsequently appointed legal guardian of Nazee Barros-Cepeda. She has been caring for him since he lost his mother.

4.     Plaintiff, Shenia Dancy-Stewart, (hereinafter, "Ms. Dancy-Stewart") is the Administratrix of the Estate of Ms. Barros-Cepeda by appointment of the Suffolk Probate & Family Court.

5.     Plaintiff, Maria DaRosa (hereinafter, "Ms. DaRosa") is a black, Cape Verdian and, at all times material to this complaint, a resident of Dorchester, Massachusetts.

6     Plaintiff, Luis Carvalho (hereinafter, "Mr. Carvalho") is a black, Cape Verdian, and, at all times material to this complaint, a resident of Dorchester, Massachusetts.

7     Defendant, Thomas Taylor, Jr., (hereinafter, "Officer Taylor") is and was, at all times material to this complaint, a duly appointed and acting police officer of the police department of the City of Boston, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston..

8     Defendant, City of Boston, is a municipal corporation, duly organized under the laws of the Commonwealth of Massachusetts and located in Suffolk County. The City of Boston is the public employer of Defendant Officer Taylor.

## FACTUAL ALLEGATIONS

9     On September 8, 2002, at around 12:30 A.M., Ms. Barros-Cepeda, Ms. DaRosa and Mr. Carvalho were passengers in the rear seat of a motor vehicle being operated on Dunkel Street towards Fayston Street in Dorchester, Massachusetts.

2

10.     At that same time, Officer Taylor was on foot at the intersection of Dunkel and Fayston
Street.

11.     When the motor vehicle turned onto Fayston Street, Defendant Officer Taylor
temporarily lost sight of a fellow police officer who had been standing across the street from
him. Without first doing anything to verify that the other police officer had been or was being
injured by the motor vehicle, Defendant Officer Taylor drew his service revolver and shot at
least three bullets in the general direction of the vehicle and its operator.

12.     Defendant Officer Taylor's firing at the operator and the motor vehicle under the
circumstances violated the then-existing policies of the City of Boston police department on the
use of deadly force.

13.     There was no threat to Defendant Officer Taylor's life or safety from either the vehicle or
its occupants.

14.     Defendant Officer Taylor had no knowledge of and did not observe anything that would
lead him to believe that anyone the vehicle was armed or dangerous.

15.     Defendant Officer Taylor had no prior knowledge and did not observe anything that
would lead him to believe that anyone in the vehicle had been or was presently involved in any
criminal wrongdoing.

16.     Defendant Officer Taylor knew or should have known that he had little or no likelihood
of hitting the driver or otherwise bringing the vehicle to a stop by shooting at it and a strong
likelihood of causing injury or death to its passengers, bystanders and building residents.

17.     One bullet passed through both the vehicle and Ms. Barros-Cepeda's body but did not
immediately kill her. She was subsequently pronounced dead at the hospital. A copy of the
death certificate is annexed hereto as "Exhibit A".

3

18..    While Defendant Officer Taylor's bullets were striking and passing through the motor vehicle, Mr. Carvalho and Ms. DaRosa opened the rear passenger doors and jumped out while it was moving rather than risk being killed or seriously injured by gunfire.

19.    As a direct and proximate result of the acts of Defendant Officer Taylor, Ms. Barros-Cepeda suffered the following injuries and damages:

a)  Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure of her person;

b)  Loss of her life;

c)  Physical pain and suffering and emotional trauma and suffering.

d)  Funeral expenses.

20.    As a direct and proximate result of the said acts of Defendant Officer Taylor, Mr. Carvalho and Ms.DaRosa suffered the following injuries and damages:

a)  Violation of their constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure of their person;

b)  Physical pain and suffering and emotional trauma and suffering requiring the expenditure of money for treatment.

21.    Nazee Barros-Cepeda has suffered the untimely end of his relationship with his mother, with the corresponding loss of her love, care, affection, nurturing, companionship guidance, advice, assistance and financial and emotional support.

22.    Carlos Cepeda has suffered the untimely end of his relationship with his spouse, with the corresponding loss of her services, affection, assistance, society, companionship, comfort, advice and guidance.

23.    The actions of Defendant Officer Taylor violated the following clearly established and

4

well settled federal constitutional rights of Ms. Barros-Cepeda; Mr. Carvalho and Ms. DaRosa:

    a) Freedom from the unreasonable seizure of their person.

### COUNT I  42 U.S.C. §1983 - WRONGFUL DEATH – Officer Taylor

24    Paragraphs 1–23 are incorporated herein by reference as though fully set forth.

25.    Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the

Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services,

protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and

for funeral expenses under 42 U.S.C. §1983.

### COUNT II  42 U.S.C. §1983 - SURVIVAL ACTION – Officer Taylor

26.    Paragraphs 1–25 are incorporated herein by reference as though fully set forth.

27.    Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur

expenses for the medical treatment she received prior to her death.

28.    Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the

Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

29.    Plaintiff, Ms. Dancy-Stewart, claims damages against Officer Taylor for the conscious

pain and suffering and necessary medical expenses incurred by Eveline Barros-Cepeda, under 42

U.S.C. §1983.

### COUNT III  42 U.S.C. §1983 – UNREASONABLE SEIZURE – Officer Taylor

30.    Paragraphs 1–29 are incorporated herein by reference as though fully set forth.

31.    Plaintiffs Mr. Carvalho and Ms. DaRosa claim damages against defendant Officer Taylor

for their physical pain and emotional trauma and for expenses they incurred for medical

treatment they received as a result thereof.

thereafter, however, Boston Police Commissioner Paul Evans announced a change in the policy of the Boston Police Department regarding the discharge of firearms at moving vehicles.

38.    The aforementioned policies and customs demonstrated a deliberate indifference  on the part of policymakers of the City of Boston to the constitutional rights of persons within the City, and were the cause of the violations of Ms.Barros-Cepeda, Mr. Carvalho and Ms.DaRosa alleged herein.

### COUNT V – VIOLATION OF M.G.L. c.229 – WRONGFUL DEATH – Officer Taylor

39.    Paragraphs 1–38 are incorporated herein by reference as though fully set forth.

49.    Defendant Officer Taylor's shooting at the moving vehicle was deliberate and willful and in total disregard for the lives and safety of any of the passengers.

41.    As a direct and proximate result thereof, Ms. Barros-Cepeda suffered the loss of her life.

42.    Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and for funeral expenses.

### COUNT VI  SURVIVAL ACTION – City of Boston

43.    Paragraphs 1–42 are incorporated herein by reference as though fully set forth.

44.    Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

45    Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

46.    Plaintiff, Ms. Dancy-Stewart, claims damages against the defendant City of Boston for

7

the conscious pain and suffering and necessary medical expenses incurred by Ms. Barros-Cepeda.

### COUNT VII  SURVIVAL ACTION – Officer Taylor

47.    Paragraphs 1–46 are incorporated herein by reference as though fully set forth.

48.    Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

49.    Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

50.    Plaintiff, Ms. Dancy-Stewart, claims damages against the defendant Officer Taylor for the conscious pain and suffering and necessary medical expenses incurred by Ms. Barros-Cepeda.

### COUNT VIII – GROSS NEGLIGENCE - Officer Taylor

51.    Paragraphs 1–50 are incorporated herein by reference as though fully set forth.

52.    Defendant Officer Taylor's conduct was deliberate and willful and was the direct and proximate cause of the injuries suffered by plaintiffs Mr. Carvalho and Ms. DaRosa.

53    Plaintiffs, Mr. Carvalho and Ms. DaRosa claim damages against defendant Officer Taylor for their physical pain and emotional trauma and for expenses they incurred for medical treatment they received as a result thereof.

### COUNT IX – NEGLIGENCE – City of Boston

54    Paragraphs 1-53 are incorporated herein by reference as though fully set forth.

55.    Defendant Officer Taylor's conduct was negligent and was the proximate cause of the

injuries suffered by plaintiffs Mr. Carvalho and Ms. DaRosa.

56.     At the time of the shooting, defendant Officer Taylor was an employee of the City of

Boston police department and was acting during the course and within the scope of his

employment.

57,     Plaintiffs, Mr. Carvalho and Ms. DaRosa claim damages against defendant City of

Boston for their physical pain and emotional trauma and for expenses they incurred for medical

treatment they received as a result thereof.

### COUNT X– INFLICTION OF EMOTIONAL DISTRESS – Officer Taylor

58.     Paragraphs 1–57 are incorporated herein by reference as though fully set forth.

59.     Defendant Officer Taylor's shooting at the vehicle and its occupants was intentional,

deliberate and willful and was extreme, outrageous and intolerable in a civilized society.

60.     As a direct and proximate result thereof, plaintiffs, Mr. Carvalho and Ms. DaRosa

suffered severe emotional distress and mental anguish and were otherwise greatly damaged.

### PRAYER FOR RELIEF

The Plaintiffs pray that this Honorable Court:

a)      Enter judgment in their favor on each and every count of this Complaint, and,

b)      Award them compensatory damages, and;

c)      Award punitive damages against defendant Officer Taylor: and;

d)      Award them the costs of this action, including reasonable attorney fees pursuant to 42

        U.S.C. §1988 and M.G.L. c. 12, §111, and,

e)      Award costs and interest, and;

f)      Award such other and further relief as this Court may deem appropriate.

9

**THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**


Respectfully submitted,
For the Plaintiff Shenia Dancy-Stewart, Adminstratratrix


Andrew Stockwell-Alpert
11 Beacon Street – Suite 1210
Boston, MA  02108
(617) 720-4244
B.B.O. #481190


_____          _____

Adelio DeMiranda                                       Rudolph F. Miller
DeMiranda & Pires, L.L.C.                          One McKinley Square
1212 Hancock Street                                    Boston, MA  02109
Quincy, MA 02169                                       (617) 723-9500
(617) 479-8222                                            B.B.O. #
B.B.O. #120210


_____          _____

William Keefe                                             James E. McCall
390 Centre Street                                        4 Longfellow Place – Suite 3703
Jamaica Plain, MA 02130                           Boston, MA  02114
(617) 983-9200                                            (617) 720-2900
B.B.O. #556817                                           B.B.O. #327365

For the Plaintiffs,
Luis Carvalho and Maria DaRosa


_____

Manuel R. Pires
DeMiranda & Pires, L.L.C.
1212 Hancock Street
Quincy, MA 02169
(617) 479-8222
B.B.O. #563967


10

FROM :A                                    FAX NO. :6172872819        Jul. 18 2005 12:16PM P2



# Shenia Dancy-Stewart & Associates, P.C.
## Attorneys At Law

925 Washington Street                                      Ten Malcolm X Boulevard
Suite 6                                                             Second Level
Dorchester, MA 02124                                          Boston, MA 02119
Tel: (617) 288-5454                                           Tel: (617) 516-3002
Fax:(617) 287-2819                                           Fax:(617) 287-2819

September 1, 2004

7003 1680 0001 8766 9048

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
*ARTICLE NO. 7003 1680 0001 8766 9048*
Mayor Thomas M. Menino
City of Boston
One City Hall Square
Boston, MA  02201

Re:  *M.G.L.c. 258 Notice of Claim*
     *Estate of Evelyn Barros-Cepeda*

Dear Mayor Menino:

This office has been appointed Temporary Administrator of the Estate of Evelyn Barros-Cepeda. You are herby notified, pursuant to the provisions of M.G.L.c. 258, §2, of a claim arising out of the following incident.

On September 8, 2002, a police officer employed with the City of Boston Police Department fired shots into a motor vehicle that was traveling in Dorchester. A totally innocent passenger, Evelyn Barros-Cepeda, who was seated in the rear of the vehicle was killed as a result of that shooting. She is survived by her husband, Carlos Cepeda, and her minor child, Nazce Barros-Cepeda, the sole heirs of her estate.

The police office who fired the shots was grossly negligent in doing so and the City of Boston was separately negligent in its training and supervision of their police officers with regard to the discharge of weapons. The wrongful death of Ms. Barros-Cepeda was the direct and proximate result of that negligence of the police officer and the City of Boston.

Mayor Thomas M. Menino
September 1, 2004
Page 2

Be advised that the Estate of Ms. Barros-Cepeda intends to pursue further legal action unless a
satisfactory settlement is reached. Feel free to contact this office in this regard at your first
convenience.

Sincerely yours,

Shenia M. Dancy-Stewart, Esq.

SMDS:kd



**Shenia Dancy-Stewart & Associates, P.C.**

*Attorneys At Law*

925 Washington Street
Suite 6
Dorchester, MA 02124

7003 1680 0001 8766 9048

Mayor Thomas M. Menino
City of Boston
One City Hall Square
Boston, MA 02201

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mayor Thomas Menino
City of Boston
One City Hall Square
Boston, MA  02201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:      ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)  7003 1680 0001 8766 9048

PS Form 3811, February 2004        Domestic Return Receipt

**ANDREW STOCKWELL-ALPERT**

ATTORNEY AT LAW
109 STATE STREET
BOSTON, MASSACHUSETTS 02109

(617) 720-4244

September 1, 2004

The Honorable Thomas M. Menino
Mayor of the City of Boston
City Hall
Fifth Floor
Boston, MA 02108

RE;    M.G.L. c. 258 NOTICE OF CLAIM
       CERTIFIED MAIL – RETURN RECEIPT  No. 70031010000464933258

Dear Mayor Menino,

This office and the office of DeMiranda & Pires, L.L.C. represent Maria DaRosa. You are hereby notified, pursuant to the provisions of M.G.L. c. 258, s.2 of a claim arising out of the following incident.

On September 8, 2002, a police officer employed with the City of Boston Police Department fired shots into a motor vehicle that was traveling in Dorchester. One passenger, Evelyn Barros-Cepeda, was killed as a result of that shooting. In fear for her life and safety, Maria DaRosa, who was seated in the back, fled from the vehicle while it was still in motion. As a result, she suffered serious bodily injury and mental anguish. The police officer who fired the shots was grossly negligent in doing so and the City of Boston was separately negligent in its training and supervision of their police officers with regard to the discharge of weapons. The injuries suffered by Ms. DaRosa were the direct and proximate result of that negligence of the police officer and the City of Boston.

Be advised that Ms. DaRosa intends to pursue further legal action unless a satisfactory settlement is reached. Feel free to contact this office in this regard at your first convenience.

Very truly yours,

Andrew Stockwell-Alpert



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas M. Menino
Mayor of the City of Boston
City Hall - Fifth Floor
Boston, MA. 02108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature.

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )     Date of Delivery

CITY CLERK
2004 SEP -8 PM 2:41
BOSTON, MA
RECEIVED OFFICE

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☑ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1010 0004 6493 3258

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540



Entered By: RosemarT                                    Correspondence #: 24227

# Correspondence

**Subject**  Claims Vs City (City Clerk)              **Date Received:**    9/3/2004

**Name:**  **MARIA DAROSA**                           **Constituent?  Yes**

   **TITLE**

**Affiliation**  **ANDREW STOCKWELL-ALPERT**

**Address:**  **109 STATE ST**
              **BOSTON, MA  02109**

   **TONE**  Complaint

**Routed To:**  **ROSARIA SALERNO**

**Reply:**                                  **Reply Date:**

 **Comment**  **ATTY ANDREW STOCKWELL-ALPERT**

**How Received: Correspondence**

**ANDREW STOCKWELL-ALPERT**

ATTORNEY AT LAW
109 STATE STREET
BOSTON, MASSACHUSETTS 02109

(617) 720-4244

September 1, 2004

The Honorable Thomas M. Menino
Mayor of the City of Boston
City Hall
Fifth Floor
Boston, MA 02108

RE;    M.G.L. c. 258 NOTICE OF CLAIM
       CERTIFIED MAIL – RETURN RECEIPT No. 70031010000464933241

Dear Mayor Menino,

This office and the office of DeMiranda & Pires, L.L.C. represent Luis Carvalho. You are hereby notified, pursuant to the provisions of M.G.L. c. 258, s.2 of a claim arising out of the following incident.

On September 8, 2002, a police officer employed with the City of Boston Police Department fired shots into a motor vehicle that was traveling in Dorchester. One passenger, Evelyn Barros-Cepeda, was killed as a result of that shooting. In fear for his life and safety, Luis Carvalho, who was seated in the back, fled from the vehicle while it was still in motion. As a result, he suffered serious bodily injury and mental anguish. The police officer who fired the shots was grossly negligent in doing so and the City of Boston was separately negligent in its training and supervision of their police officers with regard to the discharge of weapons. The injuries suffered by Mr. Carvalho were the direct and proximate result of that negligence of the police officer and the City of Boston.

Be advised that Mr. Carvahho intends to pursue further legal action unless a satisfactory settlement is reached  Feel free to contact this office in this regard at your first convenience.

Very truly yours,

Andrew Stockwell-Alpert



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas H. Menino
Mayor of the City of Boston
City Hall - Fifth Floor
Boston, MA. 02108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 1010 0004 6493 3241

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

Entered By: RosemarT                                    Correspondence #: 24228

# Correspondence

Subject   Claims Vs City (City Clerk)           Date Received:   9/3/2004

Name:  LUIS CARVALHO                            Constituent?  Yes

TITLE

Affiliation  ANDREW STOCKWELL-ALPERT

Address:  109 STATE ST

BOSTON, MA  02109

TONE  Complaint

Routed To:  ROSARIA SALERNO

Reply:                                 Reply Date:

Comment  ATTY ANDREW STOCKWELL-ALPERT

How Received: Correspondence

# REGISTRY DIVISION OF THE CITY OF BOSTON

### COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS, UNITED STATES OF AMERICA

Certificate **R** № 73350

*I, the undersigned, hereby certify that I hold the office of* ................................
*City Registrar of the City of Boston and I certify the following facts appear on the*
*records of Births, Marriages and Deaths kept in said City as required by law.*

---

**The Commonwealth of Massachusetts**

**STANDARD CERTIFICATE OF DEATH**

**REGISTRY OF VITAL RECORDS AND STATISTICS**

005475

REGISTERED NUMBER

STATE USE ONLY

| DECEDENT - NAME | FIRST | MIDDLE | LAST | SEX | DATE OF DEATH (Mo., Day, Yr.) |
|---|---|---|---|---|---|
| | EVELINE | BARROS | CEPEDA | F | SEPTEMBER 8, 2002 |

| PLACE OF DEATH (City/Town) | COUNTY OF DEATH | HOSPITAL OR OTHER INSTITUTION - Name (if not in either, give street and number) |
|---|---|---|
| BOSTON | SUFFOLK | BOSTON MEDICAL CENTER |

PLACE OF DEATH (Check only one): HOSPITAL: ☐ Inpatient ☒ ER/Outpatient ☐ DOA    OTHER: ☐ Nursing Home ☐ Residence ☐ Other (Specify)

SOCIAL SECURITY NUMBER    IF US WAR VETERAN SPECIFY WAR

WAS DECEDENT OF HISPANIC ORIGIN (if yes, Specify Puerto Rican, Dominican, Cuban, etc.) ☒ NO ☐ YES Specify:

RACE (e.g. White, Black, American Indian, etc.) (Specify) BLACK

DECEDENT'S EDUCATION (Highest Grade Completed) Elementary Sec (0-12) | College (1-4, 5+): 12

| AGE - Last Birthday (Yrs.) | UNDER 1 YEAR MOS. | UNDER 1 DAY DAYS | HOURS | MINS | DATE OF BIRTH (Mo., Day, Yr.) | BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|---|---|
| 25 | | | | | MARCH 22, 1977 | PRAIA CAPE VERDE |

| MARRIED, NEVER MARRIED WIDOWED OR DIVORCED | LAST SPOUSE (if wife, give maiden name) | USUAL OCCUPATION (Prior - if Retired) | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|---|
| MARRIED | CARLOS CEPEDA | HOMEMAKER | AT HOME |

| RESIDENCE - NO. & ST., CITY/TOWN, COUNTY, STATE/COUNTRY | ZIP CODE |
|---|---|
| 75 WAYLAND STREET BOSTON SUFFOLK MASSACHUSETTS | 02124 |

| FATHER - FULL NAME | STATE OF BIRTH (if not in US, name country) | MOTHER - NAME (GIVEN) (MAIDEN) | STATE OF BIRTH (if not in US, name country) |
|---|---|---|---|
| MARTIANO BARROS | CAPE VERDE | DOMINGUS DEPINA | CAPE VERDE |

| INFORMANT'S NAME | MAILING ADDRESS - NO. & ST., CITY/TOWN, STATE, ZIP CODE | RELATIONSHIP |
|---|---|---|
| DOMINGUS DEPINA | 75 WAYLAND STREET BOSTON MA 02124 | MOTHER |

METHOD OF IMMEDIATE DISPOSITION ☒ BURIAL ☐ CREMATION ☐ ENTOMBMENT ☐ REMOVAL FROM STATE ☐ DONATION ☐ OTH. SPEC.

| FUNERAL SERVICE LICENSEE OR OTHER DESIGNEE | LICENSE # |
|---|---|
| FLOYD A WILLIAMS III | 5649 |

| PLACE OF DISPOSITION (Name of Cemetery, Crematory or Other) | LOCATION (City/Town, State) |
|---|---|
| FAIRVIEW CEMETERY | BOSTON MASSACHUSETTS |

| DATE OF DISPOSITION (Mo., Day, Yr.) | NAME AND ADDRESS OF FACILITY OR OTHER DESIGNEE |
|---|---|
| SEPT 14, 2002 | FLOYD A WILLIAMS FH 490 COLUMBIA RD BOSTON MA 02125 |

PART I - Enter the diseases, injuries, or complications that caused the death. Do not use only the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line (a through d) PRINT OR TYPE LEGIBLY.

| IMMEDIATE CAUSE (Final disease or condition resulting in death) ➔ | GUNSHOT WOUND TO CHEST | Approximate Interval Between Onset and Death MINUTES |
|---|---|---|

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING

DUE TO (OR AS A CONSEQUENCE OF)

DUE TO (OR AS A CONSEQUENCE OF)

Boston Police Department                                      **Rules and Procedures**

**RULE 303**

upon the victim, or (2) that there is substantial risk that the felon in question will cause death or great bodily injury if their apprehension is delayed, or

C.  There is no less drastic means available to kill a dangerous animal or one so badly injured that humanity requires its removal from further suffering.

Officers who find it necessary, under the provisions of this rule, to discharge firearms shall exercise due care for the safety of persons and property in the area and shall fire only when reasonably certain that there is no substantial risk to bystanders.

**Sec. 7 Warning Shots and Signals:** Firearms shall not be used as a signaling device. A deadly weapon shall not be used to summon assistance or to give signals or to warn a fleeing felon to stop. This does not mean that officers may not discharge their firearm without the intent to kill or disable if in their best judgment there is no alternate method of convincing a would-be attacker that they are ready and able to defend themselves or others if the potential threat is not discontinued.

**Sec. 8 Moving Vehicles:** Firearms shall not be discharged at or from a moving vehicle unless the officer is being threatened with deadly force by an occupant of the target vehicle. This prohibition exists for two reasons:

A.  **the probability that bullets might ricochet and cause injury to innocent persons;**

B.  **the probability of the vehicle crashing and causing injury to innocent persons if the bullets do not ricochet but disable the operator.**

**Sec. 9 Permissible Weapons and Ammunition:** Officers shall carry on duty only weapons and ammunition authorized by the Department. Whenever an officer is carrying a currently issued Glock semi-automatic pistol, the pistol shall be carried with one round in the chamber and 14 rounds in the magazine. Spare magazines shall be loaded with 14 rounds each. However, other weapons as are authorized by the Department for special operations may be selectively issued or authorized by a Superior Officer if they are deemed necessary to ensure the safety and effectiveness of police operations. Officers armed with such weapons shall use those weapons in accordance with the provisions of this rule as well as any additional guidelines issued at the time.

It is the responsibility of a police officer not to accept a weapon unless the officer has qualified in its use. Prior to issue, the issuing Superior Officer shall inquire of any officer to whom a weapon is to be issued whether or not that officer is qualified in its use.

All necessary repairs or modifications to Department issued firearms and other weapons must be performed by a Department armorer or a Department approved gunsmith at the direction of the Commanding Officer of the Boston Police Range.

**Sec. 10 Reporting Firearms Discharges:** All firearm discharges, except discharges which occur during Department authorized or approved firearms training, while lawfully engaged in target practice or while hunting (unless a discharge occurring during one of

Page 4