```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

                          CIVIL ACTION NO. 05-11803-MLW
```

| |
|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA, MARIA DaROSA, and LUIS CARVALHO,<br>    <u>Plaintiffs</u>,<br><br>v.<br><br>THOMAS TAYLOR, Jr., and the CITY OF BOSTON,<br>    <u>Defendants</u>. |

**<u>DEFENDANT CITY OF BOSTON'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

Now comes the Defendant City of Boston ("the City"), and answers the Plaintiffs' Second Amended Complaint as follows:

<u>**INTRODUCTION**</u>

The two introductory paragraphs of Plaintiffs' complaint contains a statement summarizing Plaintiffs' allegations contained within the numbered paragraphs of their complaint, and thus no response is required. To the extent Plaintiffs' preliminary statement states any claim against Defendant the City, the statement is denied.

<u>**PARTIES**</u>

3.   Defendant City alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint, and therefore neither admits nor denies said allegations.

4.   Defendant City alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph four of the Complaint, and therefore neither admits nor denies said allegations.

1

5.  Defendant City alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint, and therefore neither admits nor denies said allegations.

6.  Defendant City alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint, and therefore neither admits nor denies said allegations.

7.  Defendant City admits the allegations contained in paragraph seven of the Complaint.

8.  Defendant City admits the allegations contained in paragraph eight of the Complaint.

## FACTUAL ALLEGATIONS

9.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint and therefore neither admits nor denies said allegations.

10. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint and therefore neither admits nor denies said allegations.

11. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Complaint and therefore neither admits nor denies said allegations.

12. Defendant City denies the allegations contained in paragraph ten of the Complaint.

13. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Complaint and therefore neither admits nor denies said allegations.

14. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint and therefore neither admits nor denies said allegations.

15. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint and therefore neither admits nor denies said allegations.

16. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint and therefore neither admits nor denies said allegations.

17. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen of the Complaint and therefore neither admits nor denies said allegations.

18. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint and therefore neither admits nor denies said allegations.

19. Defendant City does not answer paragraph nineteen of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph nineteen alleges any claim against Defendant City, it is denied.

20. Defendant City does not answer paragraph twenty of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph twenty alleges any claim against Defendant City, it is denied.

21. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint and therefore neither admits nor denies said allegations.

22. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph twenty-two of the Complaint and therefore neither admits nor denies said allegations.

23. Defendant City does not answer paragraph twenty-three of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph twenty-three alleges any claim against Defendant City, it is denied.

### STATEMENT OF CLAIMS

### COUNT I
### 42 U.S.C. §1983-WRONGFUL DEATH-Officer Taylor

24. Defendant City realleges and incorporates its Answers to paragraphs one through twenty-four of the Plaintiffs' Complaint as though fully set forth herein.

Defendant City does not answer the allegations contained in paragraph twenty-five of the Complaint as said allegations are not directed against Defendant City.

### COUNT II
### 42 U.S.C. §1983 SURVIVAL ACTION-Officer Taylor

26. Defendant City realleges and incorporates its Answers to paragraphs one through twenty-six of the Plaintiffs' Complaint as though fully set forth herein.

Defendant City does not answer the allegations contained in paragraphs twenty-six through twenty-nine of the Complaint as said allegations are not directed against Defendant City.

### COUNT III
### 42 U.S.C. §1983-UNREASONABLE SEIZURE-Officer Taylor

30. Defendant City realleges and incorporates its Answers to paragraphs one through thirty of the Plaintiffs' Complaint as though fully set forth herein.

Defendant City does not answer the allegations contained in paragraph thirty-one of the Complaint as said allegations are not directed against Defendant City.

4

<u>COUNT IV</u>
<u>42 U.S.C. § 1983-MUNICIPAL LIABILITY-City of Boston</u>

32. Defendant City realleges and incorporates its Answers to paragraphs one through thirty-two of the Plaintiffs' Complaint as though fully set forth herein.

33. Defendant City denies the allegations contained in paragraph thirty-three.

34. Defendant City denies the allegations contained in paragraph thirty-four.

35. Defendant City denies the allegations contained in paragraph thirty-five.

36. Defendant City denies the allegations contained in paragraph thirty-six.

37. Defendant City admits that a Suffolk County Grand Jury returned no indictment against Defendant Taylor. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegation that Suffolk County District Attorney Daniel Conley blamed the "unfortunate" death of Ms. Barros-Cepeda on the operator of the motor vehicle and therefore neither admits nor denies said allegations. Defendant City admits that at some point after the incident the policy regarding discharge of firearms at moving vehicles was changed, as to the remaining allegations, the City is without knowledge or information sufficient to form a belief as to the truth and therefore the City neither admits nor denies the remaining allegations.

38. Defendant City does not answer the allegations in paragraph thirty-eight of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph thirty-eight alleges any claim against Defendant City, it is denied.

## COUNT V
## VIOLAITON OF M.G.L. CH. 229-WRONGFUL DEATH- Officer Taylor

39. Defendant City realleges and incorporates its Answers to paragraphs one through thirty-nine of the Plaintiffs' Complaint as though fully set forth herein.

    Defendant City does not answer the allegations contained in paragraphs forty-nine (sic) through forty-two of the Complaint as said allegations are not directed against Defendant City.

## COUNT VI
## SURVIVAL ACTION-City of Boston

43. Defendant City realleges and incorporates its Answers to paragraphs one through forty-three of the Plaintiffs' Complaint as though fully set forth herein.

44. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four of the Complaint and therefore neither admits nor denies said allegations.

45. Defendant City does not answer paragraph forty-five of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph forty-five alleges any claim against Defendant City, it is denied.

46. Defendant City does not answer paragraph forty-six of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph forty-six alleges any claim against Defendant City, it is denied.

## COUNT VII
## SURVIVAL ACTION-Officer Taylor

47. Defendant City realleges and incorporates its Answers to paragraphs one through forty-seven of the Plaintiffs' Complaint as though fully set forth herein.

    Defendant City does not answer the allegations contained in paragraphs forty-seven through fifty of the Complaint as said allegations are not directed against Defendant City.

### COUNT VIII
### GROSS NEGLIGENCE-Officer Taylor

51. Defendant City realleges and incorporates its Answers to paragraphs one through fifty-one of the Plaintiffs' Complaint as though fully set forth herein.

   Defendant City does not answer the allegations contained in paragraphs fifty-two through fifty-three of the Complaint as said allegations are not directed against Defendant City.

### COUNT IX
### NEGLIGENCE-City of Boston

54. Defendant City realleges and incorporates its Answers to paragraphs one through fifty-four of the Plaintiffs' Complaint as though fully set forth herein.

55. Defendant City does not answer paragraph fifty-five of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph fifty-five alleges any claim against Defendant City, it is denied.

56. Defendant City admits the allegations contained in paragraph fifty-six.

57. Defendant City does not answer paragraph fifty-seven of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph fifty-seven alleges any claim against Defendant City, it is denied.

### COUNT X
### INFLICTION OF EMOTIONAL DISTRESS-Officer Taylor

58. Defendant City realleges and incorporates its Answers to paragraphs one through fifty-five of the Plaintiffs' Complaint as though fully set forth herein.

   Defendant City does not answer the allegations contained in paragraphs fifty-nine through sixty of the Complaint as said allegations are not directed against Defendant City.

### **Prayer for Relief**

The Defendant City denies that Plaintiffs are entitled to judgment as set forth in this paragraph of their First Amended Complaint and deny that Plaintiffs are entitled to damages or any relief.

**AFFIRMATIVE DEFENSES**

*First Affirmative Defense*

The Defendant, City of Boston, answering states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by the Defendant City of Boston.

*Second Affirmative Defense*

The Defendant, City of Boston, answering says that the Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

*Third Affirmative Defense*

The Defendant, City of Boston, answering states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

*Fourth Affirmative Defense*

The Defendant, City of Boston, answering states that the injuries and damages alleged were caused by the Plaintiffs' own intentional conduct and not the conduct of the Defendant City of Boston.

*Fifth Affirmative Defense*

The Defendant, City of Boston, answering states that the Plaintiffs have not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

*Sixth Affirmative Defense*

The Defendant, City of Boston, answering states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any

factual connection between alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiffs' constitutional rights.

### *Seventh Affirmative Defense*

The Defendant, City of Boston, answering states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### *Eighth Affirmative Defense*

The Defendant, City of Boston, answering states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claim against the City of Boston.

### *Ninth Affirmative Defense*

The Defendant, City of Boston, states that it is a municipality against which punitive damages may not be assessed.

### *Tenth Affirmative Defense*

The Defendant, City of Boston, states that the Plaintiffs have failed to comply with the presentment requirements of M.G.L. c. 258.

### *Eleventh Affirmative Defense*

The Defendant, City of Boston, is not liable for any intentional conduct by an employee pursuant to G.L. c. 258 §10(c).

### *Twelfth Affirmative Defense*

The Defendant, City of Boston, states that it is not liable in this matter pursuant to the "public duty rule," G. L. c. 258 §10(j).

*Wherefore*, the Defendant City of Boston requests this Court to dismiss this action and whatever such other relief as it deems appropriate.

## RESERVATION OF RIGHTS CLAUSE

Defendant reserve its rights to amend its answer and to assert ay additional affirmative defenses as may become available or apparent during the course of discovery in this case.

## JURY CLAIM

The Defendant demands a trial by jury on all claims.

Respectfully submitted,

DEFENDANT CITY OF BOSTON
By its attorneys:


/s/ Kate Cook
_____
Kate Cook, BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022


/s/Helen G. Litsas
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
(617) 635-4023