UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the
Estate of EVELINE BARROS-
CEPEDA, MARIA DaROSA, and
LUIS CARVALHO,
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the
CITY OF BOSTON,
    Defendants.

**DEFENDANT THOMAS TAYLOR JR.'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

    Now comes the Defendant Thomas Taylor Jr. ("Taylor") and answers the Plaintiffs' Second Amended Complaint as follows:

**INTRODUCTION**

    The two introductory paragraphs of Plaintiffs' complaint contains a statement summarizing Plaintiffs' allegations contained within the numbered paragraphs of their complaint, and thus no response is required.  To the extent Plaintiffs' preliminary statement states any claim against Defendant Taylor, the statement is denied.

**PARTIES**

3.    Defendant Taylor admits that there was a shooting incident and that as a result, Ms. Barros-Cepeda died.  Defendant Taylor alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph three of the Complaint, and therefore neither admits nor denies said allegations.

4.    Defendant Taylor alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph four of

1

the Complaint, and therefore neither admits nor denies said allegations.

5. Defendant Taylor alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint, and therefore neither admits nor denies said allegations.

6. Defendant Taylor alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint, and therefore neither admits nor denies said allegations.

7. Defendant Taylor admits the allegations contained in paragraph seven of the Complaint.

8. Defendant Taylor admits the allegations contained in paragraph eight of the Complaint.

**FACTUAL ALLEGATIONS**

9. Defendant Taylor admits that on or about September 8, 2002, around 12:30 a.m. Ms. Barros-Cepeda was a passenger in the rear seat of a vehicle being operated on Dunkel Street. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nine of the Complaint and therefore neither admits nor denies said allegations.

10. Defendant Taylor admits that on or about September 8, 2002, around 12:30 a.m. he was on foot at the intersection of Dunkel and Fayston Street.

11. Defendant Taylor admits that he lost sight of a fellow police officer when the plaintiffs' vehicle turned onto Fayston Street. Defendant Taylor further admits that he drew his service revolver and shot at least three bullets in the general direction of the vehicle and the operator. Defendant Taylor denies that he drew his service revolver without first doing anything to verify that the other police officer had been or was injured by the motor vehicle.

12. Defendant Taylor denies the allegations contained in paragraph ten of the Complaint.

13. Defendant Taylor denies the allegations contained in paragraph thirteen of the Complaint.

14. Defendant Taylor denies the allegations contained in paragraph fourteen of the Complaint.

15. Defendant Taylor denies the allegations contained in paragraph fifteen of the Complaint.

16. Defendant Taylor denies the allegations contained in paragraph sixteen of the Complaint.

17. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen of the Complaint and therefore neither admits nor denies said allegations.

18. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint and therefore neither admits nor denies said allegations.

19. Defendant Taylor does not answer paragraph nineteen of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph nineteen alleges any claim against Defendant Taylor, it is denied.

20. Defendant Taylor does not answer paragraph twenty of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph twenty alleges any claim against Defendant Taylor, it is denied.

21. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint and therefore neither admits nor denies said allegations.

22. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two of the

   Complaint and therefore neither admits nor denies said allegations.

23. Defendant Taylor does not answer paragraph twenty-three of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph twenty-three alleges any claim against Defendant Taylor, it is denied.

## STATEMENT OF CLAIMS

### COUNT I
### 42 U.S.C. §1983-WRONGFUL DEATH-Officer Taylor

24. Defendant Taylor realleges and incorporates his Answers to paragraphs one through twenty-four of the Plaintiffs' Complaint as though fully set forth herein.

25. Defendant Taylor does not answer paragraph twenty-five of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph twenty-five alleges any claim against Defendant Taylor, it is denied.

### COUNT II
### 42 U.S.C. §1983 SURVIVAL ACTION-Officer Taylor

26. Defendant Taylor realleges and incorporates his Answers to paragraphs one through twenty-six of the Plaintiffs' Complaint as though fully set forth herein.

27. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint and therefore neither admits nor denies said allegations.

28. Defendant Taylor does not answer paragraph twenty-eight of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph twenty-eight alleges any claim against Defendant Taylor, it is denied.

29. Defendant Taylor does not answer paragraph twenty-nine of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph

twenty-nine alleges any claim against Defendant Taylor, it is denied.

## COUNT III
### 42 U.S.C. §1983-UNREASONABLE SEIZURE-Officer Taylor

30. Defendant Taylor realleges and incorporates his Answers to paragraphs one through thirty of the Plaintiffs' Complaint as though fully set forth herein.

31. Defendant Taylor does not answer paragraph thirty-one of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph thirty-one alleges any claim against Defendant Taylor, it is denied.

## COUNT IV
### 42 U.S.C. § 1983-MUNICIPAL LIABILITY-City of Boston

32. Defendant Taylor realleges and incorporates his Answers to paragraphs one through thirty-two of the Plaintiffs' Complaint as though fully set forth herein.

Defendant Taylor does not answer the allegations contained in paragraphs thirty-three through thirty-eight of the Complaint as said allegations are not directed against Defendant Taylor.

## COUNT V
### VIOLAITON OF M.G.L. CH. 229-WRONGFUL DEATH- Officer Taylor

39. Defendant Taylor realleges and incorporates his Answers to paragraphs one through thirty-nine of the Plaintiffs' Complaint as though fully set forth herein.

49. Defendant Taylor does not answer paragraph forty-nine (sic) of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph forty-nine (sic) alleges any claim against Defendant Taylor, it is denied.

41. Defendant Taylor does not answer paragraph forty-one of the Complaint, as it contains a conclusion of law to which no

5

response is required.  To the extent that paragraph forty-one alleges any claim against Defendant Taylor, it is denied.

42. Defendant Taylor does not answer paragraph forty-two of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph forty-two alleges any claim against Defendant Taylor, it is denied.

## COUNT VI
## SURVIVAL ACTION-City of Boston

43. Defendant Taylor realleges and incorporates his Answers to paragraphs one through forty-three of the Plaintiffs' Complaint as though fully set forth herein.

Defendant Taylor does not answer the allegations contained in paragraphs forty-three through forty-six of the Complaint as said allegations are not directed against Defendant Taylor.

## COUNT VII
## SURVIVAL ACTION-Officer Taylor

47. Defendant Taylor realleges and incorporates his Answers to paragraphs one through forty-seven of the Plaintiffs' Complaint as though fully set forth herein.

48. Defendant Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-eight of the Complaint and therefore neither admits nor denies said allegations.

49. Defendant Taylor does not answer paragraph forty-nine of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph forty-nine alleges any claim against Defendant Taylor, it is denied.

50. Defendant Taylor does not answer paragraph fifty of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph fifty alleges any claim against Defendant Taylor, it is denied.

## COUNT VIII
## GROSS NEGLIGENCE-Officer Taylor

51. Defendant Taylor realleges and incorporates his Answers to paragraphs one through fifty-one of the Plaintiffs' Complaint as though fully set forth herein.

52. Defendant Taylor does not answer paragraph fifty-two of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph fifty-two alleges any claim against Defendant Taylor, it is denied.

53. Defendant Taylor does not answer paragraph fifty-three of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph fifty-three alleges any claim against Defendant Taylor, it is denied.

## COUNT IX
## NEGLIGENCE-City of Boston

54. Defendant Taylor realleges and incorporates his Answers to paragraphs one through fifty-four of the Plaintiffs' Complaint as though fully set forth herein.

Defendant Taylor does not answer the allegations contained in paragraphs fifty-five through fifty-seven of the Complaint as said allegations are not directed against Defendant Taylor.

## COUNT X
## INFLICTION OF EMOTIONAL DISTRESS-Officer Taylor

58. Defendant Taylor realleges and incorporates his Answers to paragraphs one through fifty-five of the Plaintiffs' Complaint as though fully set forth herein.

59. Defendant Taylor denies all allegations in paragraph fifty-nine.

60. Defendant Taylor does not answer paragraph sixty of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph sixty alleges any claim against Defendant Taylor, it is denied.

**Prayer for Relief**

The Defendant denies that Plaintiffs are entitled to judgment as set forth in this paragraph of their First Amended Complaint and deny that Plaintiffs are entitled to damages or any relief.

### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Defendant Taylor answering says that the injuries and damages alleged were caused in whole or in part by the Plaintiffs' own intentional acts that were great or greater than any negligence of the Defendant Taylor.

*Second Affirmative Defense*

Defendant Taylor answering says that the Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

*Third Affirmative Defense*

Defendant Taylor answering states that the injury or damages alleged in Plaintifffs' Complaint was neither caused nor proximately caused by Defendant Taylor.

*Fourth Affirmative Defense*

By way of an affirmative defense, Defendant Taylor states that he is entitled to qualified immunity.

*Fifth Affirmative Defense*

At all times pertinent to this action, Defendant Taylor has acted in good faith and belief that his actions were in accordance with the laws of the Commonwealth of Massachusetts and the United States of America.

*Sixth Affirmative Defense*

Any injury or deprivation suffered by the Plaintiffs was caused in part or in whole by the actions of persons or entities over whom Defendant Taylor has no control and for whom Defendant Taylor is not responsible.

*Seventh Affirmative Defense*

Any injury or damage to the Plaintiffs may have been caused in whole or in part by the actions or failure to act of the Plaintiffs.

*Eighth Affirmative Defense*

By way of an affirmative defense, Defendant Taylor states that the Plaintiffs state a frivolous action and he is entitled to costs, expenses and attorney's fees pursuant to M.G.L. c. 231, section 6F.

*Ninth Affirmative Defense*

Defendant Taylor answering states that Plaintiffs' injuries, if any, were proximately caused by his own intentional conduct and not by the conduct of Defendant Taylor.

*Tenth Affirmative Defense*

Defendant Taylor answering states that he acted upon probable cause based upon reasonable grounds that the circumstances justified his conduct.

*Eleventh Affirmative Defense*

Defendant Taylor answering states that Plaintiffs have failed to allege any rights secured by the United States, or the Commonwealth of Massachusetts, that have been interfered with as mandated by M.G.L. c. 12, §11H.

*Twelfth Affirmative Defense*

Defendant Taylor answering states that Plaintiffs have failed to allege any rights secured by the United States, or the Commonwealth of Massachusetts, that have been interfered with by means of "threats, intimidation or coercion," as mandated by M.G.L. c. 12 §11H.

### *Thirteenth Affirmative Defense*

Defendant Taylor answering states that the Plaintiffs have not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### *Fourteenth Affirmative Defense*

Defendant Taylor answering states that the Plaintiffs, by their own acts, omissions, conduct and activities is estopped from asserting any claim against them.

**Wherefore**, the Defendant Taylor requests this Court to dismiss this action and whatever such other relief as it deems appropriate.

### RESERVATION OF RIGHTS CLAUSE

Defendant reserve its rights to amend its answer and to assert ay additional affirmative defenses as may become available or apparent during the course of discovery in this case.

### JURY CLAIM

The Defendant demands a trial by jury on all claims.

Respectfully submitted,

DEFENDANT THOMAS TAYLOR JR.
By his attorneys:


/s/ Kate Cook
_____
Kate Cook, BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022

/s/Helen G. Litsas
_____
Helen Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
(617) 635-4023

11