UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 NOV 13 A 11: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA<br>Plaintiff<br><br>v.<br><br>THOMAS TAYLOR, Jr., and the<br>CITY OF BOSTON<br>Defendants | Civil Action<br>No. 05-11803MLW |

**PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE
TO FILE AMENDED COMPPLAINT**

The plaintiff moves, with the defendant, City of Boston's assent, for leave to file the within Third Amended Complaint. This complaint is being filed to reflect the dismissal of two plaintiffs from the action and to streamline the pleadings accordingly.

Respectfully submitted

_/s/_
Andrew Stockwell-Alpert
11 Beacon Street –Suite 1210
Boston, MA 02108
617) 720-4244
BBO #481190

Assented by:

_/s/_
Kate Cook - BBO #650698
Corporation Counsel
City of Boston Law Department
Room 615 – City Hall
Boston, MA  02201
(617) 635-4022

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA, Plaintiff<br>v.<br>THOMAS TAYLOR, Jr., and the CITY OF BOSTON<br>Defendants | Civil Action<br>Docket No. 05-11803MLW<br><br>**PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY TRIAL DEMAND** |

## INTRODUCTION

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth Amendment to the United States Constitution against Thomas Taylor, Jr., (hereinafter, "Officer Taylor"), a police officer of the City of Boston, in his individual capacity and against the City of Boston. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.. It is alleged that Officer Taylor shot and killed Eveline Barros-Cepeda without legal cause or excuse and made an unreasonable seizure of her person, violating her rights under the Fourth Amendments to the United States Constitution and Article XIV of the Massachusetts Declaration of Rights. It is further alleged that these violations were committed as a result of policies and customs of the City of Boston.

## PARTIES

3. Eveline Barros-Cepeda, (hereinafter, Ms. Barros-Cepeda) was a black Cape Verdian who, at all times material to this complaint, lived in Dorchester, Massachusetts with her mother, Domingas DePina.. Ms. Barros-Cepeda was only twenty-five years old when she was shot and

1

killed by Defendant Officer Taylor. She left behind her husband, Carlos Cepeda and her two year old son, Nazee Barros-Cepeda. Domingas DePina, her mother, sought to be and was subsequently appointed legal guardian of Nazee Barros-Cepeda. She has been caring for him since he lost his mother.

4.  Plaintiff, Shenia Dancy-Stewart, (hereinafter, "Ms. Dancy-Stewart") is the Administratrix of the Estate of Ms. Barros-Cepeda by appointment of the Suffolk Probate & Family Court.

5  Defendant, Thomas Taylor, Jr., (hereinafter, "Officer Taylor") is and was, at all times material to this complaint, a duly appointed and acting police officer of the police department of the City of Boston, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston..

6  Defendant, City of Boston, is a municipal corporation, duly organized under the laws of the Commonwealth of Massachusetts and located in Suffolk County. The City of Boston is the public employer of Defendant Officer Taylor.

## FACTUAL ALLEGATIONS

7  On September 8, 2002, at around 12:30 A.M., Ms. Barros-Cepeda was a passenger in the rear seat of a motor vehicle being operated on Dunkel Street towards Fayston Street in Dorchester, Massachusetts.

8.  At that same time, Officer Taylor was on foot at the intersection of Dunkel and Fayston Street.

9.  When the motor vehicle turned onto Fayston Street, Defendant Officer Taylor temporarily lost sight of a fellow police officer who had been standing across the street from him. Without first doing anything to verify that the other police officer had been or was being

2

injured by the motor vehicle, Defendant Officer Taylor drew his service revolver and shot at least three bullets in the general direction of the vehicle and its operator.

10. Defendant Officer Taylor's firing at the operator and the motor vehicle under the circumstances violated the then-existing policies of the City of Boston police department on the use of deadly force.

11. There was no threat to Defendant Officer Taylor's life or safety from either the vehicle or any of its occupants.

12. Defendant Officer Taylor had no knowledge of and did not observe anything that would lead him to believe that anyone in the vehicle was armed or dangerous.

13. Defendant Officer Taylor had no prior knowledge and did not observe anything that would lead him to believe that anyone in the vehicle had been or was presently involved in any criminal wrongdoing.

14. Defendant Officer Taylor knew or should have known that he had little or no likelihood of hitting the driver or otherwise bringing the vehicle to a stop by shooting at it and a strong likelihood of causing injury or death to its passengers, bystanders and building residents.

15. One bullet passed through both the vehicle and Ms. Barros-Cepeda's body but did not immediately kill her. She was subsequently pronounced dead at the hospital. A copy of the death certificate is annexed hereto as "Exhibit A".

16. As a direct and proximate result of the acts of Defendant Officer Taylor, Ms. Barros-Cepeda suffered the following injuries and damages:

    a) Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure of her person;

    b) Loss of her life;

    c) Physical pain and suffering and emotional trauma and suffering.

    d) Funeral expenses.

17. Nazee Barros-Cepeda has suffered the untimely end of his relationship with his mother, with the corresponding loss of her love, care, affection, nurturing, companionship guidance, advice, assistance and financial and emotional support.

18. Carlos Cepeda has suffered the untimely end of his relationship with his spouse, with the corresponding loss of her services, affection, assistance, society, companionship, comfort, advice and guidance.

19. The actions of Defendant Officer Taylor violated Ms. Barros-Cepeda's clearly established and well settled federal constitutional right of freedom from the unreasonable seizure of her person.

### COUNT I  42 U.S.C. §1983 - WRONGFUL DEATH – Officer Taylor

20. Paragraphs 1–19 are incorporated herein by reference as though fully set forth.

21. Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and for funeral expenses under 42 U.S.C. §1983.

### COUNT II  42 U.S.C. §1983 - SURVIVAL ACTION – Officer Taylor

22. Paragraphs 1–21 are incorporated herein by reference as though fully set forth.

23. Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

24. Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the

Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

25. Plaintiff, Ms. Dancy-Stewart, claims damages against Officer Taylor for the conscious pain and suffering and necessary medical expenses incurred by Eveline Barros-Cepeda, under 42 U.S.C. §1983.

### COUNT III   42 U.S.C. §1983 – MUNICIPAL LIABILITY – City of Boston

26. Paragraphs 1–25 are incorporated herein by reference as though fully set forth.

27. Prior to September 8, 2002, the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston, which caused the violation of Ms. Barros-Cepeda's rights.

28. It was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them.

29. It was the policy and/or custom of the City of Boston to inadequately supervise and train its police officers, including the Defendant Taylor, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

30. As a result of the policies and customs, police officers of the City of Boston, including the Defendant Taylor, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. A Suffolk County Grand Jury returned no indictment against Defendant Officer Taylor for the unjustified, unlawful killing of Ms. Barros-Cepeda and he was neither disciplined nor

ordered to receive additional training in the discharge of firearms. In fact, in a press conference following the Grand Jury investigation, Suffolk County District Attorney Daniel Conley blamed the "unfortunate" death of Ms. Barros-Cepeda on the operator of the motor vehicle. Shortly thereafter, however, Boston Police Commissioner Paul Evans announced a change in the policy of the Boston Police Department regarding the discharge of firearms at moving vehicles.

32. The aforementioned policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Boston to the constitutional rights of persons within the City, and were the cause of the violations of Ms. Barros-Cepeda's rights alleged herein.

### COUNT IV – VIOLATION OF M.G.L. c.229 – WRONGFUL DEATH – Officer Taylor

33. Paragraphs 1–32 are incorporated herein by reference as though fully set forth.

34. Defendant Officer Taylor's shooting at the moving vehicle was deliberate and willful and in total disregard for the lives and safety of any of the passengers within it.

35. As a direct and proximate result thereof, Ms. Barros-Cepeda suffered the loss of her life.

36. Plaintiff, Ms. Dancy-Stewart, claims damages against defendant Officer Taylor for the Estate of Ms. Barros-Cepeda for her wrongful death and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and for funeral expenses.

### COUNT V  SURVIVAL ACTION – City of Boston

37. Paragraphs 1–36 are incorporated herein by reference as though fully set forth.

38. Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

39 Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

40. Plaintiff, Ms. Dancy-Stewart, claims damages against the defendant City of Boston for the conscious pain and suffering and necessary medical expenses incurred by Ms. Barros-Cepeda.

### COUNT VI  SURVIVAL ACTION – Officer Taylor

41. Paragraphs 1–40 are incorporated herein by reference as though fully set forth.

42. Ms. Barros-Cepeda was forced to endure great conscious pain and suffering and to incur expenses for the medical treatment she received prior to her death.

43. Ms. Barros-Cepeda filed no action during her lifetime, but under the laws of the Commonwealth of Massachusetts, this action survives and may be asserted by her Estate.

44. Plaintiff, Ms. Dancy-Stewart, claims damages against the defendant Officer Taylor for the conscious pain and suffering and necessary medical expenses incurred by Ms. Barros-Cepeda.

### PRAYER FOR RELIEF

The Plaintiff pray that this Honorable Court:

a) Enter judgment in her favor on each and every count of this Complaint, and,

b) Award compensatory damages, and;

c) Award punitive damages against defendant Officer Taylor: and;

d) Award the costs of this action, including reasonable attorney fees pursuant to 42 U.S.C. §1988 and M.G.L. c. 12, §111, and,

e) Award costs and interest, and;

f) Award such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
For the Plaintiff Shenia Dancy-Stewart, Adminstratratrix

*/s/ Andrew Stockwell-Alpert*
Andrew Stockwell-Alpert
11 Beacon Street – Suite 1210
Boston, MA 02108
(617) 720-4244
B.B.O. #481190

Manuel R. Pires
DeMiranda & Pires, L.L.C.
1212 Hancock Street
Quincy, MA 02169
(617) 479-8222
B.B.O. #563967

Adelio DeMiranda
DeMiranda & Pires, L.L.C.
1212 Hancock Street
Quincy, MA 02169
(617) 479-8222
B.B.O. #120210

Rudolph F. Miller
One McKinley Square
Boston, MA 02109
(617) 723-9500
B.B.O. #

William Keefe
390 Centre Street
Jamaica Plain, MA 02130
(617) 983-9200
B.B.O. #556817

James E. McCall
4 Longfellow Place – Suite 3703
Boston, MA 02114
(617) 720-2900
B.B.O. #327365