```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART, ET AL.   )
     Plaintiffs,               )
                               )
     v.                        )         CV No. 05-11803-MLW
                               )
THOMAS TAYLOR, Jr., ET AL.,    )
     Defendants.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                         January 29, 2008

In this civil rights and tort suit, the court-appointed administratrix of the estate of Eveline Barros-Cepeda brings suit against Boston Police Officer Thomas Taylor and the City of Boston following an incident in 2002 during which Officer Taylor allegedly fired into a car on Dunkel Street in Dorchester, Massachusetts, and Ms. Barros-Cepeda, a back-seat passenger in the car, subsequently died. Following a status conference on December 19, 2007, this court issued a scheduling order authorizing limited continuing discovery and scheduling a pretrial conference for May 15, 2008, and a trial to begin on May 27, 2008. The plaintiff has now submitted two discovery-related motions.

In her Emergency Motion for Clarification the plaintiff explains that following the December 19, 2007 status conference, she served written interrogatories on defendants. The defendants have refused to comply, citing this court's December 20, 2007 Order as authorizing only limited additional discovery, not including additional interrogatories by the plaintiff. The plaintiff

therefore seeks a clarification of the December 20, 2007 Order and an order compelling the defendants to respond to the interrogatories.

The defendants have correctly interpreted this court's December 20, 2007 Order as authorizing only the limited additional discovery explicitly discussed and ordered at the December 19, 2007 status conference. At the December 19, 2007 conference, the plaintiff made no mention of her desire to issue additional written interrogatories. Additional interrogatories at this time are incompatible with the schedule for expert disclosures, expert depositions, and trial that was established, with the consent of the plaintiff, at the December 19, 2007 conference and which was memorialized in the December 20, 2007 Order. Therefore, the plaintiff's motion for clarification and an order to compel is being denied.

On January 22, 2008, the plaintiff submitted a Motion for Leave to Videotape Defendant's Deposition seeking court permission to videotape the deposition, now scheduled for January 30, 2008, of Officer Taylor, the individual defendant in this case. The defendants oppose this request and seek a protective order under to Federal Rule of Civil Procedure 26(c) barring the requested videotaping. As grounds, defendants cite the behavior of plaintiff's counsel at prior depositions in the case, and argue that the requested videotaping is intended to "embarrass, annoy and

harras[s] Officer Taylor unnecessarily."[1].

The 1993 Amendments to the Federal Rules of Civil Procedure eliminated the need for court authorization of the recording of depositions by non-stenographic means. <u>See</u> Fed. R. Civ. P. 30(b)(2). Under this rule, a party may record a deposition by visual or sound and visual means simply by noticing his intent to do so in the deposition notice and without court authorization. <u>Id.</u> According to the Advisory Committee Notes, if another party objects to videotaping, he or she may file a motion for a protective order under Rule 26(c). <u>See</u> Advisory Committee Notes to 1993 Amendments to Rule 33. Officer Taylor has done so.

Under Rule 26(c), a party seeking a protective order bears the burden of showing good cause. <u>Public Citizen v. Liggett Group, Inc.</u>, 858 F.2d 775, 789 (1st Cir. 1988). Here, plaintiff's counsel's actions during prior depositions, although they may have caused annoyance to defense counsel, do not rise to the level of annoyance necessary for a protective order. Therefore, the defendants' request for a protective order is being denied.

The court is not now addressing any questions about the admissibility of the videotaped deposition. These issues will be addressed at the pretrial conference and/or at trial if necessary.

---

[1] Fed. R. Civ. P. 26(c) allows a protective order to "protect a party or person from annoyance, embarrassment, oppression, undue burden or expense."

3

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Emergency Motion for Clarification and for an Order to Compel (Docket No. 65) is DENIED.

2. Plaintiff's Motion for Leave to Videotape Defendant's Deposition (Docket No. 68) is ALLOWED and Defendants' Motion for a Protective Order (Docket No. 70) is DENIED.

                                                /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE