## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA, Plaintiff<br><br>v.<br><br>THOMAS TAYLOR, Jr., and the CITY OF BOSTON<br>Defendants | Civil Action No.0511803MLW |

### PLAINTIFF'S EMERGENCY MOTION TO COMPEL

Now comes the Plaintiff in the above-captioned matter and respectfully moves this Honorable Court to compel the witness Michael Paillant to be required to provide drawings and or markings related to his testimony during his deposition.

Further, the Plaintiff moves this Honorable Court to order defense Counsel to refrain from instructing any witness not to provide diagrams, drawings or markings in conjunction with any witness' testimony.

In support of this Motion, the Plaintiff, through Counsel, states the following:

1. On Thursday, January 31, 2008, during the deposition of Boston Police Officer Michael Paillant, Counsel for Plaintiff asked Officer Paillant to indicate certain locations on a map, obtained from the City of Boston which depicts the streets on which the incidents occurred in this case;

2. At that time, Counsel for the Defendants objected and refused to allow the witness to even place a mark on a city generated map depicting the location of his parked police cruiser;

3. The location of the vehicles, police officers, and alleged victims, at the time Officer Paillant was allegedly struck by a white Taurus vehicle and Evelyn Barros-Cepeda was shot and killed by Officer Taylor are among the most critical issues in this case;

4. In order to have a meaningful attempt at discovery, Plaintiff's Counsel must have the opportunity to ask witnesses questions as to

their location using a map or diagram, and the witness' markings and positions thereon, as an aid;

5.      Defendant's Counsel has employed this exact method in conducting the Defendants' depositions, repeatedly asking and instructing witnesses to indicate where on a map or diagram they were positioned at various relevant times. Most recently a witness, Trevo Carter, was asked by Defense Counsel to draw markings on a map provided by the defense;

6.      Federal Rules of Civil Procedure 30 (c) states in pertinent part: "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615.
        Federal Rules of Civil Procedure 30 (d)(1) states in pertinent part: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the Court, or to present a motion under Rule 30 (d)(4)."

        Defense Counsel has taken the blanket position, based upon an interpretation of Federal Rule 30 that a witness in a deposition is only to provide oral testimony without any references to diagrams or other chalks that may aid in eliciting testimony.

        **WHEREFORE**, Plaintiff respectfully moves this Honorable Court to compel the witness Michael Paillant to be required to provide drawings or markings related to his testimony during his deposition and order defense Counsel to refrain from instructing any witness not to provide diagrams, drawings or markings in conjunction with any witness' testimony.

Respectfully submitted,

Andrew Stockwell-Alpert
11 Beacon Street–Suite 1210
Boston, MA 02108
(617) 720-4244

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _1/31/08_.