UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA, Plaintiff<br><br>v.<br><br>THOMAS TAYLOR, Jr., and the CITY OF BOSTON<br>Defendants | Civil Action<br>No. 0511803MLW |

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE KEEPER OF THE RECORDS DEPOSITION

The Plaintiff moves for leave to conduct the Keeper of the Records Deposition the subpoena for which the Defendants have sought to quash. As grounds therefore, the Plaintiff states the following.

The Defendant City of Boston has ready access to the files sought by the Plaintiff. On information and belief, substantially all or most of the same files have been provided to other Plaintiff's attorneys in the past/. It is the recollection of Plaintiff's counsel that early in this litigation, the Court expressed the view that it would order the Defendant City to provide this information if it refused to do so upon request by the Plaintiff. Contrary to the Defendants' assertions in its Motion to Quash, the Plaintiff is not violating any rules and is not engaging in a back-door attempt at obtaining discovery. She is invoking a legitimate discovery vehicle that was never precluded by the Court to obtain vitally needed discovery in the case against the Defendant City of Boston. This deposition was scheduled within the week allotted and the subpoena was provided to the process server with a copy faxed to the Defendants well in advance of the seven days notice. It is unfortunate that it was not served timely. This situation can easily be remedied by rescheduling the deposition much as the Plaintiff has accommodated the Defendants in doing with their depositions.

The only genuine issue before the Court is whether the Plaintiff should be allowed to exceed the six depositions that were actually scheduled, four of which will have been completed as of this date been conducted because this particular Keeper of the Records was not originally listed as one of the ten.

At the scheduling conference, the Defendants indicated that they might want to depose some additional witnesses and were instructed by the Court that

they would have to file a Motion for leave to do so. The Plaintiff can only assume that the same would apply to her although she is well below her allotted ten depositions.

During the conference, the Defendants stated that they had not received any discovery from the Plaintiff and the Plaintiff had not responded to any of their own discovery requests, Interrogatories and Requests for Production of Documents that were now overdue. They further stated that they did not intend to seek any additional discovery of this type but intended to schedule depositions including some that the witnesses had already failed to attend. Based on these representations, the Court ordered the Plaintiff to provide all discovery within two weeks under peril of dismissal of the complaint.

The Plaintiff believed that she was free to serve written discovery upon the Defendants **after she had responded to their requests** and that "no **additional** discovery" applied to the Defendants. Therefore, the Plaintiff did not feel a need to even mention pursuing written discovery that could be answered within thirty days and prior to the scheduling of their own depositions. The Plaintiff could not imagine and did not foresee that her failure to bring up this issue would result in her being forever foreclosed from pursuing this discovery, particu7larly requests for all prior investigations of police shootings.

The Court has already expressed its reluctance to dismiss this case based on the Plaintiff's prior lack of prosecution of the suit. The plaintiff has since done everything in her power to pursue this litigation. If the Court precludes her from taking this deposition, she will be unable to prove her cause of action for municipal liability. This would work the greatest hardship on the minor son of the decedent and not on the attorneys as he will have been deprived of the opportunity to seek redress from the Defendant City of Boston for its own alleged wrongdoing.

Respectfully submitted,

Andrew Stockwell-Alpert
11 Beacon Street-Suite 1210
Boston, MA 02108
(617) 720-4244

**Certificate of Service**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____.