UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA, Plaintiff<br><br>v.<br><br>THOMAS TAYLOR, Jr., and the CITY OF BOSTON<br>　　　　　Defendants | Civil Action No.0511803MLW |



### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENA

The Plaintiff opposes the Defendants' Motion to Quash her Keeper of the Records Subpoena and sets forth the following as grounds therefore.

At the scheduling conference for which the Defendants have furnished the Court with a copy of the transcript, the scheduling of depositions was discussed at length. The Plaintiff enumerated ten witnesses, some of whose names were actually provided by the Defendants. Three Keepers of the Records depositions were enumerated and the Defendants were thus made aware that documents would be sought through depositions. These depositions were clearly designed to obtain documents to which no objection was made. The Defendants questioned only the relevance of these depositions which evidentiary issue was more or less brushed aside by the Court. Since the date of the hearing and in a timely manner, the plaintiff scheduled depositions for each of the five days allotted for the purpose, Lt. Stratford, whose name was not mentioned at the conference but went ahead without objection on Monday, January 28th, Det. Tyrone Camper from ballistics whose name was not mentioned at the conference but went ahead without objection on that same afternoon, Officers Flaherty, Connolly, Paillant and Taylor, taking place on Thursday, Friday and Monday.

The Plaintiff reasoned that the three Keeper depositions of witnesses other than employees of the defendant City of Boston required thirty days notice and therefore could not even be scheduled, let alone completed within the time frame prescribed by the Court. Therefore, the plaintiff abandoned her attempts to do so. Meanwhile, defense counsel Litsas "informed" the plaintiff that there were scheduling problems, namely her own need to appear elsewhere. Therefore no depositions could be conducted on Tuesday, one of the precious few days allotted. Plaintiff obliged by agreeing to "reschedule" it for a later date. Then the

would have to file a Motion for leave to do so. The Plaintiff can only assume that the same would apply to her although she is well below her allotted ten depositions.

At the conference, the Defendants stated that they had not received discovery from the Plaintiff and had not received responses to any of their own discovery requests, Interrogatories and Requests for Production of Documents. The Court ordered the Plaintiff to provide all discovery within two weeks during the holiday season. The Court also indicated that no further discovery would be conducted after the Plaintiff indicted it would not be making any further requests. The Plaintiff was under an honest but clearly mistaken belief (as subsequent events have shown) that the "no further discovery" applied to the defendants since the Plaintiffs had not served any discovery requests as of that date. The Court also made it clear that it did not want to see the case dismissed but that it would do so if the Plaintiff failed to meet the stringent deadline imposed. With this in mind, the Plaintiff also believed that it was obligated to make all discovery before conducting any of its own and it proceeded based on that belief. She was under the impression that she would then be able to proceed and very shortly after complying, sent her own discovery requests to the Defendant. Moreover, she did not think it would be necessary to conduct a Keeper deposition since she could request the material by way of a Request for Production of Documents. As it now stands, she has been effectively barred from ever obtaining these documents. The Plaintiff thought that if she showed diligent and consistent efforts to dig herself out of the hole that she had admittedly created herself, the Court would permit her to put the case back on track. If the Court precludes her form taking this deposition, she will, in all likelihood, be unable to establish municipal liability. This will totally undermine the ability of a small child whose mother was killed to obtain redress from the City for its alleged wrongdoing. In effect, it would be tantamount to the dismissal that the Court was loathing to do at the point at which the Plaintiff has made almost Herculean efforts to move this case expeditiously. The Plaintiff believes that this would not be in the interest of justice.

Respectfully submitted,

Andrew Stockwell-Alpert
11 Beacon Street-Suite 1210
Boston, MA 02108
(617) 720-4244

Certificate of Service
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on __1/31/08__.

CAJ