UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
        Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
        Defendants.

## DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR CONTEMPT AGAINST NONPARTY WITNESSES FOR FAILURE TO OBEY DEPOSITION SUBPOENAS AND THIS COURT'S ORDER COMPELLING THEIR DEPOSITION ATTENDANCE pursuant to fed. R. civ. P. 45(f)

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), move this Honorable Court for contempt because two relevant and percipient eyewitnesses, Maria DaRosa and Carlos Fernandes, have failed to attend their scheduled depositions despite receipt of a deposition subpoena and an Order from this Court compelling their attendance. See Exhibit A. Both of these individuals offer critical eyewitness information relevant to the September 8, 2002 incident which gives rise to this civil rights lawsuit. In accordance with Fed. R. Civ. P. 45(f), the Defendants move that both of these individuals be held in contempt until they comply with their deposition subpoena and this Court's December 27, 2007 Order compelling their deposition attendance.

By way of background, Plaintiff brings this civil rights suit following the death of the decedent, Eveline Barros-Cepeda. At the time of her death on September 8, 2002, the decedent

was traveling with Maria DaRosa, Luis Carlvalho and Carlos Fernandes in a vehicle driven by Brima Wurie. When the Wurie vehicle failed to heed police commands to stop, and then deliberately struck Boston Police Officer Michael Paillant, Officer Taylor discharged his firearm to apprehend Wurie and prevent further injury to Officer Paillant. Following this incident, Ms. Barros-Cepeda, a back seat passenger in the vehicle, suffered fatal wounds. These individuals, namely, Carlos Fernandes and Maria DaRosa, may offer relevant eyewitness testimony to the September 8, 2002 incident.

Over the past several months, the Defendants scheduled the depositions of Maria DaRosa and Carlos Fernandes numerous times, but on each occasion, the deponent failed to attend. Eventually, the Defendants filed a motion to compel, dated December 21, 2007, which was allowed by this Court. In accordance with this Court's December 27, 2007 Order, each of the deponents were served not only with a deposition subpoena, but also a copy of the Order compelling their attendance. The deposition of Maria DaRosa was scheduled for 10 a.m. on January 16, 2008. While both she and her counsel, Eduardo Masferrer, were informed of her deposition and the Court's December 27, 2007 Order, neither attended her deposition. Additionally, the deposition of Carlos Fernandes was scheduled for 10 a.m. on January 17, 2008, but he, too, failed to attend his deposition and comply with this Court's Order.

Accordingly, the Defendants' request that both Mr. Fernandes and Ms. DaRosa be held in contempt until they comply with their deposition subpoenas. See Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir.1975). Fed. R. Civ. P. 45(f) provides, in pertinent part, as follows:

> The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Here, the Defendants are aware of no adequate excuse warranting Ms. DaRosa's and Mr. Fernnandes' willful disobedience of their deposition subpoena and this Court's order. Accordingly, the Defendants request that they be held in contempt and ordered to attend depositions scheduled as follows:

1. Maria DaRosa                      9 a.m. on February 8, 2008

2. Carlos Fernandes               3 p.m. on February 8, 2008

*WHEREFORE*:  The Defendants City of Boston and Thomas Taylor, Jr. respectfully request that this Honorable Court allow their motion.

DEFENDANTS, THOMAS TAYLOR, JR. AND CITY OF BOSTON,

By their attorneys:


/s/ Helen G. Litsas
_____
Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090


Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617)635-4048


## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing, email, facsimile and by postage prepaid, first class, U.S. Mail.


1/31/08        /s/ Helen G. Litsas


Date           Helen G. Litsas

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 05-11803-MLW



SHENIA DANCY-STEWART as
Administratrix of the Estate of
EVELINE BARROS-CEPEDA, ,
  Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the
CITY OF BOSTON,
  Defendants.

## SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM TO MARIA DAROSA

To:      **MARIA DEROSA**

YOU ARE COMMANDED - under Rule 45 of the Federal Rules of Civil Procedure - to appear at the place, date, and time specified below to testify at the taking of deposition in the above case to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified in Schedule A, attached hereto, at the place, date, and time specified below in the above case:

PLACE OF TESTIMONY:
City of Boston Law Dept., Room 615
Boston City Hall
Boston, MA  02201

DATE AND TIME:
January 16, 2008– 10:00 a.m.

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE:   1/4/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Helen G. Litsas, Law Office Of Helen G. Litsas, Hollett Building, 38 Main Street, Saugus, MA 01906, (781)231-8090

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:

(C)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible

to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except  that, subject to the provisions

1

for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party

of clause (c )(3)(B(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or

information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON _____
                    DATE                                        SIGNATURE OF SERVER


_____
ADDRESS OF SERVER


## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, Massachusetts 02108

1/4/08
Date          Helen G. Litsas

3

## SCHEDULE A

Maria DeRosa is requested to provide the following documents in accordance with this subpoena:

1. Any and all journals, diaries or other writings compiled by Maria DeRosa following the death of Eveline Barros-Cepeda ("the decedent");

2. Any and all correspondence, electronic mail, documents and reports relating to any investigation of the death of Eveline Barros-Cepeda, including but not limited to any and all correspondence, electronic mail, documents or reports authored by or addressed to Dana Grant;

3. All documents relating to any medical care, treatment or examination of the on September 8, 2002;

4. All documents relating to the administration of the estate of Eveline Barros-Cepeda;

5. All documents relating to the child custody proceeding in the Suffolk Probate Court regarding the custody of the minor child of Eveline Barros-Cepeda and Carlos Cepeda;

6. All documents relating to any medical care, treatment or examination of the decedent for any emotional, nervous or mental illnesses or physical injuries from September 8, 1992 to September 8, 2002;

7. All documents relating to the decedent's lost wages, including but not limited to Federal and State Income Tax Returns for the two years prior to September 8, 2002;

8. All bills, estimates, statements and other such documents concerning the damages and expenses sustained and incurred by Carlos Cepeda, Nazzi Cepeda, and/or the decedent's estate as a result of the events and occurrences alleged in the Plaintiff's Complaint;

9. All documents relating to, commenting on, or constituting any statement of witnesses to the events and occurrences relating to the death of the decedent;

10. All documents relating to, commenting on, or constituting any statement of the Defendant Thomas Taylor;

11. All documents relating to, commenting on, or constituting any statement of the Defendant City of Boston regarding the September 8, 2002 incident;

12. All documents relating to, commenting on, or constituting any statement of Carlos Cepeda regarding the September 8, 2002 incident;

13. All photographs, diagrams, videotapes, audio tapes and/or other such records of any party, witness, participant or object related to these incidents and any investigations of it;

14. Any and all documents purporting to show the truth of the allegations contained in the Plaintiff's Complaint that either the City of Boston or Officer Thomas Taylor violated the decedent's civil rights;

15. All documents supporting the allegation that the City of Boston negligently trained, hired, supervised and assigned Boston Police Officer Thomas Taylor and any other police officers;

16. All documents supporting the allegation that the decedent's constitutional rights were violated by: (a) Defendant Thomas Taylor; and (b) Defendant City of Boston.

17. All documents supporting the allegation that the decedent suffered severe physical manifestations of emotional distress as a result of the defendants' actions;

18. All documents supporting the allegation that Officer Taylor's actions violated the City of Boston's policy on the use of deadly force;

19. All documents supporting the allegation that a bullet passed through Ms. Eveline Barros Cepeda's body, but did not immediately kill her;

20. All documents supporting the allegation that Officer Taylor's actions violated the Fourth Amendment rights of Ms. Eveline Barros-Cepeda;

21. All documents supporting the allegation that Ms. Eveline Barros-Cepeda suffered conscious pain and suffering and medical expenses prior to her death;

22. All documents supporting the allegation that the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston, which caused the violation of Barros-Cepeda's rights; and

23. All documents supporting the allegation that "it was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them;"

24. All documents supporting the allegation that Officer Taylor's shooting at a moving vehicle was not justified;

25. All documents supporting the allegation that Officer Taylor and other Officers "believed that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated;"

26.    All documents supporting the allegation that the City of Boston tolerated "unlawful, unreasonable, and unjustified stopping of motor vehicles by shooting at them and the people inside them;"

27.    All documents supporting the allegation that the City of Boston has failed to train and/or supervise Officer Thomas Taylor and any other Boston Police officers;

28.    All documents relating to any communication between you and any representative of the Boston Police Department regarding the subject matter of this action;

29.    Any and all documents relating to the expenses, incurred in connection with the funeral, burial, cremation or other means of attending to the decedent's remains and what is the name and address of each person incurring liability for such expenditures;

30.    Any and all documents relating to any settlement monies received relating to the decedent's death;

31.    Any and all documents relating to any type of settlement agreement, release, covenant-not-to-sue, covenant-not-to-enforce-judgment, a covenant-to-sue, or contract to limit recovery to specified assets, with any person, firm, corporation, insurer, or any other entity relating in any way to any of the incidents or injuries mentioned in your Complaint or any of the damages claimed under this lawsuit;

32.    Any and all documents relating to any autopsy performed on the decedent;

33.    Any and all documents relating to the financial support of the decedent;

34.    All notes, correspondence, memoranda, and other documents which constitute relate or pertain to correspondence between Maria DeRosa, and/or Carlos Cepeda or anyone acting on her or his behalf and any governmental agency, including but not limited to the Suffolk District Attorney's Office, regarding the subject matter of this action;

35.    All documents concerning payments or income from any source other than employment income for the period of January 1, 1992 to December 31, 2002, that the decedent applied for or received, including but not limited to, worker's compensation payments, insurance payments, unemployment compensation, pension benefits, social security benefits of any kind or disability payments;

36.    Any and all journals, diaries or other writings compiled by the decedent, Eveline Barros-Cepeda;

37.    Any and all journals, diaries or other writings compiled by Domingas DePina as they relate to Eveline Barros-Cepeda, Nazzi Cepeda and/or Carlos Cepeda; and

38.    All notes, correspondence, memoranda, and other documents which constitute relate or pertain to correspondence between you, your representative, or anyone on your behalf

6

and any governmental agency, including but not limited to the Suffolk District
Attorney's Office, regarding the subject matter of this action.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
    Defendants

---

## DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MOTION TO COMPEL DEPOSITIONS pursuant to fed. R. civ. P. 37 AND PROPOSED SCHEDULE OF WITNESS DEPOSITIONS PURSUANT TO THIS COURT'S december 20, 2007 order.

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), move this Honorable Court to compel the attendance of several relevant and percipient witnesses, including Maria DeRosa, Luis Carlvalho, Carlos Fernandes, and Trevo Carter. Additionally, the Defendants submit their proposed list and schedule of upcoming depositions.

In further support of said motion, the Defendants attach the accompanying Memorandum of Law.

*WHEREFORE*: The Defendants City of Boston and Thomas Taylor, Jr. respectfully requests that this Honorable Court allow their motion.

Allowed and so Ordered. Each of the witnesses listed in the attached memorandum, which is hereby made part of this Order, shall appear for his or her deposition at the time and dated stated in the Memorandum. Any failure to do so may be deemed a criminal and/or civil contempt. A copy of this Order

Respectfully submitted,
DEFENDANTS, THOMAS TAYLOR, JR.
AND CITY OF BOSTON,

By their attorneys:


/s/ Helen G. Litsas
_____
Helen G. Litsas #644848
Special Assistant Corporation Counsel.
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090


Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617)635-4048


## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing and by postage prepaid, first class, U.S. Mail.


12/21/07       /s/ Helen G. Litsas.


Date.          Helen G. Litsas

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
    Plaintiffs

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
    Defendants

## DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS pursuant to fed. R. civ. P.37 AND PROPOSED SCHEDUELE OF WITNESS DEPOSITIONS PURSUANT TO THIS COURT'S december 20, 2007 order

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), move this Honorable Court to compel the attendance of several relevant and percipient witnesses, including Maria DaRosa, Luis Carlvalho, Carlos Fernandes, and Travo Carter. On several different occasions, each of these four individuals have failed to attend their depositions. See Subpoenas, attached hereto as Exhibit A and returns of service, attached hereto as Exhibits B, C, D, and E. Each of these individuals offer information relevant to the September 8, 2002 incident which gives rise to this civil rights lawsuit.

By way of background, Plaintiff brings this civil rights suit following the death of the decedent, Eveline Barros-Cepeda. At the time of her death on September 8, 2002, the decedent was traveling with Maria DaRosa, Luis Carlvalho and Carlos Fernandes in a vehicle driven by Brima Wurie. When the Wurie vehicle failed to heed police commands to stop and then

deliberately struck Boston Police Officer Michael Paillant, Officer Taylor discharged his firearm to apprehend Wuxie and prevent further injury to Officer Paillant. Following this incident, Ms. Barros-Cepeda, a back seat passenger in the vehicle, suffered fatal wounds. Travo Carter was a bystander at the time of the incident, standing near the incident. He informed police investigators back in 2002 that he had witnessed the incident. Each of these individuals, therefore, may offer relevant eyewitness testimony to the September 8, 2002 incident. None of these individuals, however, have complied with deposition subpoenas and attended their depositions. Defendants have also attached for the Court a Proposed Order. See Exhibit F.

Additionally, prior to this Court's December 19, 2007 status conference, the Defendants had scheduled the continued deposition of Domingos Depina, for January 2, 2008 at 10:30 a.m. and Carlos Cepeda for January 4, 2007 (for document production only) at 10:00. Additionally, the Defendants had previously scheduled the deposition of Diane Cepeda at 11:00 a.m. for January 4, 2007. The Defendants apprise the Court of these individuals' depositions for informational purposes only and not for purposes of their motion to compel. It is Defendants' counsel understanding, based on their counsel's representations, that each of these individuals plan to attend their scheduled depositions. With the Court's permission, the Defendants wish to keep these depositions scheduled as planned.

Accordingly, the Defendants' proposed schedule for their remaining depositions is as follows:

| | |
|---|---|
| 1. Domingos Depina | 10:30 a.m. on January 2, 2008 |
| 2. Carlos Cepeda | 10:30 a.m. on January 4, 2008 (document production only) |
| 3. Diane Cepeda | 11:00 a.m. on January 4, 2008. |

4. Dana Grant                          10 a.m. on January 14, 2007

5. Trevo Carter                        2 p.m. on January 14, 2007

6. James Nicholas                      11 a.m. on January 15, 2007

7. Maria DaRosa                        10 a.m. on January 16, 2007

8. Luis Carlvalho                      2 p.m. on January 16, 2007

9. Carlos Fernandes                    10 a.m. on January 17, 2007

10. Brima Wurie                        11 a.m. on January 18, 2007


WHEREFORE: The Defendants City of Boston and Thomas Taylor, Jr. respectfully request that this Honorable Court allow their motion.

Respectfully submitted,
DEFENDANTS, THOMAS TAYLOR, JR.
AND CITY OF BOSTON,

By their attorneys:


/s/ Helen G. Litsas
_____

Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090


Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617)635-4048


## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing and by postage prepaid, first class, U.S. Mail.


12/21/07        /s/ Helen G. Litsas

Date            Helen G. Litsas


4

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/7/2008 | 12 Greenlea St - Dorchester, MA |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

Courtney Ford (mother)    In hand to Ford who advised he would provide to DeRosa.

SERVED BY (PRINT NAME)                    TITLE

John Ganel                    Private Invest.    Ford Advised that subpoena compelled testimony.

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON    1/7/2008

DATE                    SIGNATURE OF SERVER

1505 Beacon St - Brookline, MA

ADDRESS OF SERVER

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, Massachusetts 02108

1/4/08

Date                    Helen G. Latsas

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

## CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of
EVELINE BARROS-CEPEDA. ,
Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the
CITY OF BOSTON,
Defendants.



## SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM TO CARLOS FERNANDES

To:       CARLOS FERNANDES

        YOU ARE COMMANDED - under Rule 45 of the Federal Rules of Civil Procedure - to appear at
the place, date, and time specified below to testify at the taking of deposition in the above case to produce
and permit inspection and copying of the following documents or objects at the place, date, and time
specified in Schedule A, attached hereto, at the place, date, and time specified below in the above
case:

PLACE OF TESTIMONY:                          DATE AND TIME:
City of Boston Law Dept., Room 615           January 17, 2008– 10:00 a.m.
Boston City Hall
Boston, MA  02201

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE: 1/7/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Helen G. Litsas, Law Office Of Helen G. Litsas, Hollett Building, 38 Main Street, Saugus, MA 01906,
(781)231-8090

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(C)  PROTECTION OF PERSONS SUBJECT TO
SUBPOENAS.

    (1)    A party or an attorney responsible

to travel to a place more than 100 miles
from the place where that person resides, is
employed or regularly transacts business in
person, except  that, subject to the provisions

1

for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party

of clause (c )(3)(B)(iii) of this rule, such a person  may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or

information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,  or (iii)  requires a person who is not a party or an officer of a party to  incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON _____
       DATE                                  SIGNATURE OF SERVER

                                    ADDRESS OF SERVER

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

           Andrew Stockwell-Alpert
           11 Beacon Street, Suite 1210
           Boston, Massachusetts 02108

           Date       Helen G. Litsas

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
    Defendants

### DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MOTION TO COMPEL DEPOSITIONS pursuant to fed. R. civ. P. 37 AND PROPOSED SCHEDUELE OF WITNESS DEPOSITIONS PURSUANT TO THIS COURT'S december 20, 2007 order

Defendants, City of Boston and Thomas Taylor, Jr ("Defendants"), move this Honorable Court to compel the attendance of several relevant and percipient witnesses, including Maria DeRosa, Luis Carlvalho, Carlos Fernandes, and Trevo Carter. Additionally, the Defendants submit their proposed list and schedule of upcoming depositions.

In further support of said motion, the Defendants attach the accompanying Memorandum of Law.

*WHEREFORE*: The Defendants City of Boston and Thomas Taylor, Jr. respectfully requests that this Honorable Court allow their motion.

Allowed and so Ordered. Each of the witnesses listed in the attached memorandum, which is hereby made part of this Order, shall appear for his or her deposition at the time sta and dated stated in the Memorandum. Any failure to do so may be deemed a criminal and/or civil contempt. A copy of this Order

Respectfully submitted,
DEFENDANTS, THOMAS TAYLOR, JR.
AND CITY OF BOSTON,


By their attorneys:



/s/ Helen G. Litsas

_____

Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090



Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048



## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing and by postage prepaid, first class, U.S. Mail.


12/21/07        /s/ Helen G. Litsas


Date.        Helen G. Litsas

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
        Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
        Defendants.

---

## DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS pursuant to fed. R. civ. P. 37 AND PROPOSED SCHEDUELE OF WITNESS DEPOSITIONS PURSUANT TO THIS COURT'S december 20, 2007 order

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), move this Honorable Court to compel the attendance of several relevant and percipient witnesses, including Maria DaRosa, Luis Carlvalho, Carlos Fernandes, and Travo Carter. On several different occasions, each of these four individuals have failed to attend their depositions. See Subpoenas, attached hereto as Exhibit A and returns of service, attached hereto as Exhibits B, C, D, and E. Each of these individuals offer information relevant to the September 8, 2002 incident which gives rise to this civil rights lawsuit.

By way of background, Plaintiff brings this civil rights suit following the death of the decedent, Eveline Barros-Cepeda. At the time of her death on September 8, 2002, the decedent was traveling with Maria DaRosa, Luis Carlvalho and Carlos Fernandes in a vehicle driven by Brima Wurie. When the Wurie vehicle failed to heed police commands to stop and then

deliberately struck Boston Police Officer Michael Paillant, Officer Taylor discharged his firearm to apprehend Wuxie and prevent further injury to Officer Paillant. Following this incident, Ms. Barros-Cepeda, a back seat passenger in the vehicle, suffered fatal wounds. Trevo Carter was a bystander at the time of the incident, standing near the incident. He informed police investigators back in 2002 that he had witnessed the incident. Each of these individuals, therefore, may offer relevant eyewitness testimony to the September 8, 2002 incident. None of these individuals, however, have complied with deposition subpoenas and attended their depositions. Defendants have also attached for the Court a Proposed Order. See Exhibit F.

Additionally, prior to this Court's December 19, 2007 status conference, the Defendants had scheduled the continued deposition of Dominges Depina, for January 2, 2008 at 10:30 a.m. and Carlos Cepeda for January 4, 2007 (for document production only) at 10:00. Additionally, the Defendants had previously scheduled the deposition of Diane Cepeda at 11:00 a.m. for January 4, 2007. The Defendants apprise the Court of these individuals' depositions for informational purposes only and not for purposes of their motion to compel. It is Defendants' counsel understanding, based on their counsel's representations, that each of these individuals plan to attend their scheduled depositions. With the Court's permission, the Defendants wish to keep these depositions scheduled as planned.

Accordingly, the Defendants' proposed schedule for their remaining depositions is as follows:

1. Dominges Depina                   10:30 a.m. on January 2, 2008

2. Carlos Cepeda                     10:30 a.m. on January 4, 2008
                                     (document production only)

3. Diane Cepeda                      11:00 a.m. on January 4, 2008

..OF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/9/2008 | Donchesken, MA |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| Manuel Fernandes (father) | En-Hand |
| SERVED BY (PRINT NAME) | TITLE |
| John E. Gamel | Private Investigation |

DECLARATION OF SERVER

    I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON  1/9/2008

DATE

SIGNATURE OF SERVER

1507 Bescon St - Brookline, MA

ADDRESS OF SERVER


### CERTIFICATE OF SERVICE

    I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

        Andrew Stockwell-Alpert
        11 Beacon Street, Suite 1210
        Boston, Massachusetts  02108


    Date       Helen G. Litsas

3