UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY OF BOSTON,
    Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL

NOW COME the Defendants, City of Boston and Thomas Taylor, hereby and oppose Plaintiff's Emergency Motion to Compel. In support of their opposition, the Defendants state as follows:

On January 31, 2008, counsel for the Plaintiff took the deposition of Boston Police Officer, Michael Paillant for approximately five and one half hours, questioning him regarding all aspects of the September 8, 2002 firearm discharge incident which gives rise to this case. During this deposition, counsel for the Plaintiff requested that Officer Paillant create a sketch of the rapidly unfolding incident. Counsel for the Defendants objected and stated that although the deponent was certainly required to give oral testimony regarding all aspects of the incident, this obligation to testify did not extend to creating physical evidence during the deposition. The Plaintiff has now sought to compel the deponent to create evidence in the form of a drawing or diagram. There is no provision within either Fed. R. Civ. P. 30, or 45 which requires a witness to create physical evidence as part of a deposition.

Fed. R. Civ. P. 45(iii) commands a witness responding to a deposition subpoena to "attend and testify" and to "produce designated documents … in that person's possession, custody, or control." Rule 45 contains no provision which would require a witness responding to a subpoena to create physical evidence. Further, the Defendants can find nothing within the Federal Rules or any case law to support the proposition that creating a physical drawing or sketch would be included within a witness' Rule 45 obligation to "testify."

Additionally, Fed. R. Civ. P. 30(a) allows a party to depose any person "by oral questions." The Defendants certainly do not object to the Plaintiff questioning witnesses regarding all aspect of the incident or with regard to documents, maps or diagrams. However, requiring a witness to create physical evidence by making his own sketch or drawing goes beyond the scope of Rule 30. Where the applicable Rules of Civil Procedure do not impose a duty upon a witness to create a drawing as part of a deposition, that witness cannot be compelled to do so. See Udkoff v. Hiett, 676 So. 2d 522 (Fla. Dist. Ct. App. 1996).

WHEREFORE, the Defendants respectfully request that this Honorable Court deny Plaintiff's Emergency Motion to Compel.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON and
THOMAS TAYLOR

William F. Sinnott
Corporation Counsel
By its attorneys:


/s/ Evan C. Ouellette _____
Evan C. Ouellette, BBO # 655934
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201


Date: February 1, 2008_____

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a true copy of the attached document via electronic filing and served a true copy of the attached document by mail, facsimile and e-mail upon:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, MA 02108


/s/ Evan C. Ouellette____
Evan C. Ouellette

Date:  _February 1, 2008_