```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

SHENIA DANCY-STEWART, ET AL.   )
    Plaintiffs,              )
                              )
    v.                        )        C.A. No. 05-11803-MLW
                              )
THOMAS TAYLOR, Jr., ET AL.,    )
    Defendants.               )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                        January 31, 2008

    In this civil rights and tort suit, the court-appointed administratrix of the estate of Eveline Barros-Cepeda brings suit against Boston Police Officer Thomas Taylor and the City of Boston following an incident in 2002 during which Officer Taylor allegedly fired into a car on Dunkel Street in Dorchester, Massachusetts, and Ms. Barros-Cepeda, a back-seat passenger in the car, subsequently died. On December 20, 2007, after a December 19, 2007 status conference which followed the expiration of the original discovery period, this court issued a scheduling order authorizing limited additional discovery and scheduling a pretrial conference for May 15, 2008, and a trial to begin on May 27, 2008.

    On January 29, 2008, this court denied plaintiff's Emergency Motion for Clarification, which sought to compel defendants to respond to written interrogatories which plaintiffs had recently served on defendants, but which were not discussed at the status conference or authorized in the December 20, 2007 Memorandum and Order. The plaintiff has also served a deposition notice on the

Boston Police Department Keeper of Records, apparently seeking the same or similar documents that the plaintiff sought in the written interrogatories.  The defendants have moved to quash that subpoena.  The plaintiff opposes this motion to quash and moves for leave to depose the Keeper of Records.

As stated in its January 29, 2008 Memorandum and Order, "this court's December 20, 2007 Order [authorized] <u>only</u> the limited additional discovery explicitly discussed and ordered at the December 19, 2007 status conference." Jan. 29, 2008 Mem. and Order at 2.  At the December 19, 2007 conference, during extensive conversations about remaining discovery issues, the plaintiff did not raise or obtain authorization for the noticed Keeper of Records deposition.  <u>See</u> Dec. 19, 2007 Conf. Tr. at 20-21 (listing three records depositions requested by plaintiff not including this one).

The noticed deposition has the potential to complicate and protract this already protracted case.  The original discovery deadline of November 30, 2007 was established by this court in a scheduling order on August 28, 2006.  The plaintiff had ample time during the initial discovery period to issue written interrogatories or notice necessary document depositions.  Therefore, the plaintiff's motion for leave to depose the Keeper of Records is being denied and the defendants' motion to quash is being allowed.

Plaintiff's counsel notes that proceeding without this

discovery may harm the plaintiff's case. He asks the court not to punish the plaintiff for her counsel's mistaken impression of the discovery conference. However, the plaintiff hired plaintiff's counsel and, therefore, is foreseeably impacted by that counsel's decisions about prosecuting the case. This is not a reason to upend the discovery schedule established, with assent from plaintiff's counsel, at the December 19, 2007 conference or to further protract this discovery period.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to Take Keeper of the Records Deposition (Docket No. 74) is DENIED.

2. Defendant City of Boston's Motion to Quash Plaintiff's Deposition Subpoena to the Boston Police Department's Keeper of Records (Docket No. 72) is ALLOWED.

                                                        /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE