```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART, ET AL.  )
     Plaintiffs,              )
                              )
     v.                       )    C.A. No. 05-11803-MLW
                              )
THOMAS TAYLOR, Jr., ET AL.,   )
     Defendants.              )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        February 4, 2008

In this civil rights and tort suit, the court-appointed administratrix of the estate of Eveline Barros-Cepeda brings suit against Boston Police Officer Thomas Taylor and the City of Boston following an incident in 2002 during which Officer Taylor allegedly fired into a car on Dunkel Street in Dorchester, Massachusetts, and Ms. Barros-Cepeda, a back-seat passenger in the car, subsequently died. Two discovery-related motions are now before the court.

I. Plaintiff's Motion to Compel

On January 31, 2008, plaintiff filed a Motion to Compel asserting that defense counsel had improperly instructed certain deponents not to make markings on maps or charts during depositions and seeking an order compelling defense counsel not to do so at future depositions. In its opposition to this motion, the defendants explain that they do not object to deponents merely making marks on diagrams provided by the plaintiff. Rather, defendants assert that plaintiff's counsel asked a deponent to "make a sketch" from scratch during his deposition and argue that

1

the rules which require deposition testimony "as permitted at trial," see Fed. R. Civ. P. 30(c), do not permit plaintiff to request that deponents "create evidence in the form of a diagram or drawing" during a deposition.

Rule 30(c) allows questions at depositions "as permitted at trial." If plaintiff's motion merely regards the marking of maps or charts, it is being allowed because such conduct is permissible at trial.[1] If plaintiff's counsel did request that the deponent create a chart or sketch during a deposition, this is still permissible, and defense counsel is being ordered to permit this type of questioning. The creation of sketches or diagrams during testimony is permitted at trial, subject only to the limitations of Federal Rule of Evidence 403. Such diagrams or sketches are typically created to assist the jury in understanding a witness' testimony, are admitted as illustrations not as evidence, and are commonly referred to as "chalks". See, e.g., United States v. D'Antonio, 324 F.2d 667, 668 (3d Cir. 1963) (affirming district court ruling allowing use at trial of a blackboard diagram sketched by a witness during his testimony). The court is not now addressing any questions about the admissibility at trial of any sketches created during depositions in this matter.

---

[1] In addition, the transcript of a recent deposition submitted last week by defense counsel reveals her repeatedly asking witnesses to make marks on charts and maps.

II. <u>Defendants' Motion to Hold Nonparty Witnesses in Contempt</u>

On February 1, 2008, the defendants submitted an Emergency Motion for Contempt Against Nonparty Witnesses, seeking a contempt order against Maria DaRosa and Carlos Fernandes, two non-party witnesses who have failed to appear at their scheduled depositions. In a December 27, 2007 Order, this court compelled these witnesses to appear for depositions as part of a general order compelling all depositions laid out in the defendants' proposed deposition schedule. Separate orders are being issued ordering these two witnesses to show cause why they should not be held in contempt. For the reasons stated in those orders, defendants' Emergency Motion for Contempt is being allowed and a hearing is being scheduled to determine whether these two nonparty witnesses should be held in contempt.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Emergency Motion to Compel (Docket No. 73) is ALLOWED.

2. Defendants' Emergency Motion for Contempt (Docket No. 76) is ALLOWED subject to a hearing to be scheduled in a separate order to evaluate whether the nonparty witnesses should be held in contempt.

                                                     /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE