```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART, ET AL.    )
     Plaintiffs,                )
                                )
     v.                         )     C.A. No. 05-11803-MLW
                                )
THOMAS TAYLOR, Jr., ET AL.,     )
     Defendants.                )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                          February 5, 2008

In this civil rights and tort suit, the court-appointed administratrix of the estate of Eveline Barros-Cepeda brings suit against Boston Police Officer Thomas Taylor and the City of Boston following an incident in 2002 during which Officer Taylor allegedly fired into a car on Dunkel Street in Dorchester, Massachusetts, and Ms. Barros-Cepeda, a back-seat passenger in the car, subsequently died.

At a December 19, 2007 status conference in this matter, defense counsel informed the court that several witnesses to the 2002 incident had failed to appear for scheduled depositions. On December 27, 2007, therefore, this court granted the defendants' motion to compel the depositions of these witnesses. The December 27, 2007 ruling required nonparty witness Maria DaRosa to appear for a deposition at 10 a.m. on January 16, 2008. The Order further stated that "the witness[] listed . . . shall appear for his or her deposition at the time and date stated . . . [and any] failure to do so may be deemed a criminal and/or civil contempt."

The defendants have now requested that this court hold nonparty witness Maria DaRosa in civil contempt based on her failure to appear for a deposition on January 16, 2008 at 10:00 a.m., as was required by this court's December 27, 2007 Order and by a deposition subpoena allegedly served on Ms. DaRosa on January 7, 2008.

Federal Rule of Civil Procedure 45(e) states that "failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  Here, nonparty witness Maria DaRosa has not obeyed either the deposition subpoena issued by the defendants in this matter or this court's December 27, 2007 Order, both of which required her to appear for a deposition on January 16, 2008.

For these reasons, a hearing will be conducted at which nonparty witness Maria DaRosa must show cause why she should not be held in civil contempt based on her failure to obey this court's December 27, 2007 Order and the deposition subpoena allegedly served on her on January 7, 2008. At this hearing, Ms. DaRosa will receive "the opportunity to be heard 'at a meaningful time and in a meaningful manner'" required by due process in contempt proceedings.  See Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1343 (8th Cir. 1975).  Ms. DaRosa will have a "right to have counsel present and [a] right to present an explanation of [her] actions."  Id.; see also In re Grand Jury Proceedings, 786 F.2d 3,

7 (1st Cir. 1986).

Rule 45(e) allows civil contempt to enter based on the failure of any person to obey a subpoena "served upon that person." See also 9A Charles A. Wright & Arthur A. Miller, Federal Practice & Procedure §2460 (a nonparty witness "cannot be cited for contempt or subjected to sanctions if no subpoena has been served"). Here, there is some question as to whether the subpoena scheduling the January 16, 2008 deposition was properly served on Ms. DaRosa. Federal Rule of Civil Procedure 45(b)(1) indicates that service of a subpoena may be made by "delivering a copy thereof to such person." Although defendants' contempt motion states that they served a deposition subpoena and a copy of this court's order on Ms. DaRosa, the certificate of service attached to the subpoena indicates that it was not delivered personally her, but rather to "Courtney Ford." If Ms. DaRosa did not have notice of the January 16, 2008 subpoena, holding her in civil contempt may not be appropriate. However, if she was or is now aware of the subpoena, she must comply. This issue will be addressed at the hearing in this matter.

Accordingly, it is hereby ORDERED that:

1. By February 15, 2008, defendants shall properly serve on Ms. DaRosa a copy of this Order, the December 27, 2007 Order, the past deposition subpoenas in this matter, and a subpoena rescheduling her deposition for a date after February 15, 2008.

3

Defendants shall, by February 20, 2008, file a certification that she has been served personally and, therefore, properly.

    2.   A hearing to determine whether Ms. DaRosa should be held in civil contempt will be held on February 25, 2008, at 3:00 p.m. Ms. DaRosa and counsel for the parties in this matter shall attend this hearing.

                                        /s/ Mark L. Wolf
                                  UNITED STATES DISTRICT JUDGE