UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA,
**Plaintiff,**

v.

THOMAS TAYLOR, Jr., and the CITY OF BOSTON,
**Defendants**

### AFFIDAVIT OF HELEN G. LITSAS

I, HELEN G. LITSAS, on oath, do hereby depose the following:

1. I currently represent the Defendants, the City of Boston, and Thomas Taylor, Jr., in the above-captioned matter.

2. The second day of the deposition of nonparty witness Trevo Carter was scheduled for January 24, 2008. Mr. Carter agreed to this date during the first day of his deposition, held on January 17, 2008.

3. Mr. Carter was served with a subpoena requiring his deposition attendance on January 23, 2008.

4. Mr. Carter did not appear for his deposition on January 24, 2008.

5. When I contacted Mr. Carter by telephone regarding his failed appearance on January 24, 2008 that same day, Mr. Carter indicated that he had car trouble and was at the mechanic attempting to remedy his problem.

6. At that time, Mr. Carter agreed to return for his deposition on February 8, 2008.

7. On February 7, 2008, Mr. Carter was subsequently served with a subpoena requiring his deposition attendance on February 8, 2008.

8. On February 8, 2008, Mr. Carter failed to appear for his deposition.

9.  Attempts to contact Mr. Carter since that time have been futile.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 22nd OF FEBRUARY.

Helen G. Litsas
_____
/s/ Helen G. Litsas

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of
EVELINE BARROS-CEPEDA, ,
Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the
CITY OF BOSTON,
Defendants.

**SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM TO TRAVO CARTER**

TO:   TRAVO CARTER

YOU ARE COMMANDED - under Rule 45 of the Federal Rules of Civil Procedure - to appear at the place, date, and time specified below to testify at the taking of deposition in the above case to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified in Schedule A, attached hereto, at the place, date, and time specified below in the above case:

PLACE OF TESTIMONY:
City of Boston Law Dept., Room 615
Boston City Hall
Boston, MA  02201

DATE AND TIME:
January 24, 2008– 12:30 p.m.

_____
ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE: 1/18/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Helen G. Litsas, Law Office Of Helen G. Litsas, Hollett Building, 38 Main Street, Saugus, MA 01906, (781)231-8090

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:
(C)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except  that, subject to the provisions

1

for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)   fails to allow reasonable time for compliance;

    (ii)  requires a person who is not a party or an officer of a party

of clause (c)(3)(B(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)  subjects a person to undue burden.

  (B)  If a subpoena

    (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or

    information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**PROOF OF SERVICE**

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON _____
        DATE                      SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

        Andrew Stockwell-Alpert
        11 Beacon Street, Suite 1210
        Boston, Massachusetts  02108

_____
Date        Helen G. Litsas

## SCHEDULE A

Travo Carter is requested to provide the following documents in accordance with this subpoena:

1. Any and all journals, diaries or other writings compiled by Travo Carter following the death of Eveline Barros-Cepeda ("the decedent");

2. Any and all correspondence, electronic mail, documents and reports relating to any investigation of the death of Eveline Barros-Cepeda, including but not limited to any and all correspondence, electronic mail, documents or reports authored by or addressed to Dana Grant;

3. All documents relating to the administration of the estate of Eveline Barros-Cepeda,;

4. All documents relating to the child custody proceeding in the Suffolk Probate Court regarding the custody of the minor child of Eveline Barros-Cepeda and Carlos Cepeda;

5. All documents relating to, commenting on, or constituting any statement of Travo Carter or any other witness to the events and occurrences relating to the death of the decedent;

6. All documents relating to, commenting on, or constituting any statement of the Defendant Thomas Taylor;

7. All documents relating to, commenting on, or constituting any statement of the Defendant City of Boston regarding the September 8, 2002 incident;

8. All documents relating to, commenting on, or constituting any statement of Carlos Cepeda regarding the September 8, 2002 incident;

9. All photographs, diagrams, videotapes, audio tapes and/or other such records of any party, witness, participant or object related to these incidents and any investigations of it;

10. Any and all documents purporting to show the truth of the allegations contained in the Plaintiff's Complaint that either the City of Boston or Officer Thomas Taylor violated the decedent's civil rights;

11. All documents supporting the allegation that the City of Boston negligently trained, hired, supervised and assigned Boston Police Officer Thomas Taylor and any other police officers;

12. All documents supporting the allegation that the decedent's constitutional rights were violated by: (a) Defendant Thomas Taylor; and (b) Defendant City of Boston.

13. All documents supporting the allegation that the decedent suffered severe physical manifestations of emotional distress as a result of the defendants' actions;

14. All documents supporting the allegation that Officer Taylor's actions violated the City of Boston's policy on the use of deadly force;

15. All documents supporting the allegation that a bullet passed through Ms. Eveline Barros Cepeda's body, but did not immediately kill her;

16. All documents supporting the allegation that Officer Taylor's actions violated the Fourth Amendment rights of Ms. Eveline Barros-Cepeda;

17. All documents supporting the allegation that Ms. Eveline Barros-Cepeda suffered conscious pain and suffering and medical expenses prior to her death;

18. All documents supporting the allegation that the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston, which caused the violation of Barros-Cepeda's rights; and

19. All documents supporting the allegation that "it was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them;"

20. All documents supporting the allegation that Officer Taylor's shooting at a moving vehicle was not justified;

21. All documents supporting the allegation that Officer Taylor and other Officers "believed that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated;"

22. All documents supporting the allegation that the City of Boston tolerated "unlawful, unreasonable, and unjustified stopping of motor vehicles by shooting at them and the people inside them;"

23. All documents supporting the allegation that the City of Boston has failed to train and/or supervise Officer Thomas Taylor and any other Boston Police officers;

24. All documents relating to any communication between you and any representative of the Boston Police Department regarding the subject matter of this action;

25. Any and all documents relating to the expenses, incurred in connection with the funeral, burial, cremation or other means of attending to the decedent's remains and what is the name and address of each person incurring liability for such expenditures;

26. Any and all documents relating to any settlement monies received relating to the decedent's death;

27. Any and all documents relating to any type of settlement agreement, release, covenant-not-to-sue, covenant-not-to-enforce-judgment, a covenant-to-sue, or contract to limit recovery to specified assets, with any person, firm, corporation, insurer, or any other entity relating in any way to any of the incidents or injuries mentioned in your Complaint or any of the damages claimed under this lawsuit;

28. All notes, correspondence, memoranda, and other documents which constitute relate or pertain to correspondence between Carlos Cepeda or anyone on his behalf and any governmental agency, including but not limited to the Suffolk District Attorney's Office, regarding the subject matter of this action;

29. Any and all journals, diaries or other writings compiled by Eveline Barros-Cepeda;

30. Any and all journals, diaries or other writings compiled by Domingas DePina as they relate to Eveline Barros-Cepeda, Nazzi Cepeda and/or Carlos Cepeda; and

31. Any and all journals, diaries or other writings compiled by Domingas DePina as they relate to Eveline Barros-Cepeda, Nazzi Cepeda and/or Carlos Cepeda; and

32. All notes, correspondence, memoranda, and other documents which constitute relate or pertain to correspondence between you, your representative, or anyone on your behalf and any governmental agency, including but not limited to the Suffolk District Attorney's Office, regarding the subject matter of this action.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA,
**Plaintiff,**

v.

THOMAS TAYLOR, Jr., and the CITY OF BOSTON,
**Defendants**

### AFFIDAVIT OF HELEN G. LITSAS

I, HELEN G. LITSAS, on oath, do hereby depose the following:

1. I currently represent the Defendants, the City of Boston, and Thomas Taylor, Jr., in the above-captioned matter.

2. The second day of the deposition of nonparty witness Trevo Carter was scheduled for January 24, 2008. Mr. Carter agreed to this date during the first day of his deposition, held on January 17, 2008.

3. Mr. Carter was served with a subpoena requiring his deposition attendance on January 23, 2008.

4. Mr. Carter did not appear for his deposition on January 24, 2008.

5. When I contacted Mr. Carter by telephone regarding his failed appearance on January 24, 2008 that same day, Mr. Carter indicated that he had car trouble and was at the mechanic attempting to remedy his problem.

6. At that time, Mr. Carter agreed to return for his deposition on February 8, 2008.

7. On February 7, 2008, Mr. Carter was subsequently served with a subpoena requiring his deposition attendance on February 8, 2008.

8. On February 8, 2008, Mr. Carter failed to appear for his deposition.

9. Attempts to contact Mr. Carter since that time have been futile.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 22nd OF FEBRUARY.

Helen G. Litsas
_____
/s/ Helen G. Litsas

2

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/23/2008 | 39 Mellen St; Dorchester, MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Travis Carter | By leaving a copy at Carter's home 39 Mellen St. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John E. Gamel | Private Investigator |

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON  1/23/2008        John E. Gamel
               DATE              SIGNATURE OF SERVER

ADDRESS OF SERVER

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, Massachusetts  02108

1/21/08         Helen G. Litsas
Date

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of
EVELINE BARROS-CEPEDA, ,
Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the
CITY OF BOSTON,
Defendants.

## SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM TO TRAVO CARTER

TO:         TRAVO CARTER

YOU ARE COMMANDED - under Rule 45 of the Federal Rules of Civil Procedure - to appear at the place, date, and time specified below to testify at the taking of deposition in the above case to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified in Schedule A, attached hereto, at the place, date, and time specified below in the above case:

PLACE OF TESTIMONY:
City of Boston Law Dept., Room 615
Boston City Hall
Boston, MA 02201

DATE AND TIME:
February 8, 2008– 12:30 p.m.

_____
ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE: 2/6/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Helen G. Litsas, Law Office Of Helen G. Litsas, Hollett Building, 38 Main Street, Saugus, MA 01906, (781)231-8090

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible

to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions

1

for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party

of clause (c)(3)(B(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or

information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**PROOF OF SERVICE**

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

**DECLARATION OF SERVER**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON _____
        DATE                     SIGNATURE OF SERVER

                                 _____
                                 ADDRESS OF SERVER

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, Massachusetts 02108

2/6/08                    [signature]
Date                      Helen G. Litsas

3

## SCHEDULE A

Travo Carter is requested to provide the following documents in accordance with this subpoena:

1. Any and all journals, diaries or other writings compiled by Travo Carter following the death of Eveline Barros-Cepeda ("the decedent");

2. Any and all correspondence, electronic mail, documents and reports relating to any investigation of the death of Eveline Barros-Cepeda, including but not limited to any and all correspondence, electronic mail, documents or reports authored by or addressed to Dana Grant;

3. All documents relating to the administration of the estate of Eveline Barros-Cepeda,;

4. All documents relating to the child custody proceeding in the Suffolk Probate Court regarding the custody of the minor child of Eveline Barros-Cepeda and Carlos Cepeda;

5. All documents relating to, commenting on, or constituting any statement of Travo Carter or any other witness to the events and occurrences relating to the death of the decedent;

6. All documents relating to, commenting on, or constituting any statement of the Defendant Thomas Taylor;

7. All documents relating to, commenting on, or constituting any statement of the Defendant City of Boston regarding the September 8, 2002 incident;

8. All documents relating to, commenting on, or constituting any statement of Carlos Cepeda regarding the September 8, 2002 incident;

9. All photographs, diagrams, videotapes, audio tapes and/or other such records of any party, witness, participant or object related to these incidents and any investigations of it;

10. Any and all documents purporting to show the truth of the allegations contained in the Plaintiff's Complaint that either the City of Boston or Officer Thomas Taylor violated the decedent's civil rights;

11. All documents supporting the allegation that the City of Boston negligently trained, hired, supervised and assigned Boston Police Officer Thomas Taylor and any other police officers;

12. All documents supporting the allegation that the decedent's constitutional rights were violated by: (a) Defendant Thomas Taylor; and (b) Defendant City of Boston.

13. All documents supporting the allegation that the decedent suffered severe physical manifestations of emotional distress as a result of the defendants' actions;

14. All documents supporting the allegation that Officer Taylor's actions violated the City of Boston's policy on the use of deadly force;

15. All documents supporting the allegation that a bullet passed through Ms. Eveline Barros Cepeda's body, but did not immediately kill her;

16. All documents supporting the allegation that Officer Taylor's actions violated the Fourth Amendment rights of Ms. Eveline Barros-Cepeda;

17. All documents supporting the allegation that Ms. Eveline Barros-Cepeda suffered conscious pain and suffering and medical expenses prior to her death;

18. All documents supporting the allegation that the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston, which caused the violation of Barros-Cepeda's rights; and

19. All documents supporting the allegation that "it was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City, including but not limited to the unlawful, unreasonable and unjustified stopping of moving vehicles by shooting at them and the people inside them;"

20. All documents supporting the allegation that Officer Taylor's shooting at a moving vehicle was not justified;

21. All documents supporting the allegation that Officer Taylor and other Officers "believed that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated;"

22. All documents supporting the allegation that the City of Boston tolerated "unlawful, unreasonable, and unjustified stopping of motor vehicles by shooting at them and the people inside them;"

23. All documents supporting the allegation that the City of Boston has failed to train and/or supervise Officer Thomas Taylor and any other Boston Police officers;

24. All documents relating to any communication between you and any representative of the Boston Police Department regarding the subject matter of this action;

5

25. Any and all documents relating to the expenses, incurred in connection with the funeral, burial, cremation or other means of attending to the decedent's remains and what is the name and address of each person incurring liability for such expenditures;

26. Any and all documents relating to any settlement monies received relating to the decedent's death;

27. Any and all documents relating to any type of settlement agreement, release, covenant-not-to-sue, covenant-not-to-enforce-judgment, a covenant-to-sue, or contract to limit recovery to specified assets, with any person, firm, corporation, insurer, or any other entity relating in any way to any of the incidents or injuries mentioned in your Complaint or any of the damages claimed under this lawsuit;

28. All notes, correspondence, memoranda, and other documents which constitute relate or pertain to correspondence between Carlos Cepeda or anyone on his behalf and any governmental agency, including but not limited to the Suffolk District Attorney's Office, regarding the subject matter of this action;

29. Any and all journals, diaries or other writings compiled by Eveline Barros-Cepeda;

30. Any and all journals, diaries or other writings compiled by Domingas DePina as they relate to Eveline Barros-Cepeda, Nazzi Cepeda and/or Carlos Cepeda; and

31. Any and all journals, diaries or other writings compiled by Domingas DePina as they relate to Eveline Barros-Cepeda, Nazzi Cepeda and/or Carlos Cepeda; and

32. All notes, correspondence, memoranda, and other documents which constitute relate or pertain to correspondence between you, your representative, or anyone on your behalf and any governmental agency, including but not limited to the Suffolk District Attorney's Office, regarding the subject matter of this action.

02/06/2008 04:08 FAX   7812318094         CANON                                    ☑004/007

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 2/7/2008 @ 9:30 AM | 39 Mellen St. #2 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Travo Carter | By leaving @ residence (under door to Apt 2) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John E. Gamel | Private Investigator |

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON  2/7/2008
              DATE                         SIGNATURE OF SERVER

1501 Beacon St. Brookline, MA
ADDRESS OF SERVER

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff at:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, Massachusetts 02108

2/6/08
Date          Helen G. Litsas

3