UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
    Defendants.

## DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR CONTEMPT AGAINST NONPARTY WITNESS TREVO CARTER FOR FAILURE TO OBEY DEPOSITION SUBPOENAS AND THIS COURT'S ORDER COMPELLING HIS DEPOSITION ATTENDANCE pursuant to fed. R. civ. P. 45(f)

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), move this Honorable Court for contempt because a relevant and percipient eyewitness, Trevo Carter, has failed to attend the continuation of his scheduled deposition despite receipt of deposition subpoenas and an Order from this Court compelling his attendance. See Exhibit A. Trevo Carter offers critical eyewitness information relevant to the September 8, 2002 incident which gives rise to this civil rights lawsuit. In accordance with Fed. R. Civ. P. 45(f), the Defendants move that Mr. Carter be held in contempt until he complies with his deposition subpoena and this Court's December 27, 2007 Order compelling his deposition attendance.

By way of background, Plaintiff brings this civil rights suit following the death of the decedent, Eveline Barros-Cepeda. At the time of her death on September 8, 2002, the decedent was traveling with Maria DaRosa, Luis Carlvalho and Carlos Fernandes in a vehicle driven by

Brima Wurie. When the Wurie vehicle failed to heed police commands to stop, and then deliberately struck Boston Police Officer Michael Paillant, Officer Taylor discharged his firearm to apprehend Wurie and prevent further injury to Officer Paillant. Following this incident, Ms. Barros-Cepeda, a back seat passenger in the vehicle, suffered fatal wounds. Trevo Carter, a pedestrian eyewitness, was present in the area at the time this incident occurred and offers relevant testimony to the September 8, 2002 incident.

Over the past several months, the Defendants scheduled the deposition of Trevo Carter on several occasions, but the deponent failed to attend his deposition. Eventually, the Defendants filed a motion to compel, dated December 21, 2007, which was allowed by this Court. In accordance with this Court's December 27, 2007 Order, Mr. Carter was served not only with a deposition subpoena, but also a copy of the Order compelling his attendance. The deposition of Trevo Carter was then scheduled and held for several hours on January 17, 2008 at 2 p.m. See Exhibit A, Transcript of Trevo Carter's First Day of His Deposition. At the time Mr. Carter's deposition was suspended, counsel for the defendants had not completed questioning of the witness nor did plaintiff's counsel have an opportunity to cross-examine the witness. See id.

During Mr. Carter's deposition, he indicated that his child care issues necessitated his departure and requested that his deposition be completed on another day. See Exhibit A, at 88. Mr. Carter's availability was then evaluated and he agreed to appear for the second day of his deposition on Thursday, January 24, 2008 at 12:30 p.m. See id. Mr. Carter had indicated that while he works Monday through Wednesday, he would be available either on a Thursday or a Friday. Mr. Carter was then subsequently served with a subpoena for this rescheduled second day of his of his deposition. See Exhibit C, Subpoena and Return of Service for Trevo Carter's January 24, 2008 Deposition. Mr. Carter, however, failed to appear for the second day of his

deposition on January 24, 2008. See id. When counsel consulted with Mr. Carter on January 24, 2008 by telephone requesting his deposition attendance that day, Mr. Carter indicated that he had "car trouble" and was presently at the mechanic attempting to remedy these troubles. See Exhibit B. At that time, Mr. Carter agreed to return for the second day of his deposition on February 8, 2008 at 12:30 p.m. See id. Once again, Mr. Carter was served with a subpoena requiring his attendance at his February 8, 2008 deposition. See Exhibit D, Subpoena and Return of Service for Trevo Carter's February 8, 2008 Deposition. However, Mr. Carter failed to appear for his deposition. See Exhibit B. Since February 8, 2008, Counsel have attempted to contact Mr. Carter, but these efforts have proved futile. See id.

Accordingly, the Defendants' request that Mr. Carter be held in contempt until he complies with his deposition subpoenas. See Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir.1975). Fed. R. Civ. P. 45(f) provides, in pertinent part, as follows:

> The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Here, the Defendants are aware of no adequate excuse warranting Mr. Carter's willful disobedience of his deposition subpoena and this Court's order. Accordingly, the Defendants request that he be held in contempt and ordered to attend his deposition scheduled as follows:

1. Trevo Carter                              11 a.m. on March 1, 2008
                                              City Hall, Rm. 615
                                              Boston, MA 02210

WHEREFORE: The Defendants City of Boston and Thomas Taylor, Jr. respectfully request that this Honorable Court allow their motion.

3

DEFENDANTS, THOMAS TAYLOR, JR. AND CITY OF BOSTON,

By their attorneys:

/s/ Helen G. Litsas

---

Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090

Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048

**CERTIFICATE OF SERVICE**

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing, email, facsimile and by postage prepaid, first class, U.S. Mail.

2/22/08          /s/ Helen G. Litsas

Date             Helen G. Litsas

4