```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART,         )
     Plaintiff,               )
                              )
     v.                       )        C.A. No. 05-11803-MLW
                              )
THOMAS TAYLOR, Jr., ET AL.,   )
     Defendants.              )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      February 26, 2008

In this civil rights and tort suit, the court-appointed administratrix of the estate of Eveline Barros-Cepeda brings suit against Boston Police Officer Thomas Taylor and the City of Boston following an incident in 2002 during which Officer Taylor allegedly fired into a car on Dunkel Street in Dorchester, Massachusetts, and Ms. Barros-Cepeda, a back-seat passenger in the car, subsequently died.

At a December 19, 2007 status conference in this matter, defense counsel informed the court that several witnesses to the 2002 incident had failed to appear for scheduled depositions. On December 27, 2007, therefore, the court granted the defendants' motion to compel the depositions of these witnesses. The December 27, 2007 ruling required nonparty witness Travo Carter to appear for a deposition at 2:00 p.m. on January 14, 2008. The Order further stated that "the witness[] listed . . . shall appear for his or her deposition at the time and date stated . . . [and any] failure to do so may be deemed a criminal and/or civil contempt."

Although Mr. Carter appeared for his deposition on January 14, 2008, he left before direct examination was complete and before the plaintiff's counsel had begun cross-examination. At the January 14, 2008 deposition, a continuation of the deposition was scheduled, with agreement from Mr. Carter, for January 24, 2008. On January 23, 2008, the defendants left a copy of a subpoena for the January 24, 2008 deposition at Mr. Carter's residence, but he failed to appear on January 24, 2008.

When defense counsel contacted Mr. Carter by telephone on January 24, 2008, Mr. Carter indicated that car trouble had prevented him from attending the deposition that day and he agreed to appear for a deposition on February 8, 2008. On February 7, 2008, the defendants left a copy of a subpoena for the February 8, 2008 deposition at Mr. Carter's residence. Mr. Carter did not appear for the February 8, 2008 deposition and, according to the defendants, subsequent attempts to reach him have been "futile."

The defendants have now requested that the court hold Mr. Carter in civil contempt based on his failure to appear for the continuation of his deposition on either January 24, 2008 or February 8, 2008.

Federal Rule of Civil Procedure 45(e) states that "failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Here, nonparty witness Travo Carter has not

2

obeyed the two deposition subpoenas issued by the defendants in this matter requiring his continued deposition on January 24, 2008 and February 8, 2008. It is necessary to determine whether he had an adequate excuse for failure to appear. If not, he may be held in civil and/or criminal contempt.

The court is now ordering Mr. Carter to appear at a continuation of his deposition on March 7, 2008, at a time to be determined by the defendants. If Mr. Carter fails to appear at the continuation of his deposition on March 7, 2008, a hearing will be conducted at which Mr. Carter must show cause why he should not be held in contempt based on his failure to appear for any of the scheduled continuations of his depostion.

At this hearing, Mr. Carter will receive "the opportunity to be heard 'at a meaningful time and in a meaningful manner'" required by due process in contempt proceedings. See Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1343 (8th Cir. 1975). Mr. Carter will have a "right to have counsel present and [a] right to present an explanation of [his] actions." Id.; see also In re Grand Jury Proceedings, 786 F.2d 3, 7 (1st Cir. 1986).

Accordingly, it is hereby ORDERED that:

1. By March 5, 2008, defendants shall personally serve on Mr. Carter a copy of this Order, the prior subpoenas scheduling the continuation of his deposition, and a subpoena rescheduling the continuation of his deposition for March 7, 2008.

2. The defendants shall, by March 6, 2008, file a certification that Mr. Carter has been served personally or explain what alternative service has been made.

3. Mr. Carter shall appear on March 7, 2008 for the continuation of his deposition at the time and place indicated by the defendants in the subpoena to be issued to him. Any failure to appear as ordered in the subpoena may be deemed a civil and/or criminal contempt.

4. The defendants shall file a status report by March 10, 2008, informing the court whether Mr. Carter appeared for the continuation of his deposition on March 7, 2008.

5. If Mr. Carter does not appear for his March 7, 2008 deposition, a hearing to determine whether he should be held in civil contempt will be held on March 13, 2008 at 1:00 p.m. Mr. Carter and counsel for the defendants and plaintiff in this matter shall attend the hearing.

/s/ Mark L. Wolf  
UNITED STATES DISTRICT JUDGE