UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
    Defendants.

**DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL NONPARTY WITNESS LUIS CARVALHO'S DEPOSITION TESTIMONY**

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), hereby move this Honorable Court for an Order requiring Mr. Luis Carvalho to answer various deposition questions that do not implicate his Fifth Amendment right against self-incrimination. Mr. Carvalho's deposition was held on January 16, 2008 and during his deposition, Mr. Carvalho asserted his Fifth Amendment so expansively that he refused to answer innocuous questions ranging from where he attended high school to where he was currently employed. See Exhibit A, Deposition Transcript of Luis Carvalho. The Defendants now seek an Order compelling Mr. Carvalho to answer the myriad of deposition questions posed to him that have no bearing on his Fifth Amendment right.

### I. Factual Backdrop

By way of background, the Plaintiff brings this civil rights suit following the death of the decedent, Eveline Barros-Cepeda. At the time of her death on September 8, 2002, the decedent

was traveling with Maria DaRosa, Luis Carvalho and Carlos Fernandes in a vehicle driven by Brima Wurie. When the Wurie vehicle failed to heed police commands to stop, and then deliberately struck Boston Police Officer Michael Paillant, Officer Taylor discharged his firearm to apprehend Wurie and prevent further injury to Officer Paillant. Following this incident, Ms. Barros-Cepeda, a back seat passenger in the vehicle, suffered fatal wounds. Luis Carvalho, therefore, is an individual who may offer relevant eyewitness testimony to the September 8, 2002 incident. Moreover, at the inception of this litigation, Mr. Carvalho was a plaintiff in this action. His claims against the Defendants, however, have been dismissed voluntarily.

## II. Mr. Carvalho's January 16, 2008 Deposition

At his deposition, held on January 16, 2008, Luis Carvalho, accompanied by his own counsel, refused on Fifth Amendment grounds to answer the majority of questions posed to him, including questions regarding the events of September 8, 2002 as well as innocuous background questions and other questions unrelated to the events of September 8, 2002. Mr. Carvalho, for example, refused to answer questions regarding whether he knew certain individuals, whether he was previously a plaintiff in this action, whether he kept any notes regarding the September 8, 2002 incident, whether he had a criminal record, and even where he went to high school. See Exhibit A.

While it is well-established that Mr. Carvalho, as a non-party witness in a civil case, may assert his Fifth Amendment privilege against self-incrimination in the course of pretrial discovery, he cannot use the privilege in blanket fashion to foreclose all discovery efforts. McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp., 115 F.R.D. 528, 529-530 (D. Mass.1987), citing de Antonio v. Solomon, 41 F.R.D. 447, 449 (D. Mass.1966); see also Gatoil, Inc. v. Forest Hill State Bank, 104 F.R.D. 580, 581 (D.Md.1985); E.F. Hutton & Co.

v. Jupiter Development Corp. Ltd., 91 F.R.D. 110, 114 (S.D.N.Y.1981). "[T]he Federal Rules of Civil Procedure do not contemplate a complete refusal to participate in any discovery pertaining to an action which may have criminal overtones." McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp., 115 F.R.D. 528 (D. Mass.1987), citing de Antonio v. Solomon, 41 F.R.D. at 449; Gatoil, Inc. v. Forest Hill State Bank, 104 F.R.D. at 581; Guy v. Abdulla, 58 F.R.D. 1, 2 (N.D. Ohio 1973).

Moreover, simply because an individual invokes the privilege does not mean it must necessarily be recognized. Rather, "[i]t is for the court to say whether his silence is justified, and to require [the claimant] to answer if 'it clearly appears to the court that he is mistaken.' " Hoffman, 341 U.S. at 486. "If it 'clearly' appears to the court that the witness is 'mistaken' or is advancing his or her claim as a subterfuge, the court should compel the witness to answer." In re Brogna, 589 F.2d 24, 27 (1st Cir.1978).

Over the course of his deposition, Mr. Carvalho invoked his Fifth Amendment privilege well beyond the appropriate questions. Certainly, the background questions asked of him, his knowledge of certain individuals, his criminal record, his participation in this lawsuit as a plaintiff, inter alia, do not reasonably implicate the Fifth Amendment. See McIntyre's Mini Computer Sales Group, Inc., supra at 530. While the Defendants recognize that Mr. Carvalho may have a valid privilege with respect to questions that focus on the September 8, 2002 alleged shooting on Cushing Avenue, see, e.g. Exhibit A at 44-45, his Fifth Amendment privilege is not viable with respect to the specific Dunkeld Street incident that gives rise to this lawsuit. That is, no Fifth Amendment privilege is valid with respect to Mr. Carvalho's eyewitness observations as to what occurred when the driver of the vehicle in which he was purportedly traveling in struck the Boston Police Officer Paillant, including what observations he made, if any, as to the alleged

shooting by Officer Taylor, nor of the events that followed.

By his expansive invocation of the Fifth Amendment during the majority of his deposition questioning, Mr. Carvalho "sought to exercise a privilege which would effectively shut the door to any pretrial discovery from him. Such a blanket exercise of the privilege is insufficient to relieve [Carvalho] of the duty to respond to the questions put to him." McIntyre's Mini Computer Sales Group, Inc., supra at 530; see also S.E.C. v. First Financial Group of Texas, Inc., 659 F.2d 660, 668 (5th Cir.1981); United States v. Gomez-Rojas, 507 F.2d 1213, 1219-20 (5th Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 41 (1975); Carter-Wallace, Inc. v. Hartz Mountain Industries, Inc., 553 F. Supp. 45, 50 (S.D.N.Y.1982).

Under governing precedent, Mr. Carvalho may assert his Fifth Amendment privilege against self-incrimination only when "a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486-87 (1951). It does not appear that the deposition questions centered specifically on the vehicle's collision with Boston Police Officer Michael Paillant and the shooting incident involving the decedent are "dangerous" for Fifth Amendment purposes. See id. Moreover, it is undisputed that on May 12, 2006 the driver of the vehicle, Brima Wurie, pled guilty to various charges stemming from the September 8, 2002 incident, including assault and battery with a dangerous weapon, driving to endanger, leaving the scene of an injury, and operating without a license. Furthermore, at no point has the District Attorney's office sought to bring any charges against Mr. Carvalho nor is there any indication that further charges are pending now, some six years later since the incident. The questions posed to Mr. Carvalho, therefore, do not suggest that any "injurious disclosure" could occur.

Accordingly, the Defendants request that Mr. Carvalho be compelled to answer those

deposition questions which would not elicit incriminating disclosures and which he refused to answer.

*WHEREFORE*: The Defendants City of Boston and Thomas Taylor, Jr. respectfully request that this Honorable Court allow their motion.

DEFENDANTS, THOMAS TAYLOR, JR. AND CITY OF BOSTON,

By their attorneys:

/s/ Helen G. Litsas
_____
Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090


Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617)635-4048

## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing

and by postage prepaid, first class, U.S. Mail, and to counsel for Mr. Carvalho by regular mail and facsimile.

    2/29/08        /s/ Helen G. Litsas

    Date          Helen G. Litsas