UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
          Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
          Defendants.

**DEFENDANTS CITY OF BOSTON'S AND THOMAS TAYLOR'S EMERGENCY MOTION TO COMPEL DIANE CEPEDA'S DEPOSITION pursuant to fed. R. civ. P. 37 AND PROPOSED SCHEDUELE OF WITNESS DEPOSITIONS PURSUANT TO THIS COURT'S december 20, 2007 order**

Defendants, City of Boston and Thomas Taylor, Jr. ("Defendants"), move this Honorable Court pursuant to Fed. Civ. R. P. 37 for an order compelling the attendance of a relevant witness, Diane Cepeda, for her deposition in the above-captioned matter.

By way of background, Plaintiff brings this civil rights suit following the death of the decedent, Eveline Barros-Cepeda. At the time of her death on September 8, 2002, the decedent was traveling with several passengers in a vehicle driven by Brima Wurie. When the Wurie vehicle failed to heed police commands to stop, and then deliberately struck Boston Police Officer Michael Paillant, Officer Taylor discharged his firearm to apprehend Wurie and prevent further injury to Officer Paillant. Following this incident, Ms. Barros-Cepeda, a back seat passenger in the vehicle, suffered fatal wounds. Upon information and belief, Diane Cepeda may offer relevant testimony on both liability and damages.

Over the past several months, the Defendants have scheduled Diane Cepeda's deposition on several occasions, but she has failed to appear and testify at her deposition. Diane Cepeda's depositions have been scheduled for December 21, 2007, January 11, 2008, and January 24, 2008. For each scheduled deposition, she was served with a deposition subpoena. See Exhibit A, B, and C (Returns of Service for Diane Cepeda's Deposition Subpoenas). At no time has Ms. Cepeda complied with the subpoena and provided testimony. While she initially appeared at City Hall for her deposition on January 11, 2008, she did not remain to provide any testimony. See Exhibit D, Affidavit of Counsel. On each other occasion that her deposition has been scheduled, she has failed to attend. See id. Accordingly, the Defendants request that Ms. Cepeda be compelled to testify at her deposition.

   *WHEREFORE*: The Defendants City of Boston and Thomas Taylor, Jr. respectfully requests that this Honorable Court allow their motion.

Respectfully submitted,
DEFENDANTS, THOMAS TAYLOR, JR.
AND CITY OF BOSTON,

By their attorneys:

/s/ Helen G. Litsas
_____
Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090


Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617)635-4048


## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing and by postage prepaid, first class, U.S. Mail.

3/07/08          /s/ Helen G. Litsas

Date             Helen G. Litsas

3

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that I communicated with Plaintiff's Attorney, Andrew Stockwell-Alpert, regarding *Defendants Thomas Taylor and City of Boston's Motion To Compel*, and we were unable to narrow the issues.

3/07/08          /s/ Helen G. Litsas


Date             Helen G. Litsas

communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF SERVICE

| | |
|---|---|
| 1/7/2008 | 3 Northern Road, Malden, MA |
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Diana Cepeda | In-Hand |
| SERVED BY (PRINT NAME) | TITLE |
| John E. Gamel | Private Investigator |

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON   1/7/2008                        _John E. [signature]_
                    DATE                                    SIGNATURE OF SERVER

                                         1501 Beacon St; Brookline, MA
                                         ADDRESS OF SERVER

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the following:

Andrew Stockwell-Alpert                     Rudolph Miller & William Keefe
11 Beacon Street, Suite 1210                406 South Huntington Avenue
Boston, Massachusetts 02108                 Jamaica Plain, MA 02130

1/6/08      Helen G. Litsas
Date        Helen G. Litsas

3

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/12/2008 | Malden, MA |
| SERVED ON (PRINT NAME) | Tosca Clarke (boyfriend) | MANNER OF SERVICE: In-hand |
| SERVED BY (PRINT NAME) | John E. Gamel | TITLE: Private Investigator |

DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TUE AND CORRECT.

EXECUTED ON 1/10/2008
DATE

SIGNATURE OF SERVER

1501 Beacon St - Brookline, MA
ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce as they are kept in the usual course of business or shall organize and label the correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that privileged or subject to protection as trial preparation materials, the claim sh made expressly and shall be supported by a description of the nature o documents, communications, or things not produced that is sufficient to enabl demanding party to contest the claim.

communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/23/2008 | 3 Northern Road; Malden, MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Diana Cepeda | By leaving copy at her home, 3 Northern Road |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John E. Gamel | Private Investigator |

### DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON  1/23/2008
DATE

SIGNATURE OF SERVER

1501 Beacon St.; Brookline, MA
ADDRESS OF SERVER

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the following:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, Massachusetts 02108

Rudolph Miller & William Keefe
406 South Huntington Avenue
Jamaica Plain, MA 02130

1/7/08
Date           Helen G. Litsas

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
**Plaintiff**,

v.

THOMAS TAYLOR, Jr., and the CITY OF
BOSTON,
**Defendants**

## AFFIDAVIT OF HELEN G. LITSAS

I, HELEN G. LITSAS, on oath, do hereby depose the following:

1. I currently represent the Defendants, the City of Boston, and Thomas Taylor, Jr., in the above-captioned matter.

2. Over the past several months, the Defendants have scheduled Diane Cepeda's deposition on several occasions, but she has failed to appear and testify at her deposition.

3. Mrs. Cepeda's depositions have been scheduled for December 21, 2007, January 11, 2008, and January 24, 2008.

4. For each scheduled deposition, she was served with a deposition subpoena.

5. At no time has Ms. Cepeda complied with the subpoena and provided testimony.

6. While she initially appeared at City Hall for her deposition on January 11, 2008, she did not remain to provide any testimony.

7. On each other occasion that her deposition has been scheduled, she has failed to attend.

8. Recent attempts to contact Ms. Cepeda have been unsuccessful.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 7th DAY OF MARCH.

                                                     Helen G. Litsas
                                                     _____
                                                     /s/ Helen G. Litsas

2