UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,

Plaintiff,

v.

THOMAS TAYLOR, JR., and the CITY OF
BOSTON

Defendants.

## LUIS CARVALHO'S MOTION TO STRIKE DEFENDANTS' MOTION TO COMPEL WITNESS' LUIS CARVALHO'S DEPOSITION TESTIMONY OR IN THE ALTERNATIVE, TO DENY DEFENDANTS' MOTION

Non-party, Luis Carvalho ("Mr. Carvalho"), by and through his counsel, hereby **moves** this Court, pursuant to Federal Rules of Civil Procedure ("FRCP") 37(a)(2)(A) and Local Rules 7.1 and 37.1 to deny Defendants' motion for their failure to confer as required by the rules to narrow the issues between the parties. Alternatively, he **moves** for a denial of the motion for failure to state a claim upon which relief can be granted. Finally, if the court does not deny the motion, witness seeks an *in camera* hearing with his counsel for a determination of what information, if any, he cannot assert his 5th Amendment rights.

## DEFENDANTS' MOTION SHOULD BE DENIED FOR ITS FAILURE TO COMPLY WITH FRCP 37(a)(2)(A) and LOCAL RULES 7.1 AND 37.1

1. Pursuant to FRCP 37(a)(2)(A) and Local Rules 7.1 and 37.1, prior to the filing of **any** motion with the court, the parties are to confer so as to narrow the issues on which the court is to rule. The Federal and Local Rules are not merely procedural in nature, they are an edict on the parties to attempt to resolve any issues between them without having to resort to court prior to the filing of any motion. Defendants have never contacted counsel nor the witness regarding his testimony. Further, **the witness has never been given an opportunity to review his deposition testimony** so as to discuss which issues, if any, the Defendants believe he is not entitled to assert his 5th Amendment privileges; or, to discuss which deposition questions to which he has asserted his 5th Amendment privilege the Defendants believe should be answered because those answers will lead to discoverable, relevant information.

## DEFENDANTS MOTION SHOULD BE DENIED FOR ITS FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS DEFENDANTS HAVE NOT IDENTIFIED

B0514603256.1

## WHAT TESTIMONY, IF ANY, WILL LEAD TO DISCOVERABLE, RELEVANT AND GERMANE INFORMATION

**Alternatively,** Defendants' motion should be denied for their failure to state a claim upon which relief can be granted.

2. Mr. Carvalho, through his counsel, informed the Defendants prior to the deposition that he had appeared under oath in front of the Grand Jury and provided sworn testimony regarding the incident Defendants intended to depose him. Mr. Carvalho informed Defendants that he would be asserting his 5th Amendments privilege against self-incrimination in response to any deposition query that could subject him to criminal liability based upon his prior Grand Jury testimony.

3. Mr. Carvalho appeared, as ordered by the court, to the Defendants' deposition. At the commencement of the deposition on the record, Mr. Carvalho's counsel informed the Defendants that Mr. Carvalho would be asserting his 5th Amendment privilege since any deposition testimony he provided could subject him to criminal liability. Mr. Carvalho did rightfully assert his 5th Amendment privilege. Defendants inexplicably have failed to provide the court with the salient facts regarding the reasons and purposes that Mr. Carvalho asserted his 5th Amendment privilege. Information that is crucial to assist the court in issuing a just ruling on the motion.

4. The deposition was ended by Defendant with only one question pending. Defendants took the position during the deposition that Mr. Carvalho could not assert his 5th Amendment privilege against self-incrimination and refused to ask any other questions to Mr. Carvalho unless he stopped asserting the privilege. Mr. Carvalho, through his counsel, advised Defendants that he would continue to assert his privilege and that it would be in Defendants interest to put all of their questions on the record for the court's review. Defendants' refused to ask any other questions and the deposition was terminated.

5. Presently, from the deposition transcript (which the witness has not been provided) there is only one question pending to which the Defendants' have actually asserted that the witness may not assert his 5th Amendment privilege. All of this relevant information was not provided by Defendants to the court.

6. Mr. Carvalho contends that the pending question is neither relevant nor likely to lead to discovery of relevant and admissible information. Further, the Defendants have engaged in an intentional act of omission by not providing the court with the relevant facts and by not providing the witness with the deposition for his review. Therefore, for the foregoing reasons, Defendants' motion should be denied.

## IF THE COURT DOES NOT DENY DEFENDANTS' MOTION, MR. CARVALHO SEEKS AN *IN CAMERA* VOIR DIRE WITH HIS COUNSEL TO DETERMINE WHAT QUESTIONS HE CANNOT ASSERT HIS 5TH AMENDMENT PRIVILEGE

7. Defendants have attempted to make much of very little—Mr. Carvalho's broad assertion of his 5th Amendments Rights.

-2-

BOS14602561

- 3 -

8. Mr. Carvalho states that the reasons and purposes that he has asserted his 5th Amendment privilege falls squarely within the principles and reasoning that the Massachusetts Supreme Judicial Court has repeatedly stated a court must protect.

9. The Massachusetts Supreme Court has made it clear that an individual's right to assert his 5th Amendment privilege should be construed broadly by the courts. "A person's right to be free from self-incrimination is a fundamental principle of our system of justice, secured by the Fifth Amendment to the United States Constitution and by art. 12 of the Massachusetts Declaration of Rights." *Commonwealth v. Borans*, 388 Mass. 453, 455, 446 N.E.2d 703 (1983). The privilege should be construed liberally in favor of the claimant. (Internal citations omitted). [The Massachusetts Supreme Court] appl[ies] broad standards, consistent with Federal standards, in determining whether a claim of the privilege against self-incrimination is justified. *Commonwealth v. Martin*, 423 Mass. 496, 502, 668 N.E.2d 825 (Mass. 1996). See *Commonwealth v. Funches*, 379 Mass. 283, 289, 397 N.E.2d 1097 (Mass. 1979). Under these highly protective standards, "[a] witness may invoke his privilege against self-incrimination and refuse to testify unless it is perfectly clear that his testimony cannot possibly incriminate him." *Commonwealth v. Tracey*, 416 Mass. 528, 538, 624 N.E.2d 84 (Mass. 1993). See *Hoffman v. United States*, 341 U.S. 479, 488, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)." *In the Matter of the Enforcement of a Subpoena* 435 Mass. 1, 2, 753 N.E.2d 145 (Mass. 2001).

10. Whether Mr. Carvalho has properly asserted his 5th Amendment privilege is a question of law for the court. A witness (or deponent) must assert his 5th Amendment privilege broadly so he does not waive his privilege since it is utterly lost if it is waived. If an ordinary witness, not a party to a cause, voluntarily testifies to a matter of an incriminating nature, he waives his privilege against self-incrimination with regard to subsequent questions seeking related facts. U.S.C.A.Const. Amends. 5, 14; M.G.L.A. Const. pt. 1, art. 12. *Taylor v. Com.*, 338 N.E.2d 283 (Mass. 1975). Because a "witness, who has voluntarily testified in part on a matter tending to criminate him, cannot afterwards on cross-examination decline to answer a question upon the ground that it will criminate him" the court's intervention is required. *Commonwealth v. Price*, 76 Mass. 472 (Mass. 1858).

11. Indeed, the caselaw requires that Mr. Carvalho must broadly assert his privilege to avoid inadvertent waiver to protect his privilege against self incrimination. Even providing information on what an individual considers to be an unrelated topic could later on be determined to be a waiver of the privilege in its entirety. In *In re Desaulnier* 276 N.E.2d 278 (Mass. 1971), the Massachusetts Supreme Judicial Court ruled that "[w]here [a] witness, assisted and advised by counsel, has testified in proceedings or investigations obviously directed to subject matter of an inquiry or an issue later before a court and where prior testimony has been recorded by competent stenographer or has been written out in presence of witness, witness' privilege against self-incrimination is to be deemed waived to extent of subject matter of questions which he has answered if proceeding in which privilege is invoked is a probable, common, logical or natural continuation or outgrowth of proceeding or inquiry in which prior testimony has been given by the witness." The question that constitutes probable, common, logical or natural continuation or outgrowth occurs is a question of law solely for the court. Neither a witness, nor his counsel, can -- or should -- determine what query by the Defendants would cross that line.

12. While Mr. Carvalho contends that the Defendants' motion should be denied for either their failure to comply with the procedural rules FRCP 37(a)(2)(A) and Local Rules 7.1 and 37.1 or because they have not stated a case for which relief can be granted, if the court

BOS1460256.1

- 4 -

determines that a further inquiry is required, the witness requests an *in camera hearing* with his counsel present, to determine which deposition queries, if any, Mr. Carvalho cannot assert his 5th Amendment privilege. The court's intervention via an *in camera* voir dire is the only way that it can be made "perfectly clear that his testimony cannot possibly incriminate him." *In the Matter of the Enforcement of Subpoena* at 3.

WHEREFORE, MR. Carvalho respectfully requests that this Court:

A. DENY the Defendants' motion for their failure to comply with FRCP 37(a)(2)(A) and Local Rules 7.1 and 37.1;

B. DENY the Defendants' motion for its failure to state a claim upon which relief can be granted;

C. Alternatively, Mr. Carvalho requests that the court conduct an *in camera* voir dire of the witness with his counsel to determine what queries, if any, witness cannot assert his privilege;

D. Grant Mr. Carvalho his attorneys fees and costs incurred in connection with opposing this motion; and

E. Such other relief the Court deems mete and just.

Dated: March 24, 2008

**LUIS CARVALHO,**
By his attorney,

_____
A. Damien Puller, Esq.   BBO No. 633746
252 West St.
P.O. Box 461
Mansfield, MA 02048
(617) 803-1700

**CERTIFICATE OF SERVICE**

I, A. Damien Puller, do hereby certify that a copy of the above document was served by first-class mail upon City of Boston Law Department, City Hall, Room 615 via electronic filing on this 24th day of March, 2008.

_____
A. Damien Puller

BOS1460256.1