```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART,         )
    Plaintiff,                )
                              )
    v.                        )    C.A. No. 05-11803-MLW
                              )
THOMAS TAYLOR, Jr., ET AL.,   )
    Defendants.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                                April 7, 2008

Defendants took the deposition of nonparty witness Luis Carvalho on January 16, 2008. At that deposition, Carvalho was represented by counsel and asserted his Fifth Amendment right not to answer numerous questions. In a subsequent motion, the defendants argue that Carvalho asserted his Fifth Amendment privilege in response to questions when it did not apply, and, therefore, request that this court compel him to answer questions when the right clearly does not apply. Carvalho responded to this motion on March 26, 2008. The court will consider the motion at a hearing on April 16, 2008.

There is no question that "[e]ven as a non-party witness in a civil case, [Carvalho] was entitled to invoke his fifth amendment privilege against self-incrimination in the course of pretrial discovery." McIntyre's Mini Computer Sales Grp, Inc. v. Creative Synergy Corp., 115 F.R.D. 528, 529 (D. Mass. 1987) (Saris, M.J.).

The Fifth Amendment protects Carvalho from being compelled to answer any question if the answer "would furnish a link in the

1

chain of evidence needed to prosecute [him] for a . . . crime" and, therefore, "a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486 (1951).

This protection exists, however, only when "the witness has reasonable cause to apprehend danger from a direct answer." Id. Although the protection must "be accorded liberal construction in favor of the right it was intended to secure," id., "[i]t is . . . for the court, not the witness, to decide whether there is a genuine rather than a spurious danger of self-incrimination" and "[i]f it 'clearly' appears to the court that the witness is 'mistaken' or is advancing his or her claim as a subterfuge, the court should compel the witness to answer." In re Brogna, 589 F.2d 24, 27 (1st Cir. 1978).

"To exercise this discretion meaningfully, and to insure the protection of the rights of both the witness and the party seeking the witness's testimony, the court must ordinarily . . . consider the validity of an invocation of the privilege on a question-by-question basis." Cowans v. City of Boston, 2007 WL 28419 (D. Mass. 2007).

The court intends to evaluate at the April 16, 2008 hearing whether Carvalho has a "genuine, rather than a spurious" claim that answers to certain questions or lines of questioning posed at his

deposition are likely to "furnish a link in the chain of evidence needed to prosecute [him] for a . . . crime."

The court recognizes that requiring Carvalho to establish the "hazard of incrimination" associated with each question may endanger the very rights protected by the Fifth Amendment. See Hoffman, 341 U.S. at 486. However, this concern does not prevent some inquiry from the court as to the general basis of Carvalho's assertion of his Fifth Amendment protection. See McIntyre, 115 F.R.D. at 530-31; de Antonio v. Solomon, 41 F.R.D. 447, 449-50 (D. Mass. 1966). From an initial review of the deposition transcript and Carvalho's response to the defendants' motion, there appear to be several disparate grounds on which Carvalho is basing his claim of Fifth Amendment privilege. However, the general reasons why Carvalho objects to certain lines of questioning and which of his concerns apply to which questions asked by the defendant are not clear from either of these documents.

This is of some concern to the court especially because some of the grounds for Carvalho's assertion of his privilege may be more meritorious than others. For example, even if Carvalho is concerned about waiving his Fifth Amendment protections by answering limited questions, see generally Rogers v. United States, 340 U.S. 367 (1951) (noting that "where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details"), such a concern may not justify a

3

refusal to answer innocuous background questions. See McIntyre, 115 F.R.D. at 530 (noting that background questions likely did not "call for responses which would tend to furnish a link in the chain of criminal evidence against [the deponent]").

Therefore, it is hereby ORDERED that:

1.   Carvalho shall, by April 14, 2008, file a further written response that provides with respect to each question or line of questions that he declines to answer, page citations to the deposition transcript for those questions, "the grounds of his objection and, wherever possible without incrimination, in what respect a responsive answer may have a tendency to incriminate him." McIntyre, 115 F.R.D. at 531.

2. Carvalho and his counsel shall attend the previously scheduled hearing on April 16, 2008, at 9:30 a.m., and be prepared to answer any questions necessary for the court to determine whether Carvalho has properly invoked his Fifth Amendment rights concerning any or all of the deposition questions at issue.

                                                        /s/ Mark L. Wolf
                                                  UNITED STATES DISTRICT JUDGE