```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART,          )
     Plaintiff,                )
                               )
     v.                        )      C.A. No. 05-11803-MLW
                               )
THOMAS TAYLOR, Jr., ET AL.,    )
     Defendants.               )
```

                      MEMORANDUM AND ORDER

WOLF, D.J.                                          April 7, 2008

Defendants took the deposition of nonparty witness Carlos Fernandes on February 21, 2008. At that deposition, Fernandes asserted his Fifth Amendment right not to answer numerous questions. In a subsequent motion, the defendants argue that Fernandes asserted his Fifth Amendment privilege in response to questions when it did not apply and that he has waived his privilege with respect to certain lines of questioning. Therefore, defendants request that this court compel him to answer various questions. Fernandes has not responded to the defendants' motion. The court will consider the motion at a hearing on April 16, 2008.

There is no question that "[e]ven as a non-party witness in a civil case, [Fernandes] was entitled to invoke his fifth amendment privilege against self-incrimination in the course of pretrial discovery." McIntyre's Mini Computer Sales Grp, Inc. v. Creative Synergy Corp., 115 F.R.D. 528, 529 (D. Mass. 1987) (Saris, M.J.).

The Fifth Amendment protects Fernandes from being compelled to answer any question if the answer "would furnish a link in the

1

chain of evidence needed to prosecute [him] for a . . . crime" and, therefore, "a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486 (1951).

This protection exists, however, only when "the witness has reasonable cause to apprehend danger from a direct answer." Id. Although the protection must "be accorded liberal construction in favor of the right it was intended to secure," id., "[i]t is . . . for the court, not the witness, to decide whether there is a genuine rather than a spurious danger of self-incrimination" and "[i]f it 'clearly' appears to the court that the witness is 'mistaken' or is advancing his or her claim as a subterfuge, the court should compel the witness to answer." In re Brogna, 589 F.2d 24, 27 (1st Cir. 1978).  In addition, the privilege may be waived. See generally Rogers v. United States, 340 U.S. 367 (1951) (noting that "where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details").

"To exercise [its] discretion meaningfully, and to insure the protection of the rights of both the witness and the party seeking the witness's testimony, the court must ordinarily . . . consider the validity of an invocation of the privilege on a question-by-question basis." Cowans v. City of Boston, 2007 WL 28419 (D. Mass. 2007).

The court intends to evaluate at the April 16, 2008 hearing whether Fernandes has waived his privilege with regard to any questions and whether he has a "genuine, rather than a spurious" claim that answers to certain questions or lines of questioning posed at his deposition are likely to "furnish a link in the chain of evidence needed to prosecute [him] for a . . . crime."

The court recognizes that requiring Fernandes to establish the "hazard of incrimination" associated with each question may endanger the very rights protected by the Fifth Amendment. See Hoffman, 341 U.S. at 486. However, this concern does not prevent some inquiry from the court as to the general basis of Fernandes's assertion of his Fifth Amendment protection. See McIntyre, 115 F.R.D. at 530-31; de Antonio v. Solomon, 41 F.R.D. 447, 449-50 (D. Mass. 1966).

Therefore, it is hereby ORDERED that:

1. Fernandes shall, by April 14, 2008, file a written response that provides with respect to each question or line of questions that he declines to answer, page citations to the deposition transcript for those questions, "the grounds of his objection and, wherever possible without incrimination, in what respect a responsive answer may have a tendency to incriminate him." McIntyre, 115 F.R.D. at 531.

2. Fernandes, and his counsel if he is represented by counsel, shall attend the previously scheduled hearing on April 16, 2008, at

9:30 a.m., and be prepared to answer any questions necessary for the court to determine whether Fernandes has properly invoked his Fifth Amendment rights concerning any or all of the deposition questions at issue.

3. If Fernandes is not represented by counsel, the defendants shall serve him personally with a copy of this Order and their motion to compel.

/s/ Mark L. Wolf<br>
UNITED STATES DISTRICT JUDGE