UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHENIA DANCY-STEWART,           )
    Plaintiff,              )
                     )
    v.                      )          C.A. No. 05-11803-MLW
                     )
THOMAS TAYLOR, Jr., ET AL.,     )
    Defendants.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                          April 7, 2008

In this civil rights and tort case, the court-appointed administratrix of the estate of Eveline Barros-Cepeda brings suit against Boston Police Officer Thomas Taylor and the City of Boston following an incident in 2002 during which Officer Taylor allegedly fired into a car on Dunkel Street in Dorchester, Massachusetts, and Ms. Barros-Cepeda, a back-seat passenger in the car, subsequently died.

At a December 19, 2007 status conference in this matter, defense counsel informed the court that several witnesses to the 2002 incident had failed to appear for scheduled depositions. On December 27, 2007, therefore, the court granted the defendants' motion to compel the depositions of these witnesses. The December 27, 2007 ruling required nonparty witness Diane Cepeda to appear for a deposition at 11:00 a.m. on January 4, 2008. The Order further stated that "the witness[] listed . . . shall appear for his or her deposition at the time and date stated . . . [and any] failure to do so may be deemed a criminal and/or civil contempt."

It is not clear whether Ms. Cepeda was ever served with a deposition subpoena for a January 4, 2008 deposition or was served with a copy of the court's December 27, 2008 ruling on the motion to compel.  However, Ms. Cepeda was thereafter served in-hand with a subpoena requiring her deposition testimony on January 11, 2008. See Aff. of Helen Litsas at 1; January 7, 2008 Certificate of Service.

Although Ms. Cepeda appeared for her deposition on January 11, 2008, she did not remain to provide any testimony. See Aff. of Helen Litsas at 1.  Further attempts to reschedule Ms. Cepeda's deposition or to contact her were unsuccessful. Id.

The defendants have now requested that the court compel Ms. Cepeda to attend a to-be-scheduled deposition.  Federal Rule of Civil Procedure 45(e) states that "failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Here, nonparty witness Diane Cepeda has apparently not obeyed at least the subpoena requiring her deposition on January 11, 2008. Therefore, the court is now ordering Ms. Cepeda, pursuant to Federal Rule of Civil Procedure 37, to attend a deposition to be scheduled by the defendants prior to April 16, 2008.

If Ms. Cepeda fails to appear at her scheduled deposition, a hearing will be conducted at which she must show cause why she should not be held in civil and/or criminal contempt because of her

failure to appear and give testimony at any of her scheduled depositions.

Accordingly, it is hereby ORDERED that:

1.  By April 10, 2008, defendants shall personally serve on Ms. Cepeda a copy of this Order and a subpoena rescheduling her deposition to a date prior to April 16, 2008.

2.  The defendants shall, by April 11, 2008, file a certification that  Ms. Cepeda has been served personally or explain what alternative service has been made.

3.   Ms. Cepeda shall appear for her deposition at the time and place stated by the defendants in the subpoena to be issued. Any failure to appear as ordered in the subpoena may be deemed a civil and/or criminal contempt.

4.   The defendants shall, before April 16, 2008, report to the court whether Ms. Cepeda has appeared for her deposition and answered all appropriate questions.

5.   Ms. Cepeda shall attend a hearing on April 16, 2008, at 9:30 a.m., in Courtroom 10 of the John J. Moakley Courthouse.  If she has not appeared for her deposition and answered all appropriate questions, the court will address whether she should be held in civil and/or criminal contempt for her failure to

provide deposition testimony in this case.


        /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE