UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA
    Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
    Defendants.

## CERTIFICATION OF IN-HAND SERVICE UPON DIANA CEPEDA

I, Evan Ouellette, as counsel for the Defendants, City of Boston and Thomas Taylor, do hereby certify that on April 7, 2008, at approximately 4:20 p.m., Diana Cepeda was personally served in-hand with 1) Subpoena for Testimony and Subpoena Duces Tecum to Diana Cepeda which requires that she appear at her deposition to be held on April 11, 2008, and 2) J. Wolf's April 7, 2008 Memorandum and Order regarding Defendants' Emergency Motion to Compel. The Proof of Service of said documents is attached hereto as **Exhibit 1**.[1]

    Respectfully submitted,
    DEFENDANTS, CITY OF BOSTON and
    THOMAS TAYLOR

    William F. Sinnott
    Corporation Counsel
    By its attorneys:

    /s/ Evan C. Ouellette_____
    Evan C. Ouellette, BBO # 655934
    Helen G. Litsas, BBO# 644848
    Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, City Hall
    Boston, MA 02201

Date: April 8, 2008

---

[1] The attached Proof of Service is erroneously dated March 7, 2008. The actual date of in-hand service upon Diana Cepeda was April 7, 2008.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a true copy of the attached document via electronic filing and served a true copy of the attached document by fax and mail upon:

Andrew Stockwell-Alpert
11 Beacon Street, Suite 1210
Boston, MA 02108


/s/ Evan C. Ouellette
Evan C. Ouellette
Assistant Corporation Counsel


Date: April 8, 2008

## PROOF OF SERVICE

| | | |
|---|---|---|
| **SERVED** | DATE 3/7/2008 | PLACE 40 Drummond Cir., Carlisle, MA |
| **SERVED ON (PRINT NAME)** | Diana Cepeda | **MANNER OF SERVICE** In-hand Subpoena and USDJ Wolf's 3/7/2008 Order |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

### DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

EXECUTED ON 3/7/2008
DATE

SIGNATURE OF SERVER

Washington St - #332
ADDRESS OF SERVER
Brookline, MA 02445

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce as they are kept in the usual course of business or shall organize and label the correspond with the categories in the demand,
(2) When information subject to a subpoena is withheld on a claim that privileged or subject to protection as trial preparation materials, the claim sh made expressly and shall be supported by a description of the nature o documents, communications, or things not produced that is sufficient to enabl demanding party to contest the claim.