UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STWEART as
Administratrix of the Estate of
EVELINE BARROS-CEPEDA

Plaintiff,

v.

THOMAS TAYLOR, JR., and the
CITY OF BOSTON

Defendants.

## MR. CARVALHO'S RESPONSE TO THE COURT'S ORDER NUMBER 105

Now comes, Luis Carvalho, Third Party Witness, and responds to the Court's Order Document No. 105 as follows:

I

### PRELIMINARY STATEMENT

Mr. Carvalho states that in accordance with the Court's Order he will to the best of his ability comply with the edict of the court and attempt to identify in each instance the deposition questions that he must continue to assert his Fifth Amendment rights against self-incrimination and each deposition question that he can comply to with waiving his Fifth Amendment rights. However, Mr. Carvalho objects to the Court's Order to the extent that complying with that Order will cause him to waive the very rights is he has asserted as a response to each query may expose him to possible criminal and civil liability.

Further, Mr. Carvalho's response to the Court's Order is not a waiver of any of the Fifth Amendment Rights he has asserted or will continue to assert in this matter.

In an effort to comply with the Court's Order, Mr. Carvalho has not listed each query to which he has asserted his Fifth Amendment Rights during the deposition. Instead, Mr. Carvalho has attempted to identify, with particularity, only each query that he must continue to assert his Fifth Amendment Rights.

To the extent that Mr. Carvalho has not included certain deposition inquiries in this response, such exclusion is not a waiver of Mr. Carvalho's right to assert his Fifth Amendment Rights if such response would result in the loss of his constitutional privilege.

## RESPONSE TO COURT'S ORDER TO IDENTIFY THE DEPOSITION QUESTIONS THAT MR. CARVALHO ASSERTS HIS FIFTH AMENDMENT RIGHTS

Below Mr. Carvalho identifies the following deposition queries that he continues to assert his Fifth Amendment Rights because a response to these queries may require Mr. Carvalho to provide materially different answers to other inquiries that Mr. Carvalho provided under oath at criminal or other civil proceedings, thereby subjecting him to possible perjury charges. Finally, Mr. Carvalho states that if the Court Orders that he respond to the following deposition questions, his responses may constitute a violation of the terms of his federal parole.

| Page and Line | Deposition Question |
|---|---|
| Page 44, Line 15 | Do you recall at any point on the evening of September 8, 2002, going to the corner of Jerome Street and Cushing Avenue in Roxbury? |
| Page 44, Line 19 | What were you doing at the corner of -- the corner of Jerome and Cushing? |
| Page 45, Line 3 | Do you recall seeing Carlos Fernandes exit the vehicle in which – exit a Ford Taurus at the corner of Jerome and Cushing Avenue on September 8, 2002? |
| Page 45, Line 13 | Did you see Carlos Fernandes have a firearm while in the Ford Taurus on September 8, 2002? |
| Page 45, Line 17 | Did you see Carlos Fernandes shoot a firearm while at the corner of Jerome and Cushing on September 8, 2002? |
| Page 45, Line 24 | Who was driving the Ford Taurus at the corner of Cushing Avenue and Jerome on September 8, 2002? |
| Page 46, Line 5 | Did you see Carlos Fernandes get back into the Ford Taurus? |
| Page 46, Line 11 | Did you see whether Carlos Fernandes had a firearm? |
| Page 46, Line 16 | Did you at some point go onto Columbia Road? |

| | |
|---|---|
| Page 46, Line 22 | Back on the record. Do you recall what you did on the evening of September 8, 2002? |
| Page 47, Line 22 | Do you recall where you went that evening with those individuals? |
| Page 48, Line 3 | Back on the record. I'll pose another question. Did you have a plan as to what to do that evening? |
| Page 48, Line 7 | Who did that plan involve? |
| Page 48, Line 9 | Were there any other individuals involved in that plan as to what you were going to do that evening? |
| Page 48, Line 16 | Did that plan involve using any drugs? |
| Page 48, Line 18 | Did that plan involve using a firearm? |
| Page 50, Line 11 | Did you observe Carlos Fernandes get into a Ford Taurus that evening? |
| Page 54, Line 1 | Where were you going that evening? |
| Page 58, Line 22 | Were you ever asked to testify before a Grand Jury regarding this incident? |
| Page 59, Line 1 | Did you ever testify before a Grand Jury regarding this incident? |
| Page 66, Line 20 | On September 8, 2002, were you involved in a shooting on Cushing Avenue? |
| Page 67, Line 1 | On September 8, 2002, did you see a shooting take place on Cushing or Jerome Avenue in Roxbury? |
| Page 67, Line 5 | Did you observe Brima Wurie leave the scene of a shooting that took place on Cushing Avenue in Roxbury? |
| Page 67, Line 9 | Did you participate in any shooting that took place on Cushing Avenue in Roxbury? |
| Page 67, Line 13 | Were you in a Ford Taurus that left the scene after a shooting that took place on Cushing Ave. in Roxbury on September 8, 2002? |
| Page 67, Line 19 | Who was at the scene of a shooting that took place on September 8, 202 at Cushing Avenue? |
| Page 67, Line 22 | Please identify all of the individuals who witnessed any shooting that took place at Cushing Avenue on September 8, 2002? |
| Page 68, Line 2 | Who was the target of a shooting that took place on September 8, 2002 on Cushing Avenue? |
| Page 68, Line 5 | Was anyone shot on Cushing Avenue on September 8, 2002? |
| Page 68, Line 8 | Please identify each and every person who possessed a firearm at Cushing Avenue on September 8, 2002? |
| Page 68, Line 12 | Please identify each and every person who used a firearm on Cushing Avenue on September 8, 2002? |
| Page 68, Line 22 | Were any other vehicles struck during the shooting on Cushing Avenue on September 8, 2002? |
| Page 69, Line 1 | Were any home struck with bullets during the shooting that took place on September 8, 2002? |
| Page69, Line 4 | Did you observe anything, did you observe any vehicles struck during the shooting on September 8, 2002, on Cushing Avenue |
| Page 69, Line 10 | Did you observe any homes get struck with bullets during the shooting on September 8, 2002, at Cushing Avenue? |
| Page 69, Line 14 | Did you observe anyone get struck, any person get struck whit a bullet on |

## ARGUMENT

The Supreme Court held that the Fifth Amendment's privilege against self-incrimination protects against evidence that would provide "a link in the chain of evidence needed to

| Page 69, Line 18 | Did you observe any person use a firearm on September 8, 2002, on Cushing Avenue? |
| --- | --- |
| Page 69, Line 21 | Did you observe any person in possession of a firearm on Cushing Avenue on September 8, 2002? |
| Page 69, Line 24 | Did you observe any person in possession of ammunition on Cushing Avenue on September 8, 2002? |
| Page 70, Line 14 | Do you know who was driving the vehicle as it exited Cushing Avenue on September 8, 2002? |
| Page 70, Line 17 | Do you know who was operating the Ford Taurus while it was on Columbia road on September 8, 2002? |
| Page 70, Line 21 | Do you recall what speed the Ford Taurus was traveling at while it was on Cushing Avenue on September 8, 2002? |
| Page 71, Line 1 | Do you recall who was driving the Ford Taurus while it was on Jerome Street on September 8, 2002? |
| Page 71, Line 5 | Do you recall what speed it was traveling on Jerome Street? |
| Page 71, Line 8 | Do you recall who was driving the vehicle on Quincy Avenue on September 8, 2002? |
| Page 71, Line 11 | Did you observe what speed it was traveling? |
| Page 71, Line 13 | Did you observe who was operating the vehicle on Hancock Street on September 8, 2002? |
| Page 71, Line 17 | Do you recall what speed it was traveling on Hancock Street? |
| Page 71, Line 20 | At what point did you observe a police cruiser behind the Ford Taurus? |
| Page 71, Line 19 | At what speed was the Ford Taurus traveling on Dunkeld Street? |
| Page 71, Line 22 | Do you recall the Ford Taurus turning onto Dunkeld Street? |
| Page 82, Line 10 | In September 8, 2002, on September 8, 2002 were you a member of any gang? |
| Page 82, Line 13 | Was the shooting that took place on Cushing Avenue on September 8, 2002, gang related in any way? |
| Page 82, Line 17 | Was the – any person who possessed a firearm on Cushing Avenue on September 8, 2002, a member of a gang? |
| Page 82, Line 22 | Have you been involved in a gang since September 8, 2002? |
| Page 83, Line 22 | Are you aware of any investigation that took place into the death of Eveline Barros-Cepeda |
| Page 84, Line 5 | Are you aware of any investigation into shooting that occurred on Cushing Avenue on September 8, 2002, prior to the death of Eveline Barros-Cepeda? |
| Page 84, Line 13 | Were you involved in any way into any investigation into the shooting that took place on Cushing Avenue on September 8, 2002? |

prosecute." Malloy v. Hogan, 378 U.S. 1, 11 (1964). A party asserting such a privilege must demonstrate a "nexus" between the information sought and the potential for criminal liability. Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981).

Mr. Carvalho has attempted to identify each deposition question (and its related question) that requires him to assert his Fifth Amendment Rights to protect himself from self-incrimination. If Mr. Carvalho is required to respond to any of the above-listed deposition questions, it will pose a clear danger of exposing him to the possibility of criminal and/or civil prosecution.

Mr. Carvalho states that the Statute of Limitations has not run on the criminal and/or civil liability to which he may be exposed, that testifying on these issues would likely result in such prosecution, and may constitute a violation of his parole conditions.

In addition, Mr. Carvalho states that the assertion of his Fifth Amendment Rights does not hinder Plaintiff's case or Defendants' ability to defend themselves as Mr. Carvalho can testify to his observations at the time of the death of Angela Cepeda-Barros.

**Wherefore**, Mr. Carvalho moves the Court for the following **Protective Order:**

A. Barring all counsel from requiring Mr. Carvalho to respond to the deposition questions above;

B. Requiring that Mr. Carvalho's only answer the deposition questions presently on the record;

C. Stating Mr. Carvalho's deposition will be deemed concluded after he answers all other unrelated questions in the subject deposition transcript;

D. That Mr. Carvalho's complying with the Court's Orders (and response to any deposition question) does **not** constitute a waiver of his Fifth Amendment Rights.

E.  Grant Mr. Carvalho all of the costs associated in the filing of his motion and responding to the Court's Order; and

F.  Such further relief as the Court deems mete and just.

Respectfully submitted,

LUIS CARVALHO
By his attorney,

/s/ A. Damien Puller
_____
A. Damien Puller, Esq.
252 West St.
P.O. Box 461
Mansfield, MA 02048
(617) 803-1700

DATED: April 15, 2008

CERTIFICATE OF SERVICE

I, A. Damien Puller, hereby certify that, this 15th day of April, 2008, I sent a copy of the above document by electronic mail to all counsel at their e-mail addresses of record.

/s/ A. Damien Puller
_____
A. Damien Puller

L.R. 7.1 Certification

Counsel certifies that he has conferred and has attempted in good faith to resolve or narrow the issue.

/s/ A. Damien Puller
_____
A. Damien Puller