UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 05-11803-MLW

SHENIA DANCY-STEWART as
Administratrix of the Estate of EVELINE
BARROS-CEPEDA,
       Plaintiffs,

v.

THOMAS TAYLOR, Jr., and the CITY
OF BOSTON,
       Defendants.


**DEFENDANT CITY OF BOSTON'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT[1]**

I.     **INTRODUCTION**

The Defendant, City of Boston, hereby moves for summary judgment because discovery produced no facts to support actionable claims against it. In her Third Amended Complaint, the Plaintiff alleges the following claim against the City of Boston: (1) Count V- Survival Action. The City moves for summary judgment because the Plaintiff has failed to satisfy the requisite elements of her claim.[2]

II.     **ARGUMENT**

A.     **THE CITY OF BOSTON IS ENTITLED TO SUMMARY JUDGMENT BECAUSE NO GENUINE ISSUE OF MATERIAL FACT EXISTS WITH RESPECT TO PLAINTIFF'S CLAIMS.**

Pursuant to Fed. R. Civ. P. 56(b), a party against whom a claim is asserted may, at

---

[1]   The Defendant, City of Boston, hereby incorporates <u>Defendants Thomas Taylor and City of Boston's Local Rule 56.1 Statement Of Facts And Supporting Documentation.</u>

[2]   The Plaintiff recently voluntarily dismissed Count III, the other remaining claim asserted against the City of Boston in her Third Amended Complaint. Accordingly, the only claim that remains against the City is Count V.

anytime, move for a summary judgment in the party's favor. If the Defendant's "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," the Defendant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Pure Distrib., Inc. v. Baker, 285 F.3d 150 (1st Cir. 2002). Summary judgment is appropriate when Plaintiff fails to show sufficient evidence to establish an essential element of his case on which he bears the burden of proof. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999).

**B.    THE PLAINTIFF'S CLAIM IN COUNT V IS NOT ACTIONABLE.**

In Count V, the Plaintiff asserts a claim entitled, "survival action" against the City in which she seeks to recover "expenses for the medical treatment [Ms. Baros-Cepeda] received prior to death" and for the "conscious pain and suffering" endured by Ms. Barros-Cepeda. This "survival action" must be dismissed because (1) this Court lacks jurisdiction, (2) there is no viable underlying tort action which Plaintiff could assert against the City to support her claim and (3) there is no cognizable evidence of conscious pain and suffering.

**1.    This Court Lacks Jurisdiction Of Count V.**

A "survival action" is not, in and of itself, an independent cause of action. Rather, a survival action describes a category of claims which, under the "Massachusetts Survival Statute," G.L. c. 228, § 1, survive the death of the claimant. M.G.L. c. 228, § 1 states in pertinent part:

> In addition to the actions which survive by the common law, the
> following shall survive:- Actions of tort (a) for assault, battery,
> imprisonment or other damage to the person; (b) for consequential
> damages arising out of injury to the person and consisting of expenses
> incurred by a husband, wife, parent or guardian for medical, nursing,
> hospital or surgical services in connection with or on account of such
> injury.

M.G.L. c. 228, § 1

Dismissal of this state claim is warranted in the event that this Court concludes that summary judgment should enter on the Plaintiff's alleged federal claims against Defendant Officer Taylor. "[I]t is the settled rule in this Circuit that in a non-diversity case, where pendent state claims are joined with a federal cause of action and that federal cause of action is the subject of a successful summary judgment motion, the pendent state claims should be dismissed." Cullen v. Mattaliano, 690 F. Supp. 93, 99 (D. Mass.1988); accord St. Hilaire, 885 F.Supp. at 358 (dismissing plaintiff's state law claims after granting summary judgment to defendants on section 1983 claims). Accordingly, should the federal claims be dismissed, so should the Plaintiff's remaining state claim against the City. See 28 U.S.C. § 1367(c) (1998).

### 2. The MTCA Bars the Plaintiff's Claim In Count V As An Intentional Tort.

Dismissal of the Plaintiff's claim is also warranted on other grounds. To the extent that an intentional tort theory supports the Plaintiff's survival claim, such a claim is not viable against the City because the Massachusetts Tort Claims Act ("MTCA") specifically exempts municipalities from liability stemming from intentional tort claims. M.G.L. c. 258 §10(c) explicitly states that municipalities shall be exempt from liability for "any claim arising out of an intentional tort, including assault, battery … [or] intentional mental distress." M.G.L. c. 258 §10(c); Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285 (1985). Accordingly, Count V should be dismissed.

### 3. The Plaintiff's Claim In Count V As A Negligence Claim Is Also Barred.

To the extent that Count V is grounded in negligence, its dismissal is also warranted because this Court has already ordered that the Defendants need not consider negligence as a basis for municipal liability. See ECF Document No. 134, filed 5/19/08.

Although Count V was briefly dismissed along with Count III (Plaintiff's 42 U.S.C. § 1983 against the City of Boston), Plaintiff's Motion to Reinstate Claims (EFC Document No. 133, filed 5/19/08) successfully resurrected Count V.  In this Court's May 20, 2008 Order (ECF Document No. 134, filed 5/19/08) allowing Plaintiff's motion, the Court explained as follows:

> The court notes that in her motion for reinstatement, the plaintiff references "negligence" as a possible basis for relief against the City. Prior Complaints, including the Second Amended Complaint filed September 5, 2006, contained a "Negligence" claim against the City (Second Amended Complaint, Count IX) and a "Gross Negligenge" claim against the individual defendant, Thomas Taylor. However, the plaintiffs omitted these claims from their Third Amended Complaint, which will be the subject of the forthcoming motions for summary judgment. Therefore, in their motions for summary judgment, the defendants need only address the claims included in the Third Amended Complaint, but *need not address* Count III of that Complaint, which has now been dismissed or *negligence as a basis for potential liability*" (Emphasis added).

Given this Order, the City need not treat Count V as a negligence claim.  Accordingly, without the requisite underlying cause of action, Count V is not viable.

### 4.  The Plaintiff's Claim In Count V As A Conscious Pain And Suffering Claim Is Also Barred.

To the extent that the Plaintiff seeks to asserts Count V as a conscious suffering claim under the Massachusetts Wrongful Death Statute, M. G.L. c. 229, § 6, this claim is barred. Although there appears to be minimal case law on the issue, a plain reading of M.G.L. 229, §6 demonstrates that a claim for pain and suffering damages incurred by a decedent as a result of an act which caused the decedent's death is to be brought under § 6 of the Wrongful Death Statute and not as a separate M.G.L. 228, §1 "survival action."  See M.G.L. 229, §6, See also Lyon v. Triram Corp., 18 Mass.L.Rptr. 419, 2004 WL 2451408, *5 (Mass. Super. 2004).

To the extent that such a claim is based on a negligence theory, it is also barred.  See supra at Section B (3).  To the extent that the Plaintiff seeks to establish the decedent's conscious suffering under G.L. c. 229, § 6, the Plaintiff must demonstrate the decedent's conscious

suffering with cognizable proof beyond mere surmise. See Baldassare v. Crown Furniture Co., 349 Mass. 183 (1965). Here, the Plaintiff has failed to adduce any admissible evidence demonstrative of the decedent's awareness prior to her death.

The Plaintiff has offered no evidence of the decedent's actual expression that have been present in other cases. See, e.g. Boutlier v. Malden, 226 Mass. 479, 488 (1917); Battany v. Wall, 232 Mass. 138, 140-141 (1919); Allison v. Sessa, 302 Mass. 302, 303-304 (1939). The Plaintiff must provide evidence of consciousness that is sufficiently cogent to remove the issue from the realm of speculation. Baldassare v. Crown Furniture Co., 349 Mass. 183, 189, 195 (1965); Melnik v. Perwak, 295 Mass. 512, 513 (1936). Even evidence of an individual moaning and groaning and movements of the head and lips "are equally consistent with consciousness and unconsciousness" and hence, such evidence, standing alone, is legally insufficient. Allison v. Sessa, 302 Mass. 302, 303–304 (1939).

Here, the undisputed evidence establishes that he decedent was not conscious following the shooting. There is no evidence of the decedent's consciousness following the shooting. The decedent's fellow passenger in the vehicle, for example, acknowledged that he heard no expression whatsoever from the decedent. See L.R. 56.1 SOF ¶ 81. Additionally, when Officer Flaherty observed the decedent immediately after shots were fired, the decedent appeared unconscious. See L.R. 56.1 SOF ¶ 85. Accordingly, the Plaintiff cannot establish the decedent's conscious pain and suffering.

Therefore, regardless of which underlying theory the Plaintiff may use to support her "survival action" against the City, this claim must fail as a matter of law.

III.    **CONCLUSION**

Based on the foregoing reasons, the City requests that summary judgment enter in its favor on all counts of the Plaintiff's Complaint with prejudice.

**DEFENDANT REQUESTS ORAL ARGUMENT FOR THIS MOTION**

Respectfully submitted,
DEFENDANT CITY OF BOSTON,


By its attorneys:



/s/ Helen G. Litsas
_____
Helen G. Litsas #644848
Special Assistant Corporation Counsel
Hollett Building
38 Main Street
Saugus, MA 01906
(781) 231-8090


/s/ Evan Ouellette
Evan C. Ouellette, BBO # 655934
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617)635-4048


**CERTIFICATE OF SERVICE**

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon lead plaintiff's counsel, Andrew Stockwell-Alpert, by electronic filing and by postage prepaid, first class, U.S. Mail.


6/2/08          /s/ Helen G. Litsas
_____          _____
Date             Helen G. Litsas