UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENIA DANCY-STEWART as Administratrix of the Estate of EVELINE BARROS-CEPEDA,<br>       Plaintiff<br><br>v.<br><br>THOMAS TAYLOR, Jr.<br>       Defendant | Civil Action<br>No.0511803MLW |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FACTS

The plaintiff wonders whether the "Motion to Strike Facts" is a harbinger of a new trend in motion practice or simply a novel attempt to usurp the fact-finding function of the jury in civil cases by a defendant who is unhappy about the existence of real, unadulterated material facts that render summary judgment wholly inappropriate. Plaintiff is unaware of any legal basis or authority for the filing of a Motion to Strike Facts. The defendant had ample opportunity to raise the issues raised in this "Motion" in his Reply Brief but failed to do so. The defendant has also failed to cite any Federal rule or case that supports the use of a Motion to Strike in this fashion. What he has put before the Court is nothing more than a blatant, transparent effort to rid the proceedings of material, properly stated facts grounded in the discovery materials because they cut against him and raise genuine issues that must be tried. Unlike many of the distorted and manipulated facts the defendant has proffered in his Motion for Summary Judgment, every one of the facts about which he complains are rooted in the evidence gathered during discovery. Like it or not, summary judgment is not decided solely on what the moving party has decided are the undisputed facts in a case.

The plaintiff believes that the defendant's motion is so patently frivolous and vexatious as to warrant an award of costs and fees under Fed.R.Civ.P. Rule 11. Recognizing that the Court might disagree, however, the following specific comments are offered simply to illustrate plaintiff's point.

1. On page 2 of the defendant's Motion to Strike, defendant complains that plaintiff disputes paragraphs 44 through 47 by noting that Wurie testified that he did not hit Paillant. Whether the defendant likes it or not, this is a fact. While defendant may dispute it, there is no basis whatsoever for it to be stricken. If there is a credibility issue, even if it is entirely implausible given the other evidence, it is for the jury and not the judge to decide.

2. On page 3 of the defendant's Motion to Strike, defendant misconstrues the elements of the Massachusetts state law crime of assault and battery with a dangerous weapon. In Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001), the Supreme Judicial Court heldonly that "when an object which is not dangerous per se…is alleged to be a dangerous weapon," the question for the fact finder "[is] whether the object, as used by the defendant, is capable of producing serious bodily harm." (emphasis added).

3. On page 4 of the defendant's Motion to Strike, defendant emphasizes Taylor's "perception." As plaintiff already stated in her memorandum, the test under the Fourth Amendment is one of objective reasonableness and the Officer's perception is irrelevant to the analysis.

4. On page 4 of the defendant's Motion to Strike, defendant states that the view of the facts that concludes this was an accident is implausible. They do not state why and in point of fact, it is entirely plausible based on the record. Again, in the end, there is absolutely no basis for this argument in a Motion to Strike.

5. On page 4 of the defendant's Motion to Strike (and throughout), defendant complains that plaintiff disputes things simply to debate semantics. This is perhaps the most infuriating and disingenuous tactic of all. The Defendant has so colored the facts throughout their Summary Judgment Motion that plaintiff was forced to sift through and separate the facts supported by the record from those he had manipulated.

6. On page 5 of the defendant's Motion to Strike, defendant wants to strike Travo Carter's testimony regarding his belief that Wurie didn't want to hit Paillant on admissibility grounds. This is what a Motion in Limine or an objection at trial is for. As for the larger context of Carter's testimony, defendant's argument actually reinforces the plaintiff's proposition that the facts in this case are so varied (not only from witness to witness, but even as recounted by each witness) that the case must go to trial and cannot be decided on summary judgment.

7. On page 6 of the defendant's Motion to Strike, defendant invokes the admissibility argument to have the testimony of plaintiff's ballistics expert stricken. Defendant refers to a newspaper diagram as the basis of the expert's testimony but omits to mention that defendant himself provided the plaintiff with the original diagram of the trajectory of the bullets complete with numbers prepared by the homicide investigation unit. That was the diagram that formed the basis of the newspaper article that clearly will not be part of plaintiff's trial evidence.

8. The plaintiff cannot fathom how the then existing Boston Police Department Rule 303 regarding shooting at a moving vehicle is not admissible but, even if the Court makes such a ruling at that time after hearing argument, a Motion to Strike is not the proper vehicle for doing so.

9. There are two places in the defendant's Motion to Strike, where he claims that the exhibit cited does not support the fact asserted (see page 6 (referring to plaintiff's

Statement of Facts 2.10) and page 8 (referring to plaintiff's Statement of Facts 2.22)). With respect to the first, the defendant is entitled to question the bases of the expert's opinion at trial but his statement in the record does support his opinion. With respect to the latter, it seems to plaintiff that there is complete substantiation for this fact in the record.

The plaintiff has consistently and scrupulously followed the dictates of Fed.R.Civ.P. Rule 56 without any disingenuousness by pointing out disputes in the record over what occurred that night. Because of the manner in which so many of defendant's alleged facts were distorted and manipulated, plaintiff was compelled to spend many hours disentangling the actual facts from each paragraph in which they were set forth. Now the defendant is suggesting that the Court disregard material facts and decide his Motion for Summary Judgment solely on his litany of alleged facts.

Based on the aforesaid, the plaintiff requests that the Court deny the Defendant's Motion and award her the costs and attorney's fees she has incurred in preparing this Opposition pursuant to Rule 11.

Respectfully submitted

_____
Andrew Stockwell-Alpert
11 Beacon Street–Suite 1210
Boston, MA 02108
(617) 720-4244
BBO #481190

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 8/4/08.